UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SONICWALL, INC.,<br><br>　　　　　　Defendant. | Case No.17-cv-04467-BLF　(VKD)<br><br>**ORDER RE AUGUST 17, 2018 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 82 |

On August 17, 2018, the parties submitted a joint discovery letter regarding a dispute concerning plaintiff Finjan, Inc.'s ("Finjan") inadvertent production of email communications to defendant SonicWall, Inc. ("SonicWall"). Dkt. No. 82. The parties ask the Court to resolve the following disputes:

1. Whether the attorney-client privilege or attorney work product doctrine protects Finjan's communications;
2. Whether Finjan waived its privilege or work product protection; and
3. Whether SonicWall used the communications in violation of Federal Rule of Civil Procedure 26(b)(5)(B).

The Court held a hearing on the matter on September 4, 2018. Dkt. No. 86.

Having considered the parties' submissions and the arguments of counsel at the hearing, the Court finds that the email communications at issue are privileged and that Finjan did not waive the privilege. The Court therefore denies SonicWall's request to compel production of the email communications. As discussed further below, the Court does not reach the question of whether SonicWall has violated Rule 26(b)(5)(B).

## I. BACKGROUND

Finjan holds patents directed to network security software. Dkt. No. 1 ¶¶ 8-38. According to the complaint, Finjan and SonicWall began discussing a license to Finjan's patents in June 2014. *Id.* ¶ 39. The parties exchanged written communications in July and September 2014, followed by in-person meetings in October 2014, February 2015, June 2016, and October 2016. *Id.* ¶¶ 40-43. Ultimately, SonicWall declined to take a license to Finjan's patents. *Id.* ¶ 44. Finjan filed this action for patent infringement against SonicWall on August 4, 2017. *See generally* Dkt. No. 1. Among other relief, Finjan seeks treble damages for willful infringement pursuant to 35 U.S.C. § 284. *Id.* ¶¶ 72, 90, 106, 123, 140, 158, 170, 189, 206, 224, Prayer for Relief at D.

On October 13, 2017, SonicWall moved to dismiss the complaint for failure to state a claim for willful infringement, arguing that Finjan had not pled any "egregious" behavior required for a finding of willfulness. Dkt. No. 26. The Court denied SonicWall's motion, finding that Finjan had pled sufficient facts from which it could be inferred that SonicWall had engaged in disingenuous licensing negotiations, including alleging that "[a]t no time did [SonicWall] provide any explanation as to how any of the Accused Products do not infringe any of the Asserted Patents." Dkt. No. 73 at 5–6 (citing Dkt. No.1 ¶ 44)).

During discovery, Finjan inadvertently produced email communications to SonicWall that Finjan says contain attorney-client privileged communications and protected attorney work product. Dkt. No. 82 at 1. Upon discovering the inadvertent production, Finjan asked SonicWall to return and not use the email communications. *Id.* at 6. The parties dispute whether Finjan may withhold the email communications as privileged or whether they must be produced to SonicWall. In addition, the parties dispute whether SonicWall improperly used the email communications in settlement discussions after receiving notice from Finjan that the production was inadvertent.

## II. LEGAL STANDARD

As a general matter, "[a] party is not entitled to discovery of information protected by the attorney-client privilege." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Wharton v. Calderon*, 127 F.3d 1201, 1205

(9th Cir. 1997)). The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients . . . ." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege applies only where the communication concerns legal advice sought from an attorney in his or her capacity as a professional legal advisor, and where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed. *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) (citing 8 J. Wigmore, *Evidence* § 2292 at 554). The privilege extends to both the substance of the client's communication and the attorney's advice in response. *Id.* The party claiming the privilege has the burden to establish that it applies. *See United States v. Martin,* 278 F.3d 988, 999–1000 (9th Cir. 2002).

