PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>          Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**PLAINTIFF FINJAN, INC.'S OPPOSITION TO DEFENDANT SONICWALL, INC.'S MOTION TO COMPEL FURTHER SUPPLEMENTAL INFRINGEMENT CONTENTIONS**<br><br>Date:         March 12, 2019<br>Time:        10:00 a.m.<br>Courtroom:  Courtroom 2, 5th Floor<br>Before:     Mag. Virginia K. DeMarchi |

**REDACTED DOCUMENT SOUGHT TO BE SEALED**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. i

II.     STATEMENT OF ISSUE TO BE DECIDED.................................................... 1

III.    FACTUAL BACKGROUND............................................................................. 2

     A.    Finjan's Infringement Contentions ....................................................... 2

     B.    Status of the Case ................................................................................... 2

IV.     ARGUMENT ...................................................................................................... 2

     A.    Finjan's Infringement Contentions Provide More Than Reasonable Notice of Finjan's Infringement Claims against SonicWall .......................................................... 2

          1.    Finjan Complied with the Patent Local Rules ................................... 5

          2.    Finjan Sufficiently Describes its Excerpts of Evidence.................... 7

     B.    Finjan's Infringement Contentions for the '305 Patent Are Sufficient........................... 8

          1.    "computer comprising a network interface" ................................... 8

          2.    "database of parser and analyzer rules" ......................................... 9

          3.    "an internet application running on the computer"........................ 10

          4.    "a rule based content scanner" ...................................................... 10

          5.    "rule update manager" ................................................................... 12

          6.    "patterns of types of tokens"......................................................... 13

     C.    Finjan's Infringement Contentions for the '926 Patent are Sufficient........................... 14

          7.    "database manager" ....................................................................... 14

          8.    "database of Downloadable security profiles indexed according to Downloadable IDs"................................................................... 15

     D.    Finjan's Infringement Contentions for the '408 Patent are Sufficient........................... 15

          1.    "multi-lingual language detector"................................................. 15

          2.    "scanner instantiator".................................................................... 16

          3.    "scanner for the specific programming language"......................... 17

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

4. "rules accessor" ............................................................................... 17

5. "analyzer for dynamically detecting" ............................................... 19

6. "notifier" ......................................................................................... 20

E. Finjan's Infringement Contentions for the '844 Patent are Sufficient .......... 20

7. "inspector" ....................................................................................... 20

8. "first content inspection engine" of Claim 15 .................................. 22

F. Finjan's Infringement Contentions for the '780 Patent are Sufficient .......... 22

G. Finjan's Infringement Contentions for the '154 Patent are Sufficient .......... 23

1. "transmitting the input to the security computer for inspection, when the first function is invoked" ..................................................... 23

2. "invoking a second function with the input, only if a security computer indicates that such invocation is safe" ................................ 24

3. Claim 10 ........................................................................................... 24

4. Claim 3 ............................................................................................. 24

H. Finjan's Infringement Contentions for the '968 Patent are Sufficient .......... 25

V. CONCLUSION ............................................................................................. 25

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.,*
    No. 2:16-cv-00693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ................................7

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.,*
    No. C 16-06180 WHA, 2017 WL 2630088 (N.D. Cal. June 19, 2017)..........................................7

*Creagri, Inc. v. Pinnaclife Inc.,*
    11-cv-066350-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012)...................................8, 12

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.,*
    12-cv-01971-CW, 2013 WL 3361241 (N.D. Cal. July 3, 2013) .....................................................8

*Finjan, Inc. v. Proofpoint, Inc.,*
    13-cv-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ...................................................8

*GN Resound A/S v. Callpod, Inc.,*
    11-cv-04673-SBA, 2013 WL 1190651 (N.D. Cal. Mar. 21, 2013) .................................................8

*Network Caching Tech., LLC v. Novell, Inc.,*
    No. C-01-2079 VRW, 2003 WL 21699799 (N.D. Cal. Mar. 21, 2003) ....................................3, 13

*Renesas Tech. Corp. v. Nanya Tech. Corp.,*
    No. C03-05709JFHRL, 2004 WL 2600466 (N.D. Cal. Nov. 10, 2004).......................................3, 8

*Solannex, Inc. v. MiaSole, Inc.,*
    No. 11-cv-00171-PSG, 2013 WL 1701062 (N.D. Cal. Apr. 18, 2013) ...........................................4

i

FINJAN'S OPPOSITION TO SONICWALL'S MOTION      CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

# I.    INTRODUCTION

Finjan's Infringement Contention provide a level of specificity and detail that goes beyond what is required under the Patent Local Rules, and as such, SonicWall's Motion to Compel should be denied.  Finjan provided over 1900 pages of detailed charts with extensive explanation and citations to evidence, which provides SonicWall with fair notice of Finjan's infringement contentions.[1]  Finjan unambiguously identified the Accused Products[2] by name, model, and version numbers in its cover pleading.  It also served extensive claim charts with detailed narratives describing how the infringing functionalities in SonicWall's products meet each element of the asserted claims and include citations to SonicWall's public and internal documents further detailing its infringement.

Despite these fulsome disclosures, SonicWall cherry picks paragraphs and ignores dozens of direct citations to its own documents that identify how SonicWall infringes Finjan's Patents.  In many instances, SonicWall takes issue with the proof of Finjan's infringement contentions, which is improper.  Further, SonicWall's claim that there needs to be identification of certain "components" that meet the claim limitations is premised on its faulty argument that there is some "precise" name for the technology that implements the infringing functionality that serves as the basis for SonicWall's infringement.  Based on the information SonicWall produced, there are no precise names for its infringing functionality.  Thus, Finjan described examples that identify the accused functionality of the components with specificity such that SonicWall is on sufficient notice of Finjan's disclosures and in compliance with the Patent Local Rules.

# II.    STATEMENT OF ISSUE TO BE DECIDED

Whether Finjan provided SonicWall with fair notice of its infringement contentions.[3]

---

[1] While SonicWall's Motion addressed 7 of the 10 Asserted Patents, SonicWall is nonetheless improperly seeking an order for supplementation of *all* infringement contentions.  *See* Dkt. No. 114 (Proposed Order).  SonicWall's Motion only addresses limited claim elements for the patents it does address.  As such, SonicWall's Motion is limited in scope.

[2] "Accused Products" are the products that implement the technology that performs the infringing functionalities.

[3] To the extent the Court grants SonicWall's Motion, Finjan requests that the Court allow 45 days after SonicWall provides a 30(b)(6) witness regarding SonicWall's source code in the event Finjan has to supplement its infringement contentions.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

## III.   FACTUAL BACKGROUND

### A.   Finjan's Infringement Contentions

Finjan served detailed infringement contentions on April 10, 2018.  Nonetheless, over a 2 ½ month period, SonicWall sent two letters—one on July 11, 2018 and the second on September 28, 2018—raising issues with these contentions.  Declaration of Kristopher Kastens ("Kastens Decl."), Ex. 1; *id.,* Ex. 2 (9/28/18 List of Items to Supplement).  Finjan explained how its infringement contentions were adequate to provide SonicWall sufficient notice.  Dkt. No. 112-2, Declaration of Robin McGrath ("McGrath Decl."), Ex. 1.  Nonetheless, in a good faith effort to avoid motion practice, Finjan agreed to supplement to incorporate recently produced documents to address the terms SonicWall identified. *Id.* at 2.

Finjan served supplemental infringement contentions on November 9, 2018, which are the subject of SonicWall's Motion.  As a result of Finjan's citations to recently produced confidential SonicWall documents and detailed descriptions of SonicWall's infringing functionalities in the Accused Products, the contentions increased substantially.  Kastens Decl., ¶ 10.  Finjan's supplemental infringement contentions were comprehensive.  They (1) identified the Accused Products by a specific product name and (2) contained detailed claim charts describing how the infringing functionalities in SonicWall's Accused Products satisfy each claim limitation of the asserted claims, which included explanations of how each element of the asserted claims infringe based on SonicWall's data sheets, white papers, user manuals, marketing materials, and SonicWall's internal confidential documents that had been recently produced.

### B.   Status of the Case

Fact discovery does not close in this case until May 1, 2020.  Dkt. No. 61.  Document production is still ongoing and no depositions have been scheduled yet.  Kastens Decl., ¶ 11.

## IV.   ARGUMENT

### A.   Finjan's Infringement Contentions Provide More Than Reasonable Notice of Finjan's Infringement Claims against SonicWall

Finjan has satisfied the purpose of infringement contentions of setting "forth 'particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement'

2

beyond the claim language itself." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709JFHRL, 2004 WL 2600466, at *4 (N.D. Cal. Nov. 10, 2004)(quoting *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003)).  Finjan's infringement contentions provide SonicWall with detailed charts showing on an element-by-element basis how SonicWall's Accused Products infringe the claims of Finjan's Asserted Patents.  Specifically, Finjan's contentions contain a cover pleading that spells out the exact Accused Products that Finjan understands implement the technology that performs the infringing technology at issue in the case.  They also include claim charts that lay out in detail how the technology in SonicWall's Accused Products practices each limitation of the asserted claims.  The claim charts split up each asserted claim into different elements.  For each claim element, Finjan provided a description of how SonicWall's Accused Products satisfies the claim element, giving a framework for the subsequent discussion of the claim element in the chart.  Below is an example of this initial section for one claim element:[4]



McGrath Decl., Ex. 10 at 5; *see also* McGrath Decl., Ex. 12 at 5; McGrath Decl., Ex. 14 at 8.

    After this introductory paragraph, Finjan provided additional information identifying how each

---

[4]Due to page limitations, Finjan has only provided excerpts from its infringement contentions in its Opposition, which are not intended to be limiting examples.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION       CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

Accused Product meets the particular claim element, describing the infringing functionality and how it relates to the claim element.  Finjan supports its description with screen shots and excerpts from SonicWall's documents, and includes a description of why that particular piece of evidence supports Finjan's contention.  *Id.*  Thus, Finjan's contentions provided SonicWall with far more than what is required and certainly gives SonicWall notice of Finjan's infringement contentions.

SonicWall's motion is baseless given Finjan's fulsome disclosures, and because SonicWall seeks the information that Finjan has already provided.  Finjan spelled out in sufficient detail how SonicWall meets each element.  Further, SonicWall's request for specific internal names for alleged "components" in SonicWall's Accused Products is not required here based on Finjan's disclosures. ***First***, to the extent specific internal names exist, that information is more appropriate for the expert phase of the case.  Courts have recognized that a patentee is "not obligated at this point to supply concrete evidence to support its infringement theory by pointing to the specific structures within the accused product that embodies the claim limitations" where it "already provided sufficient factual support, including not only materials publicly available, but also materials supplied by [defendant]" that were sufficient to crystalize their theories such that the defendant was put on notice of which substructure within the product contains the claim limitations.  *Solannex, Inc. v. MiaSole, Inc.*, No. 11-cv-00171-PSG, 2013 WL 1701062, at *4 (N.D. Cal. Apr. 18, 2013) (denying motion to compel infringement contentions).  None of the cases that SonicWall relies on stands for the proposition that Finjan's detailed descriptions of the functionalities of the components are insufficient to put SonicWall on notice.

***Second***, SonicWall's issues are not appropriate for the technology at issue.  Here, the Accused Products involve computer technologies which can be easily implemented across different products, and these technologies implement the infringing functionalities at issue.  Declaration of Dr. Eric Cole ("Cole Decl."), ¶¶ 14–19.  These infringing functionalities commonly reside in the source code or in highly confidential internal technical documentation that is not made publicly available.  *Id.,* ¶ 19.  Often, there is not a specific "internal name" or separately named component that performs the infringing functionality.  As such, because of the way the computer technology is structured, there is

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

usually no internal name or discrete and separately named components that perform the functionality

within SonicWall's products.  *Id.*  Evidence of that functionality would have to be mapped to the

source code and/or the output of products after testing of the products.  Cole Decl., ¶¶ 14-19.

Here, source code citations are unnecessary (and never requested by SonicWall) because Finjan

described identified the relevant infringing functionality of the Accused Products in Finjan's

infringement contentions.  Indeed, SonicWall's invalidity contentions demonstrate this very point.

Notably, infringement contentions and invalidity contentions are held to the same standard of

specificity.  SonicWall's invalidity charts of its ***own products*** that it claims are prior art do not identify

any alleged "components" in the purported prior art for each claim limitation.  *See*, *e.g.*, Kastens Decl.,

Exs. 3, 4 (SonicWall's Invalidity Charts).  That is because these elements are not named as separate

"components."  SonicWall cannot invent the idea that "components" exist when in fact, it cannot

identify such components within its own alleged prior art products.

### 1.    Finjan Complied with the Patent Local Rules

Finjan's contentions has a cover pleading that identifies the Accused Products along with any

specific model numbers (to the extent Finjan had such information) with sufficient specificity.

McGrath Decl., Ex. 2 at Exhibit A, at 1 (listing various models and identifiers).  This cover pleading

includes identification of technology implementing the infringing technology, particularly as

SonicWall can move the infringing functionality across products or changes product names.[5]  Cole

Decl., ¶¶ 16–19 (technology underlying can be implemented into other products and often is

---

[5] Finjan's cover pleadings provide context for Finjan's infringement charts.  Motion at 6; McGrath Decl., Ex. 2.  Finjan specifically identified, to the extent it had the relevant information about name or where the infringing technology/ functionality lies, in its charts.  Finjan's infringement charts also identified the aspects of ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  Thus, Finjan's
cover pleading along with the specific contentions in its charts ensure there is no unnecessary dispute later whether such servers they are "part" of Finjan's infringement contentions.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

implement in different products as new offerings become available or use different or new servers or move the functionality to different software).  For example, certain products are appliances that are capable of infringing malware analysis "on the box" (without connecting to the cloud) and infringe through the use of this analysis engine.  However, these products can also connect to Capture ATP[6] in the "cloud" for further malware analysis that also infringes.

The cover pleading with Finjan's specific infringement contentions in the charts identify the finite list of Accused Products that Finjan understands implements the infringing functionalities. Finjan's infringement charts spell out how the Accused Products infringe each and every claim limitation on an element-by-element basis based on the infringing functionality.  Thus, there are no "open-ended" descriptions (Motion at 6-7) and SonicWall has notice of the Accused Products at issue.

Below is a representative example of the summary for the SonicWall Gateways for the '305 Patent for the "database of parser and analyzer rules" claim element.  As shown below, Finjan describes how the SonicWall Gateways infringe either alone or with Capture ATP as follows:



McGrath Decl., Ex. 10 at 5; *see also* McGrath Decl., Ex. 12 at 5; McGrath Decl., Ex. 14 at 8 (emphasis added).  In this example, Finjan describes specifics regarding how SonicWall Gateways infringe.

---

[6] Capture Advanced Threat Protection ("Capture ATP") is SonicWall's cloud-based sandbox network.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

Thus, the summary provides sufficient details, which is augmented with Finjan's charts that further lay out SonicWall's infringement.  Thus, Finjan's identification of Accused Products should be considered with the charts, which in totality provide details of Finjan's contentions regarding SonicWall's infringement.  *See generally*, McGrath Decl., Ex. 3 ('844 Patent Chart for SonicWall Gateways).

The cases that SonicWall relies on are inapposite because Finjan identified the specific Accused Products, as described above.  Motion at 7 (citing *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. C 16-06180 WHA, 2017 WL 2630088, at *4 (N.D. Cal. June 19, 2017) (contentions stated that "[t]he products associated with the accused systems … *include*, *but are not limited to*, [list of products]")) (emphasis added); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-JRG-RSP, 2017 WL 3007464, at *2–3 (E.D. Tex. July 14, 2017) (where patentee identified the accused products as being "any version" and "any of its other activities, products and/or services that use servers or computers to practice and/or support infringing LSO functionality.")).

SonicWall's issues with Finjan's description of infringement of Capture ATP with other Accused Products is a red herring.  Motion at 7–8.  Depending on the infringing technology at issue, it is appropriate for Capture ATP to infringe by itself or in combination with other Accused Products.  For example, SonicWall's Advanced Gateway Security Suite includes Capture ATP.  Kastens Decl., Ex. 5.  Capture ATP, however, is not always included with the suites and can be sold separately, according to SonicWall's marketing materials.  Motion at 7-8; Kastens Decl., Ex. 6.  Thus, Capture ATP can infringe by itself.  Similarly, SonicWall's Gateway products can be sold separately from the software security suites.  Kastens Decl., Ex. 7.  Thus, Finjan's contention is that SonicWall's Gateway, ESA, and SMA instrumentalities infringe on their own, but also infringe when used with Capture ATP, as identified in Finjan's infringement contentions.  Thus, Finjan's contentions explain how products infringe alone or with Capture ATP.  Motion at 8.

### 2.     Finjan Sufficiently Describes its Excerpts of Evidence

Finjan included excerpts from different SonicWall documentation in its infringement contentions and described why the particular excerpt supports Finjan's contention that the infringing functionality is contained in the Accused Product.  SonicWall's complaints about Finjan's descriptions

7

are based upon SonicWall's claim that "nothing in the cited graphic shows any of what Finjan alleges to be demonstrated therein." *Id.* at 8–9.  That claim, however, is simply SonicWall taking issue with how the description is tied to a screenshot and Finjan's supporting proofs for infringement.  Finjan's proof of SonicWall's infringement, however, is not the issue here.  Rather, the issue is whether Finjan's infringement contentions provided SonicWall with notice of Finjan's infringement claims, which they do.  *Id.*; *Renesas*, 2004 WL 2600466, at *4; *Creagri, Inc. v. Pinnaclife Inc.,* No. 11-cv-066350-LHK-PSG, 2012 WL 5389775, at *2 (N.D. Cal. Nov. 2, 2012) ("These rules do not, as is sometimes misunderstood, 'require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case'") (citation omitted).  Indeed, the law is clear that proof of infringement is ***not*** the standard: "Patent L.R. 3-1 does not require [plaintiff] to produce evidence of infringement." 2004 WL 2600466, at *4 (citation omitted).  Here, Finjan sufficiently describes how the functionality of the Accused Products meet the claim limitation.  McGrath Decl., Ex. 10 at 17 (claim limitation 1c as "a rule-based content scanner that communicates with said database of parser and analyzer rules, operatively coupled with said network interface, for scanning incoming content received by said network interface to recognize the presence of potential computer exploits therewithin").

Finally, the cases SonicWall relies on concerned infringement contentions where there was little or no explanation of the excerpts it was relying on.  Motion at 4, 8 (citing *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015) (based on different charts where the Court asserted that little or no explanation was provided); *Digital Reg of Texas, LLC v. Adobe Sys. Inc*., No. 12-cv-01971-CW, 2013 WL 3361241, at *4 (N.D. Cal. July 3, 2013) (plaintiff did not provide explanatory text); *GN Resound A/S v. Callpod, Inc*., No. 11-cv-04673-SBA, 2013 WL 1190651, at *4 (N.D. Cal. Mar. 21, 2013) (same).  Here, Finjan ties the relevant claim limitations to the screenshots and provided a narrative description regarding how the specific claim elements are satisfied.

**B.    Finjan's Infringement Contentions for the '305 Patent Are Sufficient**

       **1.    "computer comprising a network interface"**

Finjan's infringement contentions for Capture ATP identify the computer that houses the

1 │ recited network interface as ████████████████████. McGrath Decl., Ex.

2 │ 11 at 1 ████████████████████████████████████████████

3 │ ████████████████████████████████████████ emphasis added);

4 │ *see also id.* at 2 ████████████████████████████████████

5 │ ████████████████████████████████████████████████

6 │ ████████████████████████████████████████████████████

7 │ ████████████████████████████████████████████████████████

8 │ ████████████████████████████████████████████████████████

9 │ ████████████████████████████ emphasis added).  Thus,

10 │ SonicWall's claim that Finjan "fail[s] to identify the computer that supposedly houses the recited

11 │ network interface" in its infringement contentions for Capture ATP is wrong.  Finjan specifically

12 │ identified ████████████████████████ as the computer that houses the network

13 │ interface.  Motion at 10.

14 │       **2.**     **"database of parser and analyzer rules"**

15 │      Finjan's infringement contentions for Capture ATP identify the database of parser and analyzer

16 │ rules as "████████████████████ McGrath Decl., Ex. 11 at 3.  Finjan also states (and

17 │ SonicWall agrees - Motion at 10) that ████████████████████████

18 │ ████████████████████████████ ***which are all a part of***

19 │ ***the Capture ATP system***, as shown below:



McGrath Decl., Ex. 11 at 1-2 (ellipses added).  Thus, contrary to SonicWall's contentions, Finjan cited a specific SonicWall document that shows these databases are on Capture ATP.  Motion at 10. Moreover, SonicWall's dispute with the disclosures in its internal documents is not one that supports SonicWall's Motion to compel further contentions.

### 3.    **"an internet application running on the computer"**

With regard to an internet application,[7] Finjan stated that this element was met by Internet applications that ███████████████████████████████████████████████████████████████ ████████████████████████████████████████  *See* McGrath Decl., Ex. 10 at 1; *id.,* Ex. 11 at 1.  Finjan also provided a description of the Internet application and related functionality as ███ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████  *See id.*, Ex. 10 at 5; *id.*, Ex. 11 at 28.  Accordingly, SonicWall's request that Finjan be compelled "to identify the specific hardware or software component that it alleges to be the 'Internet application'" is baseless and should be denied, as Finjan identified an Internet application.  Motion at 11.

### 4.    **"a rule based content scanner"**

SonicWall's unsupported arguments regarding this claim element should be entirely disregarded.  Finjan's infringement contentions explicitly identify various rule based content scanners that meet the claim limitations, including ████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████  McGrath Decl., Ex. 10 at 17; *see also id.*, Ex. 11 at 11.  Finjan also describes the functionality of a rule based content scanner, which is evident from the excerpt below:

████████████████████████████████████████

---

[7] Claim 6 does ***not*** "recite[] a network interface housed within a computer that is configured to receive content from the Internet on its destination to an 'internet application running on the computer,'" as SonicWall contends.  Motion at 11.  Rather, Claim 6 is a dependent claim that states: "The system of claim 1 wherein the incoming content received from the Internet by said network interface is HTTP content."  McGrath Decl., Ex. 10 at 32.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS



McGrath Decl., Ex. 10 at 17 (emphasis added); *see also id.*, Ex. 11 at 11.

Incredibly, SonicWall complains about a lack of identification of a "specific component" of what constitutes the "rules based content scanner," ***but cites to the same evidence that Finjan provides above*** and includes an additional example of ███████████████████████████ ██████████████████████. Motion at 11. As such, SonicWall's complaint that Finjan "never identifies any specific component(s) of the [Accused Products] that constitutes the claimed 'rule based content scanner'" is completely baseless. *Id.*

Further, that Finjan stated "or similar scan engine/analyzers" is not an issue of notice. *Id.* As shown above, Finjan's infringement contentions describe the ████████████ functions such that SonicWall has sufficient notice of the technology that implements this infringing functionality. McGrath Decl., Ex. 10 at 19 ███████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████

Further, SonicWall's complaints that "[s]ome of the items on this list are not even system components, but instead are functions that a system performs, e.g., 'static analysis' and 'cache lookup'" is nonsensical. Motion at 11. Finjan identified a system when describing those functions — namely, ████████████████████████████████ McGrath Decl., Ex. 10 at 17. In other words, Finjan did identify the technology that SonicWall claims is missing, which were the scanners that perform the described analysis.

SonicWall's argument that it does not have sufficient notice of Finjan's infringement theories because Finjan purportedly "created" terms to describe a scan engine makes no sense. Motion at 11-12. In its Motion, SonicWall identified what Finjan point to as a scan engine ████████████████

FINJAN'S OPPOSITION TO SONICWALL'S MOTION      CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

1   ███████████████████████████████████████████████ *Id.*; *Creagri,* 2012 WL

2   5389775, at *3 (Patent L.R. 3-1 only requires a plaintiff to identify how the alleged products infringe

3   "with as much specificity as possible with the information currently available to it.").  Further, Finjan

4   describes in detail "a rule based content scanner," its functionalities, and what it communicates with,

5   such that SonicWall has sufficient notice of what Finjan contends infringes.  Cole Decl., ¶ 19.

6          Finally, SonicWall's argument that Finjan offers "little guidance" regarding the scan engines is

7   wrong.  Motion at 12.  Finjan identified the scan engine on, *inter alia*, SonicWall's gateway, Cloud AV

8   component, or Capture ATP system.  *Id.*; McGrath Decl., Ex. 10 at 17.

9          **5.      "rule update manager"**

10          Finjan identifies a rule update engine as a "rule update manager" and describes the

11   functionality of the rule update manager in SonicWall's Accused Products.  Below is relevant excerpt

12   for the "rule update manager" demonstrating Finjan's disclosures:



McGrath Decl., Ex. 10 at 29–32 (emphasis added).

26          In this instance, SonicWall incorrectly claims that Finjan created a component because of the

27   term "rule update engine."  Motion at 12.  This is another red herring because Finjan described with

28                                                    12

specificity functionality performed by the rule update manager, and what it is within the Accused Product.  Cole Decl., ¶ 19; McGrath Decl., Ex. 10 at 29–32.

### 6.    "patterns of types of tokens"

Finjan describes the patterns of types of tokens in the context of the claim limitation and cites to supporting documentation for its contentions:



McGrath Decl., Ex. 10 at 7-8 (emphasis added); *see generally id*. at 5–17.

In an attempt to support its Motion, SonicWall raises claim construction arguments based on the prosecution history of Finjan's patents, which is not appropriate to suggest insufficiency of infringement contentions.  Motion at 13 ("Yet during prosecution, Finjan explicitly distinguished the claimed 'patterns of types of tokens' from prior art that disclosed patterns of tokens.").  Disputes regarding claim construction are for a different phase of the case and do not support for SonicWall's Motion.  *Network Caching*, 2003 WL 21699799, at *4 ("Whether those theories may ultimately be vindicated through claim construction and at trial is an entirely separate matter from whether Patent LR 3–1 has been satisfied.  At this juncture, a party may comply with Patent LR 3–1 by setting forth particular theories of infringement with sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves").

Finjan is not keeping its "options open as to what database purportedly satisfies this limitation." Motion at 13.  Rather, as shown below, Finjan identifies a database where the rules reside and what the database stores:

FINJAN'S OPPOSITION TO SONICWALL'S MOTION        CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

McGrath Decl., Ex. 10 at 5-6 (emphasis added).  While the description above provides far more details, Finjan has in this excerpt identified that the AV database stores parser and analyzer rules and the patterns of types of tokens.  Thus, Finjan's contentions for the "patterns of types of tokens" is sufficient.

**C.   Finjan's Infringement Contentions for the '926 Patent are Sufficient**

**7.   "database manager"**

Finjan's infringement contentions describe the database manager and how it operates in connection with other components, which lays out the manner in which SonicWall infringes the '926 Patent.  Cole Decl., ¶ 19.  For example, Finjan states that

McGrath Decl., Ex. 9 at 10; *see also id.* at 10–21.

SonicWall's complaints that Finjan did not explain how this element is met ignores the fact that the claim limitation describes using a generated hash of the Downloadable to lookup a profile.  Motion at 14.  While this excerpt does not use the word "indexed," a person of ordinary skill in the art would easily understand that this describes the process of using the Downloadable ID to lookup the profile indexed according to generated hash value.  *See* Kastens Decl., Ex. 8 (https://en.wikipedia.org/wiki/Hash_table).  Thus, Finjan has adequately described the database

14

manager and that it receives security profile information in accordance with the claim limitation.

SonicWall's claims that "Finjan again pastes a number of unexplained document excerpts that purportedly show how the database manager retrieves security profiles organized by a hash, but in fact show no such thing" is nothing more than a surface level issue that the *exact* words from the claim limitation do not appear in the documentation cited.  Motion at 15 ("yet the excerpt that follows says nothing about the retrieval of security profiles from a database organized by file hash by a database manager.").  That claim also ignores the remainder of Finjan's disclosures for this claim element. McGrath Decl., Ex. 9 at 10-21.  More importantly, matching of words between the claim and the excerpt of SonicWall's documents is an issue of proof, but not an issue of the sufficiency of Finjan's infringement contentions.

### 8.   "database of Downloadable security profiles indexed according to Downloadable IDs"

Finjan's infringement contentions describe how the Accused Products meet the "database of Downloadable security profiles indexed according to Downloadable IDs" claim element.  *Id*.  For example, Finjan describes a database and the information in that database:



McGrath Decl., Ex. 9 at 10 (emphasis added).

Contrary to SonicWall's assertions, Finjan is not identifying "every database purportedly used in connection with Capture ATP, cache, the firewall, the cloud, Capture, Cloud AV, the Grid Data Center, and the gateways."  Motion at 15–16.  Finjan's infringement contentions describe various scenarios regarding the databases and how and what they operate with, such that SonicWall has sufficient notice of the accused technology.  McGrath Decl., Ex. 9 at 10–21; Cole Decl., ¶ 19.

### D.   Finjan's Infringement Contentions for the '408 Patent are Sufficient

### 1.   "multi-lingual language detector"

Finjan describes a "multi-lingual language detector" and (1) how it operates with other

15

1  components ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
2  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
3  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and
4  (2) the types of languages that it inspects ▬▬▬▬▬▬▬▬▬ McGrath Decl., Ex.
5  7 at 48.  Finjan also describes the technology that the multi-lingual language detector uses, ▬
6  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
7  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in order to detect programming
8  languages:



14  McGrath Decl., Ex. 7 at 48–52.  Accordingly, Finjan's infringement contentions identify the multi-
15  lingual language detector with enough specificity to meet its disclosure requirements under the Patent
16  Local Rules.  Cole Decl., ¶ 19.

17       SonicWall's argument that Finjan does not "explain how the items listed (e.g., a sandbox
18  scanner, a virtual machine, GAV, etc.) facilitate the detection of a stream's programming language" is
19  incorrect.  Motion at 17.  Finjan explicitly identified what functionality of the Accused Product it
20  contends are the multi-lingual language detectors and states that they inspect the incoming content to
21  determine the language.  This claim element only requires detection of one of a plurality of
22  programming languages, but the claim does not require that the detection is done in any specific
23  manner.  *See* McGrath Decl., Ex. 7 at 48.

## 2.       "scanner instantiator"

25       Finjan identifies the scanner instantiator including its functionality ▬▬▬▬▬▬▬▬
26  ▬▬▬▬▬▬▬▬▬▬▬ and what it instantiates ▬▬▬▬▬▬▬▬
27  ▬▬▬▬▬▬▬▬▬▬▬▬▬ as follows:

28

FINJAN'S OPPOSITION TO SONICWALL'S MOTION         CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS



McGrath Decl., Ex. 7 at 52-53 (emphasis added).  Thus, Finjan has identified the functionality of the scanner in the SonicWall Gateway to provide SonicWall sufficient notice of its infringement contentions.  Indeed, this is only one paragraph of many that describes the scanner instantiator.  These details provide proper notice of Finjan's infringement contentions, and as such, there is no basis for SonicWall's complaint that Finjan "fail[s] to identify any component that constitutes a scanner instantiator."  Cole Decl., ¶ 19; Motion at 17.

Further, SonicWall argues against the ***proof*** of the infringement contentions—namely, that "Finjan assumes that because a file is scanned, a scanner instantiator must have been used."  Motion at 17.  That SonicWall disagrees with Finjan's proffer does not mean that Finjan did not properly disclose what in each accused instrumentality it contends practices the scanner instantiator limitation.  *Id.*

### 3. "scanner for the specific programming language"

SonicWall concedes that Finjan identified scanners.  *Id.* at 17–18.  However, contrary to SonicWall's claims (which are based on snippets from Finjan's infringement contentions), Finjan 's contentions allege how the scanners are specific to a programming language, stating that the scanner



McGrath Decl., Ex. 7 at 52–53; *see also id.* at 54–55

### 4. "rules accessor"

Finjan's infringement contentions detail a rules accessor, its functionalities, and the components with which it interacts, all of which provide SonicWall with notice of Finjan's contentions (McGrath Decl., Ex. 7 at 57–67):

FINJAN'S OPPOSITION TO SONICWALL'S MOTION
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS          CASE NO.: 5:17-cv-004467-BLF-VKD



McGrath Decl., Ex. 7 at 59

Cole Decl., ¶ 19.

Accordingly, Finjan provided details about the rules accessor for accessing parser and analyzer rules.

Moreover, SonicWall's complaint that "Finjan does not identify any scanner that houses the rules accessor" completely ignores the prior claim limitation which relates specifically to the scanner. Motion at 18; McGrath Decl., Ex. 7 at 52–57 ("a scanner instantiator, stored on the medium and executed by the computer, operatively coupled to said receiver and said multilingual language detector for instantiating a scanner for the specific programming language, in response to said determining, the scanner comprising:"). Further, Finjan does identify a scanner in its infringement contentions for this claim limitation, as shown below:



FINJAN'S OPPOSITION TO SONICWALL'S MOTION          CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS



McGrath Decl., Ex. 7 at 63 (emphasis added).

### 5.   "analyzer for dynamically detecting"

Finjan's describes in detail an "analyzer for dynamically detecting" in its infringement

contentions, including the functionality of the analyzer, for example,

*Id*. at 75 (emphasis added).  Finjan's infringement contentions also identify what the analyzer

dynamically detects

*Id.* at 75-78.  Thus, Finjan offers sufficient information

regarding how the Accused Products satisfy this limitation.  Cole Decl., ¶ 19.

Further, SonicWall's complaint regarding Finjan's purported lack of identification of what the

analyzer (*see* Motion at 18) fails for the same reason that its "rules accessor" arguments fall short.

SonicWall completely ignores the earlier claim limitation which relates specifically to the scanner that

is set forth in a different part of Finjan's contentions.  McGrath Decl., Ex. 7 at 52–57 ("a scanner

instantiator, stored on the medium and executed by the computer, operatively coupled to said receiver

and said multilingual language detector for instantiating a scanner for the specific programming

language, in response to said determining, the scanner comprising:").  SonicWall should not be

permitted to ignore all the disclosures contained in Finjan's contentions and simply focus on a small

part to suggest Finjan's contentions are deficient.

SonicWall complains about the lack of identification of the specific component within the

technology that constitutes the analyzer (Motion at 18), but that is due to the nature of the technology.

19

Cole Decl., ¶ 19.  Because Finjan provides detailed information regarding the functionality of the analyzer, Finjan has provided sufficient notice to SonicWall under Patent Local Rule 3-1.

**6.    "notifier"**

SonicWall's claim that the notifier in Claim 9 is part of the scanner is not based on the actual claim language.  Motion at 19.  The "notifier" limitation is a separate element that does not fall under the components of "a scanner instantiator."  Indeed, the element that starts "a notifier, stored on the medium…" is indented left in the claim language, demonstrating that it is a separate claim element and not under the limitations of the scanner instantiator.  Ex. 9, '408 Patent, Col. 21, line 5.

**E.    Finjan's Infringement Contentions for the '844 Patent are Sufficient**

**7.    "inspector"**

Finjan's infringement contentions sufficiently describe multiple inspectors, including, for example, SonicWall Gateways ███████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████ McGrath Decl., Ex. 3 at 2; Cole Decl., ¶ 19.  Finjan elaborates and provides further examples of how and what the inspector interacts with by stating the following:

███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ McGrath Decl., Ex. 3 at 2 ████████████████████████ ███████████████████████████████████ ████████████

SonicWall's contention that Finjan is not accusing the SonicWall Gateways by itself is wrong, as Finjan has various contentions that the SonicWall Gateways infringe alone.  Motion at 19–21; McGrath Decl., Ex. 3 at 9 ██████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

20

Contrary to SonicWall's complaints, Finjan did not identify additional inspectors in the limitation for "generating by the inspector a first Downloadable security profile that identifies suspicious code in the received Downloadable."  Motion at 20–21.  Finjan's contentions regarding the inspectors for "generating" are described in the first claim limitation relating to "receiving by an inspector a Downloadable."  In the "receiving" limitation, Finjan points to an excerpt regarding the scanning engines in the SonicWall Gateways,

*See, e.g.*, McGrath Decl., Ex. 3 at 9–10 (ellipses added); *see also id.* at 8–9                                Thus, Finjan did not disclose additional scanners with regard to the "generating" step because the scanners were already identified in the first step relating to "receiving."

Finjan also identifies the inspectors for the "linking" limitation.  *Id.* at 29

21

1    ████████████████████████████████████████

2    ████████████████    Given that the "inspector" is referred to in the ***first claim limitation***

3    relating to "receiving by an inspector a Downloadable," Finjan sufficiently identified the inspectors.

4    As SonicWall admits, the same inspector performs all steps—receiving, generating, and linking.  Thus,

5    there is no merit to SonicWall's complaints because Finjan identified the inspectors earlier in the claim

6    and SonicWall again should not be allowed to ignore all the disclosures to argue Finjan's contentions

7    do not provide it sufficient notice.

8           Finally, ████████████████████████████████████

9    ████████████    Motion at 21.  This dispute, however, ultimately goes to proof, not the

10   sufficiency of Finjan's infringement contentions and should be disregarded.

11          **8.      "first content inspection engine" of Claim 15**

12          Finjan's infringement contentions describe the functionalities of the "first content inspection

13   engine" to provide SonicWall sufficient notice.  McGrath Decl., Ex. 3 at 36–69; Cole Decl., ¶ 19.  For

14   example, Finjan states that the ████████████████████████████████

15   ████████████████    McGrath Decl., Ex. 3 at 47; *see also id.* at 48 ████████

16   ████████████████████████████████████████

17   ████████████████    SonicWall fails to explain how it contends Finjan's

18   identification of the "first content inspection engine" is inconsistent when it is only used once in the

19   claim, in contrast to the "inspector" which must receive, generate, and link.  *Id.* at 44-69 (Claim 15(b):

20   "a first content inspection engine for using the first rule set to generate a first Downloadable security

21   profile that identifies suspicious code in a Downloadable, and for linking the first Downloadable

22   security profile to the Downloadable before a web server makes the Downloadable available to web

23   clients."); Motion at 21.

24          **F.      Finjan's Infringement Contentions for the '780 Patent are Sufficient**

25          Finjan sufficiently describes an "ID generator" ████████████████████████

26   ████████ and its functionality ████████████████████████████

27   ████████████████████████████████████████

28

FINJAN'S OPPOSITION TO SONICWALL'S MOTION      CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS

1

2

3

4

5 *See, e.g.*, McGrath Decl., Ex. 6 at 37–38.  Thus, contrary to

6 SonicWall's claims, Finjan's infringement contentions do not merely parrot the claim language.

7 Rather, they articulate Finjan's claims of infringement.  Motion at 22; Cole Decl., ¶ 19.

8 Further, SonicWall once again takes issue with the fact that Finjan does not identify a structure

9 for the ID generator.  Motion at 22.  But that does not mean that Finjan did not satisfy its obligations

10 under Patent Local Rule 3-1, given Finjan's detailed infringement contentions regarding the infringing

11 functionality of SonicWall's products.  McGrath Decl., Ex. 6 at 37–47.  Additionally, there may not be

12 an exact name for the structure that SonicWall seeks, as this is software related.  Cole Decl., ¶ 19.

13 **G.    Finjan's Infringement Contentions for the '154 Patent are Sufficient**

14 **1.    "transmitting the input to the security computer for inspection, when the first function is invoked"**

15 For this element, Finjan's contentions describe, for example, Capture ATP's dynamic analysis

16 content processor as "

17

18

19 McGrath Decl., Ex. 13 at 7–11.

20 To the extent SonicWall's Motion is regarding Finjan's descriptions regarding the "first

21 function" and "second function," those claim elements appear for the first time in another claim

22 limitation.  *Id.* at 1–7; Motion at 23.  And, for that part of the claims, Finjan provides a detailed

23 description of these terms.  *See*, *e.g.*, McGrath Decl., Ex. 13 at 1

24

25

26

27

28

23

### 2.   "invoking a second function with the input, only if a security computer indicates that such invocation is safe"

For this claim element, Finjan provided examples of a second function as

as being invoked if it is safe, and also identifying

*Id.* at 1.  Finjan further describes when a second function is safe to invoke by stating that

*Id.* at 1–2.

Thus, there is no basis for SonicWall's complaint regarding this limitation.  Motion at 23–24. Finjan has provided detailed contentions which give notice to SonicWall, but SonicWall is complaining regarding whether Finjan has sufficiently proved infringement.  *Id.*; Cole Decl., ¶ 19.

### 3.   Claim 10

Finjan's disclosures for Claim 10 are consistent with its disclosures for Claim 1.  McGrath Decl., Ex. 13 at 15–27.  Further, SonicWall's complaints regarding the limitation, "receive a modified input variable" (Motion at 24) are without basis because the limitation only requires what it says.  As such, to satisfy the claim limitation, Finjan does not have to explain what modifies the code or how it is modified, as SonicWall contends, because that is not what the claim requires.  *Id.*  As disclosed in another claim limitation concerning a

McGrath Decl., Ex. 13 at 15–23.

### 4.   Claim 3

Finjan's contentions for Claim 3 describe how the Accused Products meet the limitation requiring that

*Id.* at 14–15.  As shown below, Finjan explains how the input can be dynamically generated and an example of the input:

FINJAN'S OPPOSITION TO SONICWALL'S MOTION        CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS



*Id.*.  Therefore, SonicWall's complaint regarding this claim is baseless.  Motion at 24-25.

H.   **Finjan's Infringement Contentions for the '968 Patent are Sufficient**

Finjan's identification of the "policy index" in its infringement contentions detail SonicWall's infringement by describing, *inter alia*, that there is a ███████████████████ and the functionalities and structure of the policy index.  McGrath Decl., Ex. 15 at 6–21.  That is, Finjan alleges that the "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

McGrath Decl., Ex. 15 at 6–21 (emphasis added).

Finjan's infringement contentions also include various examples (which cite to SonicWall's documentation) that describe how the accused products meet this claim element.  For example, they state that the ████████████████████████████████████████████████████████████████████████ *Id.* at 14; *see also id.* at 16–17 ████████████████████████████████████████████

████ Thus, Finjan identified the functionalities within the Accused Products that is the policy index that satisfies the claim element to provide SonicWall with sufficient notice of its infringement contentions.  Cole Decl., ¶ 19.

V.   **CONCLUSION**

For the foregoing reasons, the Court should deny SonicWall's Motion to Compel Further Supplemental Infringement Contentions.

Dated:  February 15, 2019

By: */s/ Kristopher Kastens*
Paul J. Andre (State Bar. No. 196585)
Lisa Kobialka (State Bar No. 191404)
James Hannah (State Bar No. 237978)
Kristopher Kastens (State Bar No. 254797)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

FINJAN'S OPPOSITION TO SONICWALL'S MOTION         CASE NO.: 5:17-cv-004467-BLF-VKD
TO COMPEL FURTHER SUPP. INFRINGEMENT CONTENTIONS