UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>SONICWALL, INC.,<br>　　　　　Defendant. | Case No. 17-cv-04467-BLF (VKD)<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br>Re: Dkt. Nos. 111, 117, 119 |

In connection with defendant SonicWall, Inc.'s motion to compel supplemental infringement contentions (Dkt. No. 112), the parties filed administrative motions to file portions of their briefing under seal. Dkt. Nos. 111, 117, 119. Having considered those motions, as well as the parties' responses to the Court's order concerning redactions of its decision on SonicWall's motion to compel (Dkt. Nos. 143, 144), the Court grants in part and denies in part the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' respective motions to seal concerns matters that are before the Court in connection with SonicWall's motion to compel supplemental infringement contentions. The underlying motion papers does not address the merits of the parties' claims or defenses, but rather whether plaintiff Finjan, Inc. has disclosed its infringement in compliance with the requirements of the Patent Local Rules. The material to be sealed is related to the merits of the case, but only to the extent that Finjan's contentions frame the scope of the parties' dispute on questions of infringement. The Court therefore applies the "good cause" standard of Rule 26(c).

Most of the material proposed to be filed under seal constitutes technical information concerning the SonicWall products and services at issue in the action. SonicWall represents that much of this material is confidential or highly confidential information that, if disclosed to the public, would cause competitive harm to SonicWall. However, the parties acknowledge that not all of the material proposed to be sealed per their respective motions requires sealing, and they have both indicated that the material to which the Court has referred in its order deciding the motion to compel may be filed publicly. *See* Dkt. Nos. 139, 143, 144, 146. The Court has taken these representations into account in considering the pending motions.

Accordingly, the Court finds good cause to seal the following material:

| Document | Portions to be Sealed |
|---|---|
| Declaration of Robin McGrath in Support of SonicWall, Inc.'s Motion to Compel Further Supplemental Infringement Contentions (Dkt. No. 112-1) | Exhibits 3-15 |
| SonicWall Inc.'s Motion to Compel Further Supplemental Infringement Contentions (Dkt. No. 112) | Pg. 10, lines 14-20<br>Pg. 12, lines 6-11<br>Pg. 13, lines 12-15, 21-22<br>Pg. 14, lines 19-23<br>Pg. 15, lines 7-9, 20-27<br>Pg. 17, lines 27-28<br>Pg. 18, lines 1-6, 24-25, 27-28<br>Pg. 19, lines 5-11<br>Pg. 20, lines 3-11, 13-20, 21-28<br>Pg. 21, lines 6-9, 12-19<br>Pg. 22, lines 17-22, 28 |

| | Pg. 23, lines 1, 18-20 |
|---|---|
| Finjan Inc.'s Opposition to Defendant SonicWall's, Inc.'s Motion to Compel Further Supplemental Infringement Contentions (Dkt. No. 118) | Pg. 3, lines 14-23<br>Pg. 5, lines 22-26<br>Pg. 6, lines 14-23<br>Pg. 9, lines 1-9, 20-27<br>Pg. 10, lines 23-24<br>Pg. 11, lines 1-4, 7-8, 15-19, 28<br>Pg. 12, lines 1, 13-25<br>Pg. 13, lines 12-13<br>Pg. 14, lines 1-9, 18-22<br>Pg. 15, lines 15-19<br>Pg. 16, lines 25-27<br>Pg. 17, lines 1-4, 19-23<br>Pg. 18, lines 1-13, 21-27<br>Pg. 19, lines 1-2, 5-11, 13-16<br>Pg. 20, lines 11-13, 16-22, 25-27<br>Pg. 21, lines 1-4, 10-25, 27<br>Pg. 22, lines 1-2, 8-9, 16-17, 26-27<br>Pg. 23, lines 1-5, 16-19, 23-26<br>Pg. 24, lines 2-11<br>Pg. 26, lines 17-21 |
| SonicWall, Inc.'s Reply in Support of Motion to Compel Further Supplemental Infringement Contentions (Dkt. No. 120) | Pg. 10, lines 8-9, 21-22<br>Pg. 11, lines 12-14<br>Pg. 12, lines 7-8, 10-11 |

The Court finds that there is not good cause to seal the remainder of the material, which refers to Finjan's contentions and the bases for those contentions at a high level of generality, such that no confidential information of SonicWall is disclosed. Pursuant to Civil Local Rule 79-5(f)(3), the parties shall file revised redacted versions of their briefs that comply with this order by **May 23, 2019**.

**IT IS SO ORDERED.**

Dated: May 16, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3