UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| FINJAN, INC., <br>         Plaintiff, <br> v. <br> SONICWALL, INC., <br>         Defendant. | Case No. 17-cv-04467-BLF   (VKD) <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO SEAL** <br> Re: Dkt. Nos. 163, 169, 173, 182, 184 |

In connection with defendant SonicWall, Inc.'s motion to strike plaintiff Finjan, Inc's second supplemental infringement contentions (Dkt. No. 164), the parties filed administrative motions to file portions of their briefing and associated documents under seal. Dkt. Nos. 163, 169, 173. Having considered those motions, the Court grants the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' respective motions to seal concern matters that are before the Court in connection with SonicWall's motion to strike Finjan's second supplemental infringement contentions. The underlying motion papers do not address the merits of the parties' claims or defenses, but rather whether Finjan's infringement contentions comply with the Court's prior order. The material to be sealed is related to the merits of the case, but only to the extent that Finjan's contentions frame the scope of the parties' dispute on questions of infringement. The Court therefore applies the "good cause" standard of Rule 26(c).

Most of the material proposed to be filed under seal constitutes technical information and source code concerning the SonicWall products and services at issue in the action. SonicWall represents that much of this material is confidential or highly confidential information and that disclosure to the public would cause competitive harm to SonicWall. The Court agrees and finds that SonicWall has demonstrated good cause to seal the following material:

| Document | Portions to be Sealed |
|---|---|
| SonicWall Inc.'s Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 164) | Pg. 7, lines 3-4, 21-23<br>Pg. 8, lines 27-28<br>Pg. 10, lines 3-19<br>Pg. 11, lines 1-24<br>Pg. 13, lines 9-11, 26-28<br>Pg. 14, lines 1, 10, 12-22, 26-28<br>Pg. 15, lines 1-5, 15-19, 25-27<br>Pg. 16, lines 3-11, 17-24, 28<br>Pg. 17, lines 1-6, 14-21, 23-28<br>Pg. 18, lines 7-13, 16-19<br>Pg. 19, lines 1-15, 19-26<br>Pg. 20, lines 6-8, 10-14, 20-25, 27-28<br>Pg. 21, lines 1-5, 8-15, 28<br>Pg. 22, lines 1-16, 18-28<br>Pg. 23, lines 1-4, 8-13, 15-19 |
| Declaration of Robin McGrath in Support of SonicWall Inc.'s Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 164-1) | Ex. B, pg. 4<br>Exhibits C-JJ |
| Finjan Inc.'s Opposition to Defendant | Pg. 2, lines 4-6<br>Pg. 4, lines 7-8, 10-13, 15-19 |

| | |
|---|---|
| SonicWall's, Inc.'s Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 170) | Pg. 5, lines 1-12, 14, 19-20<br>Pg. 6, lines 13-17, 19-26<br>Pg. 7, lines 6-8, 18-20, 27-28<br>Pg. 8, lines 1-10, 21-25<br>Pg. 9, lines 1-4<br>Pg. 10, lines 26-28<br>Pg. 11, lines 16-17, 19<br>Pg. 12, lines 3-6, 9-10, 16-18, 27-28<br>Pg. 14, lines 12-13, 18<br>Pg. 15, lines 15-24<br>Pg. 16, lines 7, 9-15, 17<br>Pg. 17, lines 1-8, 18-26<br>Pg. 18, lines 13-16<br>Pg. 19, lines 1, 25-28 |
| Declaration of James Hannah in Support of Finjan Inc.'s Opposition to Defendant SonicWall's, Inc.'s Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 170-1) | Exhibits 1-16, 18-22 |
| SonicWall, Inc.'s Reply in Support of Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 174) | Pg. 2, line 6<br>Pg. 3, line 19<br>Pg. 5, line 18<br>Pg. 6, lines 3, 15-17, 18<br>Pg. 7, lines 10, 12, 14-15, 27-28<br>Pg. 8, lines 20-21<br>Pg. 9, lines 9-10, 21-22, 28<br>Pg. 10, lines 1, 3-4, 5, 16-17, 24, 26<br>Pg. 11, lines 1, 3-5, 6, 18-19 |
| SonicWall's Supplemental Brief in Support of Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 187) | Pg. 2, lines 2-22<br>Pg. 3, lines 2-3, 4-5, 6-20<br>Pg. 4, lines 1-14, 18-21<br>Pgs. 5-9<br>Pg. 10, lines 1-20, 22, 23<br>Pg. 11<br>Pg. 12, lines 1, 3-4 |
| Finjan's Supplemental Brief in Opposition to SonicWall's Motion to Strike Second Supplemental Infringement Contentions (Dkt. No. 185) | Entire document<br>Exhibits 1-4 |

*///*

**IT IS SO ORDERED.**

Dated: November 22, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge