UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br> Plaintiff, <br> v. <br> SONICWALL, INC., <br> Defendant. | Case No. 17-cv-04467-BLF (VKD) <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 191, 193, 202 |

In connection with two discovery disputes concerning defendant SonicWall, Inc.'s responses to plaintiff Finjan, Inc's discovery requests (Dkt. Nos. 192, 194), the parties filed administrative motions to file exhibits associated with their joint discovery dispute letters under seal. Dkt. Nos. 191, 193, 202. Having considered those motions, the Court grants the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' respective motions to seal concerns matters that are before the Court in connection with several disputes between the parties concerning SonicWall's responses to Finjan's discovery requests. The underlying discovery disputes does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

Most of the material proposed to be filed under seal constitutes source code and other technical information concerning the SonicWall products and services at issue in the action, as well as SonicWall's proprietary business information. SonicWall represents that this material is confidential information and that disclosure to the public would cause competitive harm to SonicWall. The Court agrees and finds that good cause exists to seal the following material:

| Document | Portions to be Sealed |
|---|---|
| Joint Discovery Letter re Damages-Related Discovery (Dkt. No. 192) | Exhibits 2 and 3 |
| Joint Discovery Letter re Technical-Related Discovery (Dkt. No. 194) | Exhibits 2 and 3 |
| Joint Submission Pursuant to the Court's November 21, 2019 Interim Order (Dkt. No. 202-2) | Attachments A-F |

The parties did not request to seal the cover pleading for their joint submission pursuant to the Court's November 21, 2019 Interim Order, but they nevertheless filed that cover pleading under seal. Dkt. Nos. 202, 202-2. No good cause exists to seal the cover pleading. The parties shall file the cover pleading (Dkt. No. 202-2) on the public docket by **December 6, 2019**.

**IT IS SO ORDERED.**

Dated: December 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2