UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br>     Plaintiff, <br> v. <br> SONICWALL, INC., <br>     Defendant. | Case No. 17-cv-04467-BLF (VKD) <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 215, 220, 224 |

In connection with plaintiff Finjan, Inc's motion for leave to amend its infringement contentions (Dkt. No. 216), the parties filed administrative motions to file portions of their briefing and associated documents under seal. Dkt. Nos. 215, 220, 224. Having considered those motions, the Court grants the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' respective motions to seal concern matters that are before the Court in

connection with Finjan's motion for leave to amend its infringement contentions. The underlying motion papers do not address the merits of the parties' claims or defenses, but rather whether Finjan has made a sufficient showing under Patent Local Rule 3-6 to amend its infringement contentions. The material to be sealed is related to the merits of the case, but only to the extent that Finjan's contentions frame the scope of the parties' dispute on questions of infringement. The Court therefore applies the "good cause" standard of Rule 26(c).

Most of the material proposed to be filed under seal constitutes technical information and source code concerning the SonicWall products and services at issue in the action. SonicWall represents that much of this material is confidential or highly confidential information and that disclosure to the public would cause competitive harm to SonicWall. The Court agrees and finds that SonicWall has demonstrated good cause to seal the following material:

| Document | Portions to be Sealed |
|---|---|
| Finjan's Motion for Leave to Amend Infringement Contentions (Dkt. No. 216) | Pg. 7, lines 14-16 |
| Declaration of Lisa Kobialka in Support of Finjan's Motion for Leave to Amend Infringement Contentions (Dkt. No. 216-1) | Exhibit 3<br>Appendices A-1 through J-7 |
| SonicWall's Response in Opposition to Finjan's Motion for Leave to Amend Infringement Contentions (Dkt. No. 221) | Pg. 4, line 22<br>Pg. 5, line 25<br>Pg. 9, lines 1-15<br>Pg. 10, lines 1-17 |
| Finjan's Reply in Support of Motion for Leave to Amend Infringement Contentions (Dkt. No. 225) | Pg. 1, lines 12-13<br>Pg. 2, lines 23-24<br>Pg. 3, lines 15-16<br>Pg. 5, lines 3-4, 8, 10, 11-16, 21-22, 23-28<br>Pg. 6, lines 1-28<br>Pg. 7, lines 1-3<br>Pg. 8, lines 17-18 |
| Declaration of Aakash Jariwala in Support of Finjan's Reply in Support of Motion for Leave to Amend Infringement Contentions (Dkt. No. | Exhibits 3, 5-9 |

| 225-1) | |

The Court notes that some of the material the parties ask to file under seal appears to refer to matters and information described at a relatively high level and/or previously described in the Court's November 20, 2019 order striking Finjan's second supplemental infringement contentions. Dkt. No. 210. In connection with that order, the Court provided the parties an opportunity to identify any necessary redactions before the order was filed publicly. Dkt. No. 197. Neither party requested any redactions. Dkt. No. 208. Accordingly, the Court re-filed the order without any redactions. Dkt. No. 210. Future requests for sealing should address whether the information proposed to be sealed has already been publicly disclosed.

**IT IS SO ORDERED.**

Dated: March 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge