UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br>        Plaintiff, <br><br>   v. <br><br> SONICWALL, INC., <br><br>        Defendant. | Case No. 17-cv-04467-BLF (VKD) <br><br> **ORDER DENYING LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Re: Dkt. No. 216 |

In this patent infringement action, plaintiff Finjan, Inc. ("Finjan") moves for leave to amend its infringement contentions. Dkt. No. 216. Defendant SonicWall, Inc. ("SonicWall") opposes. Dkt. No. 221. The motion was referred to the undersigned judge. Dkt. No. 75. The Court heard oral argument on the matter on January 28, 2020. Dkt. No. 227. Having considered the parties' submissions and arguments made at the hearing, the Court denies Finjan's motion for leave to amend.

## I.    BACKGROUND

On April 10, 2018, Finjan served its original infringement contentions, asserting infringement of the following ten patents: U.S. Patent Nos. 6,154,844 ("the '844 patent"); 7,058,822 ("the '822 patent"); 6,804,780 ("the '780 patent"); 7,613,926 ("the '926 patent"); 7,647,633 ("the '633 patent"); 8,141,154 ("the '154 patent"); 8,677,494 ("the '494 patent"); 7,975,305 ("the '305 patent"); 8,225,408 ("the '408 patent"); and 6,965,968 ("the '968 patent"). *See* Dkt. No. 112-2 at 2. After SonicWall objected to this original disclosure, Finjan served supplemental infringement contentions on November 9, 2018. Dkt. No. 118 at 2.

SonicWall moved to compel further supplemental infringement contentions on January 31,

2019. Dkt. No. 112. Finjan opposed the motion on February 15, 2019. Dkt. No. 118. In its opposition, Finjan made specific representations about its infringement theories, including the following statements:

> [C]ertain products are appliances that are capable of infringing malware analysis "on the box" (without connecting to the cloud) and infringe through the use of this analysis engine. However, these products can also connect to Capture ATP in the "cloud" for further malware analysis that also infringes.
> . . .
>
> Thus, Finjan's contention is that SonicWall's Gateway, ESA, and SMA instrumentalities infringe on their own, but also infringe when used with Capture ATP, as identified in Finjan's infringement contentions. Thus, Finjan's contentions explain how products infringe alone or with Capture ATP.

Dkt. No. 118 at 6, 7 (footnote omitted); *see also* Dkt. No. 129 at 12:09–14:57.

On May 1, 2019, the Court granted SonicWall's motion and ordered Finjan to amend its infringement contentions. Dkt. No. 146. That order required Finjan to eliminate open-ended language and references to unidentified components by, among other things, removing placeholder reference to unspecified products, services, or components, and specifying whether a product or service infringes alone or in combination. *Id.* Specifically, in response to Finjan's representations that it believed the Gateways and ESA instrumentalities could infringe in two ways—(1) "on the box," without connecting to cloud-based components, or (2) in combination with Capture ATP— the Court ordered Finjan to amend its contentions to specify whether an accused product or service infringes alone or in combination with Capture ATP. Dkt. No. 146 at 5. The Court also ordered Finjan to amend its contentions to specifically identify the elements of the accused instrumentalities that satisfy certain limitations of claim 6 of the '305 patent, claim 22 of the '926 patent, claim 9 of the '408 patent, claims 1 and 15 of the '844 patent, claim 9 of the '780 patent, claims 1, 10, and 3 of the '154 patent, and claims 1, 7, and 11 of the '968 patent. *Id.*

Finjan served its second supplemental infringement contentions on May 31, 2019. Dkt. No. 170 at 2. On September 24, 2019, SonicWall moved to strike parts of Finjan's second supplemental infringement contentions on the ground that Finjan's amendments did not comply with the Court's May 2019 order and asserted new theories of infringement not permitted under

2

United States District Court
Northern District of California

that order.  Dkt. No. 164.  Finjan opposed SonicWall's motion to strike, arguing that the second supplemental infringement contentions did not include new theories of infringement, but instead reflected Finjan's efforts to comply with the Court's order to more specifically identify infringing components.  Dkt. No. 170.

On November 20, 2019, the Court granted in part SonicWall's motion to strike.[1]  Dkt. No. 210.  The Court struck Finjan's contentions for the '926, '305, '844, '633, '154, '780, '822, and '494 patents that referred to the Gateways and ESA instrumentalities in combination with the CloudAV and GRID sandboxes, and honeypots and webcrawlers, based on Finjan's earlier repeated representations that the Gateways and ESA instrumentalities infringed either alone or in combination with Capture ATP only.  *Id.* at 3–6, 8.  The Court also struck the portions of Finjan's contentions for the '154 patent that referred to the Gateways and ESA instrumentalities in combination with the Stats server and URL Thumbprint Database as a new theory of infringement that Finjan had not previously disclosed.  *Id.* at 9.  Finally, the Court struck the portions of Finjan's contentions for the '968 patent identifying WXA appliances for the first time with respect to certain limitations as a new theory of infringement that Finjan had not previously disclosed.  *Id.* at 9–10.

Finjan now seeks leave to amend its infringement contentions to include the infringement theories that the Court struck in November 2019[2]: (1) the CloudAV and GRID Sandbox contentions in the Gateways and ESA "alone" charts for the '926, '305, '844, '633, '154, '780, '822, and '494 patents; (2) the Stats server and the URL Thumbprint Database contentions in the Gateways and ESA "alone" charts for the '154 patent; and (3) the WXA appliance contentions in the charts for the '968 patent.  Dkt. No. 216 at 3–4.

---

[1] The Court's order issued under seal on November 20, 2019.  Dkt. No. 196.  Because the parties did not indicate that any redactions needed to be made to that order (*see* Dkt. Nos. 197, 208), the Court re-filed the order without any redactions on December 3, 2019.  Dkt. No. 210.

[2] Finjan represents (and SonicWall does not dispute) that its proposed amendments are substantially the same as its second supplemental infringement contentions served on May 31, 2019.  Dkt. No. 216 at 4 n.2; Dkt. No. 221 at 1; Dkt. No. 232 at 8:3-7.

## II.    LEGAL STANDARD

A plaintiff may amend its infringement contentions "only by order of the Court upon a timely showing of good cause," such as the "[r]ecent discovery of nonpublic information about the Accused Instrumentality."  Patent L.R. 3-6.  When determining whether to grant leave to amend, the Court first considers whether the party seeking leave acted diligently.  *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (citation omitted).  The Court then considers whether the proposed amendment would unduly prejudice the non-moving party.  *Id.* (citation omitted).

## III.    DISCUSSION

### A.    Finjan's Diligence

#### 1.    Sandbox contentions

The Court first considers whether Finjan has been diligent with respect to its motion to amend to add contentions that SonicWall's Gateways and ESA appliances infringe in combination with the CloudAV and GRID sandboxes ("the sandbox contentions").

Whether a party has been diligent encompasses two considerations: (1) diligence in discovering the basis for amendment, and (2) diligence in seeking amendment once the basis for amendment has been discovered.  *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)).  The party seeking leave to amend carries the burden of establishing diligence.  *Id.* (citing *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014)).  "Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total."  *Word to Info Inc. v. Facebook Inc.*, No. 15-cv-3485-WHO, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016).

Finjan argues that it has been diligent in seeking to add the sandbox contentions.  It says it obtained new evidence from SonicWall in April 2019 regarding the CloudAV and GRID sandboxes.  Dkt. No. 216 at 1, 3.  Finjan included contentions concerning the Gateways and ESA instrumentalities in combination with the CloudAV and GRID sandboxes—without first seeking

leave—in the second supplemental contentions served on May 31, 2019. Finjan characterizes these sandbox contentions as "clarify[ing] and updat[ing]" its early contentions and insists that they raised no "new infringement issues." *Id.* at 3. Finjan says that it did not and could not have known that the Court would view the sandbox contentions as new infringement theories for which leave to amend had not been granted until the Court issued its November 20, 2019 order striking Finjan's second supplemental contentions. Dkt. No. 216 at 5; Dkt. No. 225 at 1; *see also* Dkt. No. 232 at 17:22-25, 19:17–20:14. Finjan suggests that requiring it to obtain leave to amend under these circumstances is a mere procedural formality. *See* Dkt. No. 216 at 5.

The problem with this argument is that it contradicts Finjan's own representations to the Court about its infringement theories. In February 2019, Finjan asserted two types of infringement with respect to the Gateways and ESA instrumentalities: (1) "on the box" without connection to cloud-based components, and (2) in combination with Capture ATP. Because the Court did not give Finjan leave to amend to add an additional theory—i.e., the Gateways and ESA instrumentalities infringe in combination with other cloud-based components such as the CloudAV and GRID sandboxes—Finjan was required to seek leave of the Court before including that theory in its infringement contentions. It did not seek leave. Finjan argues that it could not have known its unauthorized addition of the sandbox contentions was a problem until the Court said so in November 2019. Dkt. No. 232 at 10:1-11 ("It wasn't until November 20th that we were made aware from this Court that . . . [GRID] and Cloud AV were actually new contentions in [t]his case . . . . So I would say that the diligence period doesn't start until, you know, the earliest of November 20th, 2019 . . . ."). That argument is not credible, given Finjan's specific representations to the Court in February 2019 about its theories of infringement and the well-established requirements of the Patent Local Rules governing amendments. *See* Dkt. No. 210 at 4-6 (rejecting Finjan's argument that its May 2019 contentions disclosed existing infringement theories with greater particularity).

By Finjan's own account, the delay between Finjan's discovery of new evidence supporting its sandbox contentions and its December 2019 motion for leave to amend is eight

months.[3]  Finjan bears the burden of establishing that it was diligent in seeking amendment of its

contentions in these circumstances.  Critical to this inquiry is the connection between the proposed

amendments and the newly discovered evidence.  *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-

02965-MMC (DMR), 2016 WL 4945489, at *3 (N.D. Cal. Sept. 16, 2016).  Finjan argues that,

despite diligently seeking discovery from SonicWall, Finjan only "recently" obtained technical

documents and source code for the CloudAV and GRID sandboxes.  Dkt. No. 216 at 3, 5; Dkt. No.

225 at 1, 2.  By "recently," the Court understands Finjan to mean that it obtained new evidence in

April or May 2019, after serving its first supplemental infringement contentions in November

2018.  In its opening brief, Finjan describes the circumstances of its discovery of new evidence as

follows:

> SonicWall stymied Finjan's diligent discovery efforts, delaying Finjan's ability to present these infringement contentions prior to May 2019.  Since October 3, 2018, Finjan sought discovery of detailed technical information about SonicWall's GRID and CloudAV sandboxes.  At the time Finjan served its May 2019 infringement contentions, SonicWall still had not made any detailed technical disclosures regarding the GRID or CloudAV sandboxes so it was unclear if any to what extent the functionalities of either sandbox utilized components in the cloud versus on the box. . . . Finjan eventually sought relief from the Court, which ordered SonicWall to run additional keyword searches for the production of detailed technical documents relating to these topics.
>
> Finjan also diligently attempted to obtain relevant details about the accused instrumentalities, and Grid [sic] and CloudAV in particular, through deposition of 30(b)(6) topics, including for example, "[t]he use of SonicWall's Capture Labs and GRID Threat Network by the Accused Instrumentalities.").  Still no depositions have taken place to date.
>
> Finjan also repeatedly pressed Sonic Wall to provide source code for GRID, WXA, SMA and data for the Thumbprint database.  SonicWall only made some of this source code available for inspection, but not until August 2019, forcing Finjan to use the limited discovery available to it to include this functionality in the May 2019 Contentions.

Dkt. No. 216 at 5–6 (citations omitted).  Finjan does not tie any information that SonicWall

---

[3] In its opening brief, Finjan says it obtained new evidence from SonicWall in April 2019, but in its reply brief, Finjan says it did not have the critical discovery until May 2019.  *Compare* Dkt. No. 216 at 1 ("In April 2019, Finjan learned of new evidence of infringement that SonicWall had improperly withheld.") *with* Dkt. No. 225 at 1–2, 3, 5.

belatedly produced to Finjan's proposed sandbox contentions.  In fact, Finjan concedes that its proposed amendments are supported entirely with citations to documents and source code that SonicWall produced in May and November 2018.  *See* Dkt. No. 221 at 1, 3–5, 8.  However, in its reply brief, Finjan argues that the new information justifying its amendments is not any particular evidence SonicWall produced, but rather SonicWall's counsel's representation that the source code for the GRID sandbox overlaps with the source code for Capture ATP.  *See* Dkt. No. 225 at 2.  Putting aside Finjan's improper reliance on an argument made for the first time in its reply brief, the Court has reviewed the communications between counsel on which Finjan relies.  *See* Dkt. No. 215-6, Ex. 3 at 5–9.  Those exchanges reflect *disagreement* between counsel regarding characterization of "GRID," "CloudAV," and "Capture ATP."  But even if the Court were to adopt Finjan's interpretation of these exchanges, it is not clear how SonicWall's alleged representation about the relationship between the GRID sandbox source code and the Capture ATP source code supports the proposed amendments or justifies Finjan's delay in seeking leave to amend.

Finjan urges the Court to overlook its failure to seek leave earlier because, it argues, SonicWall has had the benefit of disclosure of Finjan's sandbox contentions since at least May 31, 2019 and did not move to strike those contentions for four months.  Dkt. No. 216 at 2, 6; Dkt. No. 225 at 8.  While these arguments might bear on the Court's consideration of whether SonicWall has suffered prejudice, the Court need not reach the question of prejudice unless it is satisfied that Finjan has been diligent in seeking amendment.  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Synopsys*, 2016 WL 4945489, at *5.  Here, Finjan's failure to move promptly for leave to amend—before adding new infringement contentions— contravenes one of the principal objectives of the Patent Local Rules: achieving certainty as to the patent holder's theories of infringement and the accused infringer's theories of invalidity.  *See O2 Micro*, 467 F.3d at 1365–66; *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.").

The Court is not persuaded that SonicWall is responsible for Finjan's improper addition of

the sandbox contentions in Finjan's May 2019 second supplemental infringement contentions, or for Finjan's eight-month delay in seeking leave to amend. The record contains no evidence that SonicWall misled Finjan about its position with respect to the second supplemental infringement contentions. *See O2 Micro*, 467 F.3d at 1367 (suggesting that one party's misleading conduct regarding stipulated amendment might justify delay in seeking leave of court). Rather, in failing to seek leave as the Patent Local Rules require, Finjan took a risk that SonicWall would object to the new infringement contentions. SonicWall did object, and the Court finds the objections are well taken.

Finjan has not demonstrated diligence in seeking leave to amend its infringement theories with respect to the sandbox contentions for the '926, '305, '844, '633, '154, '780, '822, and '494 patents.

### 2. Stats server/URL Thumbprint Database and WXA appliances

Finjan's briefing provides very little discussion in support of its amendments adding the Stats server and URL Thumbprint Database to the contentions for the '154 patent and adding WXA appliances to the contentions for the '968 patent. Dkt. No. 216 at 6; Dkt. No. 225 at 7. Finjan argues that it could not have made the proposed amendments prior to May 2019 because SonicWall did not make relevant source code information available for inspection until August 2019, thus Finjan was forced to rely on the only information it had available at the time. Dkt. No. 216 at 6; Dkt. No. 225 at 7; *but see* Dkt. No. 232 at 22:19-21 (asserting that SonicWall did not produce source code for Stats server and URL Thumbprint Database until May 2019).

The problem with Finjan's argument is that, by its own admission, there are no differences between its second supplemental infringement contentions served in May 2019 and the proposed amendments it now seeks to make. Finjan does not refer to any source code or other technical documentation made available for the first time in August 2019. In particular, Finjan does not explain how its discovery of any new information ties to its proposed amendments, which is critical to the Court's assessment of diligence. *Synopsys*, 2016 WL 4945489, at *3–5.

Finjan has not demonstrated diligence in seeking leave to amend with respect to its contentions concerning the Stats server and the URL Thumbprint Database for the '154 patent, or

with respect to the WXA appliances for the '968 patent.

### B. Prejudice to SonicWall

Because the Court concludes that Finjan has not acted diligently in seeking leave to amend its contentions, it does not reach the question of whether SonicWall would suffer prejudice if the amendments are permitted. *O2 Micro*, 467 F.3d at 1368; *Synopsys*, 2016 WL 4945489, at *5.

## IV. CONCLUSION

For the foregoing reasons, Finjan's motion for leave to amend its infringement contentions is denied.

**IT IS SO ORDERED.**

Dated: March 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge