UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SONICWALL, INC.,<br><br>　　　　　　Defendant. | Case No.  17-cv-04467-BLF   (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 249 |

In connection with a discovery dispute concerning defendant SonicWall, Inc.'s requests to obtain documents from another action that plaintiff Finjan, Inc. contends are protected under the attorney-client privilege and attorney work product doctrine (Dkt. No. 248), SonicWall filed an administrative motion to file portions of the parties' joint discovery dispute letter and an associated exhibit under seal.  Dkt. No. 249.  Having considered the parties' submissions, the Court grants the administrative motion, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016).  A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

*Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

SonicWall's motion to seal concerns information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether Finjan's assertion of the attorney-client privilege and attorney work product doctrine is proper. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

The material proposed to be filed under seal is derived from documents that have been designated "Confidential – Attorneys' Eyes Only." Finjan contends that the material encompasses confidential business and competitive information and that the material is also privileged, which the parties dispute. Dkt. No. 252. In these circumstances, the Court finds that good cause exists to seal the following material:

| Document | Portions to be Sealed |
| --- | --- |
| Joint Discovery Letter (Dkt. No. 248) | Highlighted portions on pages 2 and 3, and Exhibit A |

**IT IS SO ORDERED.**

Dated: April 22, 2020



VIRGINIA K. DEMARCHI
United States Magistrate Judge