PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRISTOPHER KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF<br><br>**DECLARATION OF AARON FRANKEL IN SUPPORT OF PLAINTIFF FINJAN, INC.'S SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW RELATING TO APRIL 17, 2020 JOINT DISCOVERY LETTER BRIEF**<br><br>Date:         May 4, 2020<br>Time:        N/A<br>Courtroom: 2, 5th Floor<br>Judge:       Hon. Virginia K. DeMarchi |

I, Aaron Frankel, declare:

1. I am a partner with the law firm Kramer Levin Naftalis & Frankel LLP, counsel of record for Plaintiff Finjan, Inc. ("Finjan"). I have personal knowledge of the facts stated herein and can testify competently to those facts. I make this declaration pursuant to the Court's Interim Order Re: April 17, 2020 Joint Discovery Letter Brief (Dkt. No. 255).

I. **Submission of Documents For *In Camera* Review**

2. As directed by the Court, Finjan is submitting the disputed documents listed on its privilege log (excluding the listed deposition testimony, which is limited to discussing the contents of the other documents) for *in camera* review. As further directed, Finjan is submitting the documents in electronic form (as PDFs) to VKDcrd@cand.uscourts.gov.

3. Document Nos. 1-3 were withheld in their entirety. In Document Nos. 4-8, the portions redacted on grounds of privilege and work product are highlighted. Where entire pages of a document are being redacted for privilege and work product, those redactions are indicated with a red box.

4. For the Court's convenience, attached hereto as **Exhibit 1** is Finjan's Consolidated Privilege and Redaction Log for *In Camera* Review ("Consolidated Log"). Finjan removed from the Consolidated Log the entries for documents not submitted to the Court, which include the deposition transcripts and the document for which SonicWall is not challenging Finjan's assertion of privilege. Finjan also grouped its entries so that there is only one log entry for each unique document (the original log contained multiple entries for documents that were marked as exhibits at multiple depositions).

5. In preparing the Consolidated Log, counsel identified a typographical error in Finjan's original log. The correct date for Document No. 8 on the log is October 8, **2005**, not October 8, **2015**. Other than the deposition transcripts, all of the disputed documents are dated 2005 and 2006. Document No. 3 is undated, but appears from its contents to have been created in 2008.

II. **Evidence of Confidential Nature of Disclosure**

6. As directed by the Court, Finjan identifies the following evidence from the materials identified in the parties' joint letter brief as supporting that, during the 2005-2008 timeframe when the

1

disputed documents were disclosed to Cisco's board observer, Yoav Samet, there was an agreement and understanding that Cisco and Mr. Samet would maintain the disputed documents as confidential.

7. **Exhibit 2** is a true and correct copy of Finjan's 2004 Investors' Rights Agreement, to which Cisco is a signatory, with the relevant portion of the agreement highlighted at page 15.

8. **Exhibit 3** is a true and correct excerpt from the April 10, 2019 Deposition of Daniel Chinn, with the relevant portion highlighted at page 242.

9. **Exhibit 4** is a true and correct excerpt from the February 1, 2019 Deposition of Yoav Samet, with the relevant portion highlighted at page 214.

10. Further evidence of the confidential relationship between Finjan and Cisco can be found in the following documents submitted for *in camera* review, which Finjan labelled as confidential when it provided them to Mr. Samet: Document Nos. 1, 3, 5-8. Finjan added highlighting to these documents to indicate the confidentiality designations. The confidentiality designations in Document Nos. 6 and 7 begin in the footer of each presentation footer on page 2. The other designations are found on the first page of the document.

I declare under penalty of perjury under the laws of the United States of America that each of the above statements is true and correct. Executed on May 4, 2020, in Allendale, New Jersey.

                                     */s/ Aaron Frankel*
                                       Aaron Frankel