UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SONICWALL, INC.,<br><br>        Defendant. | Case No.  17-cv-04467-BLF   (VKD)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 256, 257 |

In connection with a discovery dispute concerning plaintiff Finjan, Inc.'s ("Finjan") assertions of attorney-client privilege and attorney work product protection with respect to portions of and exhibits to the depositions of four witnesses who provided testimony in a separate litigation (Dkt. No. 248), the parties moved to file under seal the exhibits to the supplemental declarations filed in support of their respective positions. Dkt. Nos. 256, 257.  Having considered the parties' submissions, the Court grants the administrative motions to file under seal, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016).  A litigant seeking to seal documents or information in connection with such a motion

1  must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' motions to seal concern information submitted in connection with a discovery dispute. The underlying discovery dispute does not address the merits of the parties' claims or defenses, but rather whether Finjan's assertion of the attorney-client privilege and attorney work product doctrine is proper. The material to be sealed is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Rule 26(c).

The material proposed to be filed under seal is derived from documents that have been designated "Confidential – Attorneys' Eyes Only." Finjan contends that the material encompasses confidential business and competitive information and that the material is also privileged or otherwise protected, which the parties dispute. Dkt. No. 252. In these circumstances, the Court finds that good cause exists to seal the following material:

| Document | Portions to be Sealed |
| --- | --- |
| Declaration of Adam Frankel in Support of Plaintiff Finjan, Inc.'s Submission of Documents for In Camera Review Relating to April 17, 2020 Joint Discovery Letter Brief (Dkt. No. 258) | Exhibits 1-4 |
| Declaration of Matthew Gaudet Pursuant to Interim Order re April 17, 2020 Joint Discovery Letter Brief (Dkt. No. 259) | Exhibits 1-6 |

**IT IS SO ORDERED.**

Dated: July 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2