# Kramer Levin 

Paul Andre
Partner
T 650.752.1710
pandre@kramerlevin.com

990 Marsh Road
Menlo Park, CA 94025-1949
T 650.752.1700
F 650.752.1800

**August 7, 2020**

**VIA ECF DELIVERY**

The Honorable Virginia K. DeMarchi, Magistrate Judge
United States District Court, Norther District Of California
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street, San Jose, CA 95113

      Re:    *Finjan, Inc. v. SonicWall Inc. Case No.: 5:17-cv-04467-BLF*

To The Hon. Virginia K. DeMarchi:

    Plaintiff Finjan, Inc. and Defendant SonicWall, Inc. jointly submit this letter brief pursuant to the Court's Discovery Standing Order.

## I.    Discovery Cut-Off Dates

    Fact discovery closed on July 31, 2020.  Dkt. No. 246.  The last date for the parties to raise any discovery-related issues is August 7, 2020.

## II.    Statement of Dispute Requiring Resolution

    Pursuant to Fed. R. Civ. P. 37, Finjan moves the Court to deem Finjan's Requests for Admissions Nos. 17 – 19, and 22 ("RFAs") admitted based on SonicWall's failure to provide meaningful responses, or in the alternative, to require SonicWall provide complete responses within five days of the Court's order on this motion.

## III.    Finjan's Position

### A.    Background

    On June 30, 2020, Finjan served RFA Nos. 1-29 on SonicWall.  Ex. 1.  SonicWall served objections on July 30, 2020, making the following improper objections to RFA Nos. 17, 18, 19, and 22, it alleged that it did not exist and could not answer.  Ex. 1.  Because SonicWall evaded its obligation to provide full and complete responses and its objections are not a proper basis to refuse to respond, Finjan is forced to move the Court to deem the RFAs admitted, or in the alternative, to move to compel SonicWall to provide responses to the RFAs within five days.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



**B.     Finjan's Requests for Admissions**

Finjan's RFA Nos. 17 – 19, and 22 request admissions regarding SonicWall's awareness of Finjan, the asserted patents, and Finjan's prior or pending litigations.  Ex. 1.  These RFAs request SonicWall's knowledge of Finjan and its patents before the filing of the Complaint, which are as relevant to SonicWall's willful infringement and the hypothetical negotiation in an analysis of a reasonable royalty of damages.

Rather than provide meaningful responses, SonicWall tried to bury its head in the sand by denying the requests and unilaterally limiting its responses because it purportedly did not exist when it was part of Dell[1].  SonicWall should be required to provide responses to these RFAs because it has an obligation to provide full and complete responses.  Because of SonicWall's evasive responses, the RFAs should be deemed admitted.  Fed. R. Civ. P. 36(a)(6) ) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."); *Davis v. Elec. Arts Inc.*, Case No. 10-cv-03328-RS (DMR), 2018 WL 1609289, *4 (N.D. Cal. Apr. 3, 2018) (deeming RFA admitted when response was "evasive").

RFA Nos. 17, 18, 19, and 22 request that SonicWall admit that it was aware of Finjan's Asserted Patents, prior or pending patent litigations, and Finjan's patent licenses prior to the Complaint.  Ex. 1 at 8–10.  SonicWall improperly limited its responses by refusing to answer for the time frame during which the SonicWall business was a part of Dell between 2012 and 2016.  SonicWall's attempt to evade responding and hide behind the corporate structure of how Dell organized its business is improper.  *See*, *e.g.*, *Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. C 13-1247 JSW, 2013 WL 3877596, at *6–7 (N.D. Cal. July 25, 2013) (liability travels with successor company).  The SonicWall business had the same officers and employees when it was a part of Dell including Messrs. John Gmeunder (SonicWall's Senior Vice President, Chief Technology Officer), Dmitry Ayrapetov (SonicWall's VP of Platform Architecture), and John Gordineer (Director of Product Marketing), and Senthil Cheetancheri (distinguished engineer).  Indeed, SonicWall cannot claim it does not have possession, custody, or control over information during the time when it was a part of Dell because it also produced documents from the years when SonicWall was a part of Dell (2012-2016), including revenue information, and responded to other interrogatories requesting information in that timeframe.  For example, in response to Finjan's Interrogatory No. 1 regarding SonicWall's knowledge of Finjan's patents, it responded on behalf of what Dell knew of Finjan's other patent litigations in 2014.  By refusing to answer RFAs with respect to the time period before 2016, its objections contradict its ability to provide different responses to other discovery requests.  SonicWall cannot cherry pick during discovery what it is willing to respond to and what it is not.  Because the SonicWall business continued on after it divested from Dell, if SonicWall's employees today have information about what was known when they were a part of Dell, this information is in SonicWall's possession, custody, and control, and it cannot play games by claiming "it did not exist."  Accordingly, the Court should deem these RFAs admitted, or alternatively, require SonicWall to provide responses to these RFAs within five days.

---

[1] The SonicWall business was a part of Dell between 2012 and 2016.  SonicWall divested from Dell in 2016.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



**IV.     Finjan's View Regarding Hearing**

Finjan requests that the Court grant a hearing on this issue given the importance of the issues involved and SonicWall's reluctance to provide straightforward answers to these RFAs.

**V.      SonicWall's Position**

Finjan's request that the Court deem certain of its Request for Admissions ("RFAs") admitted or in the alternative that the Court compel SonicWall to provide supplemental responses to those RFAs should be denied as baseless and unwarranted.

With respect to RFA Nos. 17-19 and 22, Finjan asks that the Court "deem these RFAs admitted" notwithstanding that in each instance, SonicWall expressly *denied* the RFA. Although SonicWall included objections to the RFAs, it did not refuse to admit or deny the RFA. SonicWall is aware of no precedent in which a Court has compelled a party to change its response from "denied" to "admitted" simply because the opposing party prefers the latter response, and the cases Finjan cites certainly do not support that proposition. See *Davis v. Elec. Arts Inc.*, Case No. 10-cv-03328-RS (DMR), 2018 WL 1609289, *4 (N.D. Cal. Apr. 3, 2018) (finding defendants' explanation for its denial evasive where it ignored the plaintiff's agreement to narrow the RFA). Moreover, while Finjan and SonicWall disagree regarding the legal consequences of SonicWall's corporate form with respect to imputation of knowledge, that dispute is not properly resolved on a discovery motion regarding the adequacy of RFA responses.

As this Court has recognized, requests for admissions "are not, strictly speaking discovery devices." *James v. Maguire Corr. Facility*, No. C 10-1795 SI (pr), 2012 U.S. Dist. LEXIS 128534, at *9 (N.D. Cal. Sep. 10, 2012). Rather, requests for admissions "are designed to limit factual issues in a case." *Id.* For that reason, "requests for admissions should not be used to establish 'facts which are obviously in dispute.'" *Id.* (citation omitted).

Here, Finjan's RFA Nos. 19 and 22 expressly refer to SonicWall's knowledge of Finjan patents, litigations, and licenses as of 2014. "SonicWall" is shorthand for SonicWall, Inc., the defendant in this action. SonicWall, Inc. was incorporated in October of 2016 and thus did not exist prior to that time. Before SonicWall's incorporation, the SonicWall brand of products was manufactured and sold by the Dell Software Group, which was a division of Dell, Inc. The Dell Software Group sold a number of different brands, including the Quest and SonicWall brands. In 2016, Dell, Inc. sold the Dell Software Group to Francisco Partners and Elliott Management Corporation who, in turn, created SonicWall, Inc. as a stand-alone entity for the SonicWall brand.

In view of the foregoing, it is an undisputed fact that SonicWall, Inc., the defendant in this case, did not exist prior to October 2016. For that reason, SonicWall denied Finjan's RFA nos. 19 and 22, seeking admissions regarding SonicWall's knowledge two years prior to its existence. ("SonicWall did not exist in 2014. SonicWall therefore denies this Request.").[2] SonicWall's denial is wholly irrelevant to the issue of successor

---

[2] The fact that SonicWall produced documents created prior to its existence, does not, as Finjan alleges, have any bearing whatsoever on this issue. Under Federal Rule of Civil

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



liability, as Finjan suggest. Rather, the issue at hand is whether SonicWall can be forced to admit that it possessed knowledge of certain facts during a period of time that it did not exist. While Finjan may dispute the legal consequences of SonicWall's 2016 incorporation to this case, as this Court has recognized, RFAs "should not be used to establish 'facts which are obviously in dispute.'" *Id.*

Importantly, even if Finjan were correct that any knowledge Dell may have had about Finjan's patents, litigations, or patent licenses in 2014 should be imputed to SonicWall, Finjan's remedy is not to have this Court deem SonicWall's denials to be admissions. Rather, Finjan's remedy is spelled out in Fed. R. Civ. P. 37 (c)(2), which provides:

> *Failure to admit*. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

Finjan's complaints about SonicWall's objections are likewise meritless. As the requesting party, Finjan "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation . . . ." *James*, No. C 10-1795 SI (pr), 2012 U.S. Dist. LEXIS 128534, at *9. While the term "aware" may be common English with a readily understood meaning, Finjan's ambiguous use of that term in its RFAs is objectionable. Specifically, the RFAs ask SonicWall to admit that it was aware of Finjan's "prior or pending patent litigations," assertion of the "Asserted Patents" in "other patent litigations involving Finjan and third parties," and "one or more of Finjan's patent licenses." There is a huge difference, however, between having awareness that something exists and being aware of all aspects or details of that thing. It is for that reason that SonicWall followed up its objection to the term "aware" with an explanation as to the extent of its awareness. *See, e.g.*, SonicWall's Response to Finjan's RFAs 17 and 18 ("SonicWall was

---

Procedure 34(a), SonicWall was required to produce all non-privileged, responsive documents in its "possession, custody, or control," regardless of the author or creator of the document. Thus, SonicWall was obligated to produce documents in its possession from the pre-acquisition era and its doing so in no way constitutes an explicit or implicit admission regarding imputation of knowledge.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



generally aware of the fact that Finjan had filed multiple patent lawsuits, but SonicWall was not aware of the details of any particular lawsuit.").

The same applies to Finjan's RFA Nos. 17 and 18 which seek admissions regarding SonicWall's knowledge of Finan's patent litigations and the assertion of the Asserted Patents in those litigations "from prior to the filing of the Complaint in this case." "[P]rior to the filing of the Complaint in this case" includes the time period from before SonicWall's existence, and thus the dispute addressed above is equally applicable to these requests. Yet, SonicWall did not just deny these requests.  Rather, in response to both, SonicWall accompanied its denials with a further explanation for purposes of clarification.  *See James*, No. C 10-1795 SI (pr), 2012 U.S. Dist. LEXIS 128534, at *9 (the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification.").  Specifically, SonicWall explained that "post divestiture from Dell in 2016, SonicWall was generally aware of the fact that Finjan had filed multiple patent lawsuits, but SonicWall was not aware of the details of any particular lawsuit. SonicWall therefore denies this Request."  It is simply unclear what more Finjan wants, though it is clear they are not entitled anything more.

For these reasons, SonicWall requests that the Court deny Finjan's request that its RFAs be deemed admitted or alternatively, that SonicWall provide supplemental responses to the RFAs.

**VI.     SonicWall's View Regarding Hearing**

SonicWall requests that the Court grant a hearing on this issue.

**VII.    Attestation**

On August 6, 2020, lead counsel for the parties conferred via telephone regarding this discovery dispute in a good faith attempt to resolve the issues, during which attendees included Paul Andre, Hannah Lee, and Phuong Nguyen for Finjan and Matt Gaudet, Robin McGrath, and Jennifer Forte for SonicWall.

                                                                 Respectfully submitted,

Dated: August 7, 2020                 By:   */s/ Paul J. Andre*
                                                          Paul J. Andre, Esq.
                                                          KRAMER LEVIN NAFTALIS
                                                          & FRANKEL LLP
                                                          990 Marsh Road
                                                          Menlo Park, CA  94025
                                                          Telephone: (650) 752-1700
                                                          Facsimile: (650) 752-1800
                                                          pandre@kramerlevin.com

                                                          *Attorneys for Plaintiff*
                                                          FINJAN, INC.

**The Honorable Virginia K. DeMarchi, Magistrate Judge**
August 7, 2020



                                                      Respectfully submitted,

Dated: August 7, 2020                By:  */s/ Matthew C. Gaudet*
                                                          Matthew C. Gaudet, Esq.
                                                          DUANE MORRIS LLP
                                                          1075 Peachtree NE, Suite 2000
                                                          Telephone: (404) 253-6900
                                                          Facsimile: (404) 253-6901

                                                          *Attorneys for Defendant*
                                                          SONICWALL, INC.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

                                           */s/ Paul Andre*
                                                Paul J. Andre