# Kramer Levin



Paul Andre
Partner
T 650.752.1710
pandre@kramerlevin.com

990 Marsh Road
Menlo Park, CA 94025-1949
T 650.752.1700
F 650.752.1800

**August 7, 2020**

**VIA ECF DELIVERY**

The Honorable Virginia K. DeMarchi, Magistrate Judge
United States District Court, Norther District Of California
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street, San Jose, CA 95113

      Re:    *Finjan, Inc. v. SonicWall Inc. Case No.: 5:17-cv-04467-BLF*

To The Hon. Virginia K. DeMarchi:

Plaintiff Finjan, Inc. and Defendant SonicWall, Inc. jointly submit this letter brief pursuant to the Court's Discovery Standing Order.

**I.    Discovery Cut-Off Dates**

Fact discovery closed on July 31, 2020.  Dkt. No. 246.  The last date for the parties to raise any discovery-related issues is August 7, 2020.

**II.    Statement of Dispute Requiring Resolution**

Pursuant to Fed. R. Civ. P. 37(c), whether the Court should strike SonicWall's identification of "SonicWall's patent portfolio" from SonicWall's second supplemental initial disclosures, which was served on the last day of fact discovery.

**III.    Finjan's Position**

    **A.    Background**

SonicWall waited until the last day of fact discovery, July 31, 2020—and almost three years after Finjan filed its Complaint—to disclose its "patent portfolio" as purportedly relevant to its claims and defenses.  Ex. 1 at 13 (SonicWall's Second Supplemental Initial Disclosures, served July 31, 2020).  For several years, SonicWall never identified to Finjan, including in any of its interrogatory response, that it would be relying on its own patent portfolio to support any alleged defense.  Notably, during the parties' meet and confer, SonicWall's counsel was unable to identify how its "patent portfolio" is relevant.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



### B.  SonicWall's Belated Disclosure of its Patent Portfolio Should Be Stricken

SonicWall's untimely identification of its patent portfolio in its second supplemental disclosures on the close of fact discovery should be stricken. Fed. R. Civ. P. 26(e) "imposes an affirmative obligation on a party to supplement its initial disclosures 'in a timely manner' if the party learns that the disclosures are incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  *Vieste, LLC v. Hill Redwood Development*, No. C09-04024 JSW (DMR), 2011 WL 2181200, at *2 (N.D. Cal. June 3, 2011) (precluding reliance on witnesses that were belatedly disclosed).  Where a party has violated Rule 26's disclosure requirements, a court may prohibit the party "from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii), (c)(1)(C).  Additionally, a party in violation of Rule 26 may also be prohibited from using "information or [a] witness to supply evidence on a motion, at a hearing, or at trial," unless the failure to disclose the information or witness "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, SonicWall bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").

#### 1.  SonicWall's Belated Disclosure of its "Patent Portfolio" Is Not Substantially Justified

SonicWall cannot meet its burden of demonstrating that the identification of its "patent portfolio" on the last day of fact discovery in its initial disclosures is substantially justified.  SonicWall cannot make such a showing because it has not articulated how its "patent portfolio" is related to any of its defenses in this case.  In its Answer, SonicWall made no mention of its "patent portfolio," nor did it mention its "patent portfolio" in response to Finjan's interrogatories requesting the bases for SonicWall's affirmative defenses.  *See* Dkt. No. 103 at ¶¶ 232–262.  Indeed, SonicWall does not identify a single witness in its initial disclosures regarding SonicWall's patent portfolio.  See Ex. 1.

During the meet and confer between the parties, SonicWall alleged that Finjan should have known of SonicWall's intent to rely on its patents because it produced them during discovery, and Finjan should have known based on publicly available information before filing its Complaint.  Regarding SonicWall's first argument, Finjan could not have reasonably known that SonicWall intended to rely on SonicWall's patents for any purpose simply because SonicWall produced its patents in its document production.  SonicWall produced over 150,000 pages of documents, and it was unreasonable to ask Finjan to guess which documents SonicWall intended to rely on, particularly as this was the subject of Finjan's interrogatories regarding SonicWall's defenses.  Second, simply because a defendant owns patents of its own is irrelevant to whether it infringes different patents. *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement of someone else's patent.") (citation omitted).

Courts in this District routinely preclude parties from relying on information untimely disclosed where it could have been produced earlier. *See, e.g., Vieste*, 2011 WL

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



2181200, at *3 (precluding witnesses disclosed "two weeks before the close of fact discovery," noting this untimely disclosure "was not harmless"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808- HSG (HRL), 2015 WL 9900617, at *2–3 (N.D. Cal. Oct. 26, 2015) (precluding witnesses disclosed before the close of fact discovery); *Baird v. Blackrock Institutional Trust Co.*, N.A., 330 F.R.D. 241, 246–48 (N.D. Cal. Feb. 27, 2019) (same). Where SonicWall failed to disclose its "patent portfolio" in its initial disclosures until the very last day of the close of fact discovery, despite having this information available to it since Finjan filed its complaint in August 2017, the Court should fairly preclude SonicWall from being able to rely on the same information. If SonicWall intended to rely on its own patents for any defensible purpose, it should not have waited nearly *three years* to identify this information in its initial disclosures. Its belated disclosure is not substantially justified and is a problem of SonicWall's own making. Therefore, SonicWall's second supplemental initial disclosures, which identify its patent portfolio for the first time, should be stricken.

### 2. SonicWall's Belated Disclosure of its Patent Portfolio is Unfairly Prejudicial to Finjan

SonicWall's untimely disclosure causes significant and undue prejudice to Finjan. Because SonicWall waited until the last day of fact discovery to disclose its patent portfolio in its initial disclosures, SonicWall is now trying to backdoor in a new defense when Finjan did not have the opportunity to pursue any depositions or written discovery related to SonicWall's patent portfolio. Besides the fact that SonicWall has still not articulated what defense its "patent portfolio" is purportedly related to, had SonicWall disclosed its patent portfolio earlier in discovery, Finjan would have had the opportunity to pursue discovery regarding the same. Now, after the close of fact discovery, and less than a month before the expert reports are due, SonicWall should not be permitted to generically rely on its own patents to support an unspecified defense.

Because SonicWall has not articulated any particular defense that its patent portfolio related to, Finjan expects that SonicWall will try to confuse the jury at trial into believing that if a company owns patents of its own, it could not possibly infringe other patents. As discussed above, such an argument has no basis in the law and would be significantly unfairly prejudicial.

Therefore, the Court should strike SonicWall's untimely disclosure of its patent portfolio from its initial disclosures.

### IV.    Finjan's View Regarding Hearing

Finjan does not believe that a hearing would assist the Court in resolving the dispute because the facts are straightforward and SonicWall should have provided this information sooner.

### V.    SonicWall's Position

Finjan's request that the Court strike SonicWall's second supplemental initial disclosures because they purportedly "identify [SonicWall's] patent portfolio for the first time" is fundamentally flawed from both a legal and factual perspective.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



It is apparently Finjan's position that because SonicWall did not name in its initial disclosures the category of "SonicWall's Patent Portfolio" until the last day of discovery, SonicWall's identification is untimely, and thus Sonicwall cannot use its patent portfolio in any motions or at trial.  Finjan, however, misreads the requirements of Federal Rule of Civil Procedure 26.  Specifically, Federal Rule of Civil Procedure 26(a)(1)(A) requires the parties to provide, without awaiting a discovery request:

> **a copy—or a description by category and location**—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).  Thus, for any document or ESI that a party may use to support its claims or defenses, the party has the **option** of **either** including within its initial disclosures a description by category of such documents **or** providing a copy of the documents.  Finjan does not deny that SonicWall produced a copy of the patents in its patent portfolio – in fact it actually complains about that fact noting that "SonicWall dumped over 150,000 pages of documents" on it.  Rather, its complaint is that SonicWall never spelled out for Finjan that or how it would be relying on its portfolio.  Yet Federal Rule 26 does not require a party to identify the specific defenses for which it intends to use each document it produces.  That's what the discovery process is to be used for.

While Finjan complains that SonicWall's discovery responses never indicated that it intended to rely on its patent portfolio, Finjan did not submit any specific discovery requests that would have elicited such information.  Since SonicWall does not intend to rely on its patent portfolio in connection with any of its *affirmative* defenses, there would have been no reason for SonicWall to have identified its portfolio in response to interrogatories seeking the basis for SonicWall's affirmative defense.  And SonicWall was in no way obligated to inform Finjan during the parties' meet and confers how it intends to rely on its portfolio.  If, at the time that SonicWall refers to or otherwise uses its portfolio (for example, if Finjan's damages expert does not account for SonicWall's patents in conducting a proper apportionment analysis and SonicWall's expert relies on the portfolio to rebut SonicWall's apportionment analysis), Finjan believes such use is improper, Finjan has the ability to object to the use at that time.[1] However, moving to strike use of the patent portfolio at this time – when Finjan never served an interrogatory seeking such information and is speculating about what the use will be – is premature.

Notably, SonicWall produced its entire patent portfolio to Finjan *before* Finjan took the deposition of several of SonicWall's witnesses, including Alex Dubrovsky who is one of the named inventors on numerous SonicWall patents, and it produced specific patents within its portfolio as far back as 2018, before Finjan took any depositions in this case.  Nevertheless Finjan failed to ask any witness even a single question about the portfolio nor did it serve interrogatories seeking information about any SonicWall patents, including whether or how SonicWall intended to rely on the patents.  Thus, the idea that Finjan did not have the "opportunity to pursue any depositions or written discovery related to SonicWall's patent portfolio" is simply not supportable.  That Finjan chose to

---

[1] To be clear, SonicWall is not relying on its own patent portfolio to establish non-infringement

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



ignore SonicWall's ownership of numerous patents related to the accused products is of its own doing and should in no way preclude SonicWall from relying on such portfolio in a motion or at trial in a manner consistent with the case law (as determined by the standard pre-trial and in-trial objection process).

In view of the foregoing, the Court should deny in its entirety Finjan's request to strike SonicWall's second supplemental infringement contention.

### VI.     SonicWall's View Regarding Hearing

SonicWall requests a hearing regarding this dispute.

### VII.    Attestation

On August 6, 2020, lead counsel for the parties conferred via telephone regarding this discovery dispute in a good faith attempt to resolve the issues, during which attendees included Paul Andre, Hannah Lee, and Phuong Nguyen for Finjan and Matt Gaudet, Robin McGrath, and Jennifer Forte for SonicWall.

Respectfully submitted,

Dated: August 7, 2020     By:   /s/ Paul J. Andre
Paul J. Andre, Esq.
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

Dated: August 7, 2020     By:   /s/ Matthew C. Gaudet
Matthew C. Gaudet, Esq.
DUANE MORRIS LLP
1075 Peachtree NE, Suite 2000
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

*Attorneys for Defendant*
SONICWALL, INC.

The Honorable Virginia K. DeMarchi, Magistrate Judge
August 7, 2020



# ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

                                         */s/ Paul Andre*
                                               Paul J. Andre