The attorney work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. A party representative includes the party's attorney, consultant, or agent. *Visa U.S.A., Inc. v. First Data Corp.*, No. C-02-1786 JSW, 2004 WL 1878209, at *5 (N.D. Cal. Aug. 23, 2004) (citing *In re Grand Jury Subpoena (Mark Torf/Torf Envt'l Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004); Fed. R. Civ. P. 26(b)(3)). The doctrine aims to balance the "promotion of an attorney's preparation in representing a client" and "society's general interest in revealing all true and material facts to the resolution of a dispute." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1375 (Fed. Cir. 2007) (citation and quotation marks omitted), *overruled on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 126 S. Ct. 1923 (2016). A party asserting the work product doctrine bears the burden of demonstrating that the protection applies. *See, e.g.*, *Visa U.S.A.*, 2004 WL 1878209, at *5.

The protections afforded by the attorney-client privilege and the attorney work product doctrine are not absolute. The attorney-client privilege may be waived "either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." *Gomez v. Vernon,* 255 F.3d 1118, 1131 (9th Cir.), *cert. denied*, *Beauclair v. Puente Gomez,* 534 U.S. 1066 (2001). The waiver doctrine protects "the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid

3

disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche,* 77 F.3d 337, 340-41 (9th Cir. 1996) (citing 8 J. Wigmore, *Evidence* § 2327, at 636). Similarly, work product protection may be waived, although the scope of the waiver may be narrowly restricted. *Seagate*, 497 F.3d at 1375 (discussing *United States v. Nobles*, 422 U.S. 225 (1975)); *see also* Fed. R. Civ. P. 26(b)(3)(A), (b)(4) (permitting discovery of work product in certain circumstances). The client or counsel may waive work product protection. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010); *United States v. Salsedo*, 607 F.2d 318, 320 (9th Cir. 1979).

Whether a particular communication is protected from discovery by the attorney-client privilege or the work product doctrine and, if so, whether that protection has been waived, are questions governed by Ninth Circuit law. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001) (holding that waiver of privileged information is not a substantive patent law issue and regional circuit law applies); *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008) (applying Ninth Circuit law on issue concerning waiver of attorney-client privilege).

## III. DISCUSSION

### A. Disputed Email Communications

The parties' dispute centers on the following three emails, which were written following the second of the parties' four in-person meetings prior to the filing of this action:

1. *Email #1:* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 82, Ex. A at FINJAN-SW047874–75. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Dell is SonicWall's predecessor-in-interest. Dkt. No. 82 at 2.

4

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ████████████████████████

    2.   *Email #2:* ████████████████████████████████████████.

████████████████████████████████████████████████████

██████████████████████████████. *Id.* at FINJAN-SW047873–74.

    3.   *Email #3:* ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████. *Id.*

SonicWall argues that no attorney-client privilege or work product protection applies to these emails, and further argues that even if they are protected, Finjan impliedly waived its privilege or protection.

**B.   Attorney-Client Privilege and Work Product**

The communications at issue fall squarely within the attorney-client privilege. First, Email #1 reflects that ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████ Dkt. No. 82-1 at FINJAN-SW047874–75. Asking one's lawyer to help determine ████████████████████ in light of certain information is the quintessential request for legal advice. ████████████████████████████████████████

████████████████████████████████████████████ (who, in fact, now represents Finjan in this action before the Court). Dkt. No. 82 at 4–5, n.1. The communications related to ████████████████████████████████████

████████████████████████████. ████████████'s request was made in confidence, as evidenced by ████████████████████████████████████████

████. Save for the inadvertent disclosure, Finjan's assertion of the privilege has been unequivocal.

5

1          Emails #2 and #3 do not alter the Court's conclusion that the attorney-client privilege
2   applies. ████████████████████████████████████████████████████████████████
3   ████████████████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████████████████
5   ████ ███████████████████████████████████████████████████████████████████
6   ████████████████████████████████████████. These emails fall squarely within the privilege.
7          SonicWall argues that the attorney-client privilege does not cover communications that
8   merely report or summarize conferences or recite information conveyed by third parties.
9   According to SonicWall, only summaries that are so interwoven with legal advice may be
10  considered privileged as a whole. Citing *Segerstrom v. United States*, No. C 00–0833 SI, 2001
11  WL 283805 (N.D. Cal. Feb. 7, 2001), SonicWall argues that Finjan's request for legal advice and
12  ████████████████████████████████████████████████ are not so interwoven as to be
13  inseparable. SonicWall suggests that the portions of the email seeking legal advice or reflecting
14  the writer's opinions (e.g., ████████████████████████████████████████████) can
15  simply be redacted. This view ignores the context of these email communications. The portion of
16  ██████████████████████████████████████████████████████████████████████ is
17  not merely a neutral recording of ████████████████████████; rather, █████████████
18  ████████████████████████████ about which Finjan sought legal advice and, in the same
19  communication, expressly sought such advice from counsel. These emails are similar to
20  Documents 78 and 81 discussed in *Segerstrom* as to which Judge Illston found the privilege
21  attached. *See id.* 2001 WL 283805 at *13-14.
22         Emails #2 and #3 also qualify as attorney work product. ████████████████████
23  ████████████████████████████████████████████████████████████████████
24  ██████████████████████████████████████████████████ Dkt. No. 82 at 5. The
25  emails reflect counsel's mental processes and reveal the information he considered significant;
26  they are not merely verbatim summaries of ████████████████████████████████. *Tierno v.*
27  *Rite Aid Corp.*, No. C 05-02520 THE, 2008 WL 2705089, at *4 (N.D. Cal. July 8, 2008) ("[W]hile
28  verbatim witness statements are generally considered ordinary work product, . . . an attorney's

6

notes and memoranda of statements are protected as opinion work product because they reveal the attorney's mental processes and show what facts the attorney deems legally significant.") (internal citation omitted); *see also In re Intuitive Surgical Sec. Lit.*, No. 5:13-cv-01920-EJD (HRL), 2016 WL 10459785, at *1 (N.D. Cal. Sept. 19, 2016) (listing cases where courts concluded that interview notes and witness summaries drafted by counsel are subject to work product protection); *Upjohn*, 449 U.S. at 399 ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes . . . .").

SonicWall also relies on *TVT Records v. Island Def Jam Music Grp.*, 214 F.R.D. 143 (S.D.N.Y. 2003) for the proposition that the privilege does not apply when an attorney "merely convey[s] to his client the substance of what a third party has conveyed." *Id.* at 147. But *TVT Records* itself suggests that the privilege *would* apply to documents that reflect "attorney-client 'strategy' discussions." *Id.* at 147. Here, Finjan's communications with its counsel ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Emails #2 and #3 collect and transmit information prepared for use in such discussions.

The Court therefore finds that all emails are protected by the attorney-client privilege and that Emails #2 and #3 are also protected by the work product doctrine.

**C.      Waiver of the Privilege or Protection**

Having determined that the communications at issue are protected from disclosure by the attorney-client privilege and the work product doctrine, the Court considers whether Finjan waived those protections. SonicWall contends that Finjan impliedly waived its privilege by asserting a claim for willfulness and alleging in its complaint and in opposition to SonicWall's motion to dismiss that SonicWall never provided a substantive noninfringement position to Finjan. SonicWall argues that it would be unfair to permit Finjan to use its privilege as a shield when ███████████████████████████████████████████.

The Ninth Circuit addressed waiver of the attorney-client privilege in *Chevron Corp. v. Pennzoil Co.*, 974, F.2d 1156 (9th Cir. 1992), stating that the privilege "may not be used as both a

7

sword and a shield. . . . Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Id.* at 1162. In *Chevron*, Pennzoil asserted an advice of counsel defense, placing the attorney-client communications directly at issue. Finjan has not asserted a claim or defense that puts at issue advice of counsel or any communications with counsel.[2] SonicWall reasonably contends that the privileged communications are *relevant* to Finjan's claim of willful infringement. But Finjan's withholding of them does not mean it is using its privilege as both a sword and shield. Finjan is only using its privilege as a shield. This is what happens any time a party prepares a privilege log listing otherwise responsive documents as privileged and withholds those documents from production. A party may not obtain an adversary's privileged communications simply because it believes those communications would bear on—or even contradict—its adversary's allegations.

SonicWall points to *Apple v. Samsung*, 306 F.R.D. 234 (N.D. Cal. 2015) to support its argument that it would be unfair for Finjan to continue to withhold these emails while maintaining its claim that SonicWall's infringement was willful. *Apple v. Samsung* is distinguishable. In that case, Samsung waived its attorney-client privilege with respect to its privilege log, briefs, declarations, and submission of *in camera* documents by directly placing those documents at issue in a sanctions proceeding following Samsung's improper disclosure of unredacted confidential expert reports to third parties. As the *Apple* court explained:

> Samsung put the disputed documents at issue by raising affirmative defenses about inadvertence and whether Nokia's confidential information actually was used. . . . For example, *Samsung referenced privileged communications* to argue there is "no evidence that anyone deliberately, with a purpose of sharing information that should not be shared at any time disclosed that information. We are talking about inadvertent disclosures."

*Id.* at 241–42 (emphasis added). Unlike Samsung, Finjan does not use or refer to the emails or their contents to support a claim or defense.

SonicWall argues that it should at least be permitted to use the emails for impeachment

---

[2] For this reason, SonicWall's citations to *Synalloy Corp. v. Gray*, 142 F.R.D. 266 (D. Del. 1992) and *Conkling v. Turner*, 883 F.2d 431 (5th Cir. 1989) are inapposite.

8

purposes. However, the cases on which SonicWall relies for this remedy concern circumstances where the attorney-client privilege or work product doctrine is used as a sword and shield, and particularly at trial where the unfairness that arises cannot be remedied except by waiver of the privilege. *In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299, 303 (2d. Cir. 2003) ("The unfairness courts have found which justified imposing involuntary forfeiture generally resulted from a party's advancing a claim *to a court or jury (or perhaps another type of decision maker)* while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim.") (emphasis added); *United States v. Pinho*, No. CRIM. 02-814, 2003 WL 25772423 (E.D. Pa. July 8, 2003) (holding that defendant could not assert privilege over a conversation that she testified at trial did not occur); *United States v. Nobles*, 422 U.S. 225 (1975) (holding that defendant waived protection under the work product doctrine over his investigator's reports when he called the investigator as a trial witness to attack the credibility of prosecution witnesses). These cases do not address the inadvertent disclosure of privileged communications during discovery.

As the Court observed during the hearing, the attorney-client privilege protects qualifying communications; it does not protect facts. SonicWall may take discovery of Finjan regarding the meeting to which the emails refer, including depositions and requests for admissions. Such discovery may reveal that there is nothing to impeach.

### D. Violation of Federal Rule of Civil Procedure 26(b)(5)(B)

The record before the Court does not allow it to determine whether SonicWall used privileged communications for an improper purpose after being advised that the communications had been disclosed inadvertently. To the extent Finjan seeks disqualification of counsel or some other sanction as remedy for the alleged violation, such a request should be directed to the presiding judge by means of a noticed motion under the Civil Local Rules and should be supported by a more substantial record of what occurred.

### IV. CONCLUSION

For the foregoing reasons, the Court determines that the attorney-client privilege and work product doctrine protect the emails at issue from disclosure, and that Finjan did not waive those

protections. SonicWall must certify to Finjan by **October 29, 2018** that it has returned or destroyed all copies of the emails in its possession, custody, or control.

**IT IS SO ORDERED.**

Dated: October 15, 2018

*/s/ Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge