**DUANE MORRIS LLP**
D. Stuart Bartow (SBN 233107)
Email: DSBartow@duanemorris.com
Nicole E. Grigg (SBN 307733)
Email: NEGrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Tel.: 650.847.4150
Fax: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
Robin L. McGrath
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

(Complete list of counsel for Defendant on signature page)

*Attorneys for Defendant*
SONICWALL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>  Plaintiff,<br>vs.<br><br>SONICWALL, INC., a Delaware Corporation<br><br>  Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**DEFENDANT SONICWALL INC.'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR LEAVE FOR ADDITIONAL PAGES FOR MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11, defendant SonicWall, Inc. ("SonicWall") brings this Administrative Motion to respectfully request permission to exceed the page limitation set forth in this Court's Standing Order Re Civil Cases, Section IV.A.1, concerning motions under Federal Rule of Civil Procedure 56. Specifically, SonicWall requests the Court increase the page limit for SonicWall's opening brief (and, correspondingly, Finjan's responsive brief) by 10 pages (for a total of 35 pages each) and increase the page limit for SonicWall's reply brief by 5 pages (for a total of 20 pages). Finjan opposes this motion.

SonicWall seeks this increase given the specific issues, previewed below, that should be addressed on the ten patents-at-issue, particularly in view of the history of Finjan litigation in which summary judgment has proven to be a valuable tool to streamline issues for the jury. The specific issues that SonicWall seeks to present in its summary judgment motion are identified below.

## II. BACKGROUND

This case involves twenty asserted claims from ten asserted patents: claims 15, 16, 41, and 43 of U.S. Patent No. 6,154,844 ("'844 Patent"); claims 10 and 14 of U.S. Patent No. 8,677,494 ("'494 Patent"); claim 9 of U.S. Patent No. 7,058,822 ("'822 Patent"); claim 9 of U.S. Patent No. 6,804,780 ("'780 Patent"); claim 1 of U.S. Patent No. 6,965,968 ("'968 Patent"); claims 22 and 25 of U.S. Patent No. 7,613,926 ("'926 Patent"); claims 1, 8, and 14 of U.S. Patent No. 7,647,633 ("'633 Patent"); claims 11 and 12 (which both depend from claim 1) of U.S. Patent No. 7,975,305 ("'305 Patent"); claim 1 of U.S. Patent No. 8,141,154 ("'154 Patent"); and claims 1 and 22 of U.S. Patent No. 8,225,408 ("'408 Patent"). The twenty asserted claims exceeds the standard of sixteen asserted claims set forth in *The Federal Circuit's Model Order Limiting Excess Patent Claims and Prior Art*. *See* Dkt. 56 at 19-20 (adopting Plaintiff's position for twenty asserted claims).

Finjan asserts these ten patents against seven different product groups and combinations of product groups: (1) Gateways; (2) Email Security products; (3) Capture ATP; (4) Gateways + Capture ATP; (5) Gateways + WXA; (6) Email Security products + Capture ATP; and (7) Capture Client + Capture ATP. The Court asked the parties to voluntarily use a "representative product"

procedure in order to simplify the proof, both for trial and summary judgment.  SonicWall was in favor of this, but Finjan's proposal did not designate any products whose resolution – one way or the other – would be agreed to resolve other products.  Following a meet-and-confer in which SonicWall requested again that Finjan propose "representative products" whose resolution – one way or the other – would then control the resolution of other designated products, Finjan declined.

### III. ARGUMENT

SonicWall is mindful that the mere number of asserted patents, by itself, is not cause to modify the Court's Standing Order.  SonicWall respectfully submits that additional pages are justified here because there are seven sets of specific issues that SonicWall intends to raise on various patents and product combinations, and because the merits of many of these issues have already been confirmed by the granting of at least partial summary judgment by this and other Courts.  Given the likely success of these issues on summary judgment – and the resulting crystallization of the issues for the jury – SonicWall seeks an increase in pages to have a full opportunity to brief the issues.  On average, the ten-page increase would give SonicWall five pages per issue.  It still would require extreme efficiency to brief these issues in 35 pages – and, of course, some of these issues will take more pages to brief, and some less – but this increase would at least make it possible to present these issues to the Court in a manner that is appropriate for resolution.  This also will avoid a scenario where SonicWall is not able to fairly narrow the issues for trial simply because of Finjan's unusually large assertion of patents and product combinations.

SonicWall intends to file a motion for partial summary judgment on the following issues.

1.  <u>Non-infringement of the '154 Patent</u>.  Regarding SonicWall's Capture ATP, Gateways, Gateways + Capture ATP, Email Security, Email Security + Capture ATP, and Capture Client + Capture ATP, Finjan alleges that the "call to a first function (i.e., substitute function)" recited in claim 1 is met by functions within the content as it was originally created, not any substitute function.  This Court granted Cisco summary judgment on essentially this same issue. *Finjan, Inc. v. Cisco Systems, Inc.*, 17-cv-00072-BLF (N.D. Cal. March 20, 2020), Dkt. No. 499, at 6-11.  SonicWall thus intends to move on the same issue here.

2

DEFENDANT SONICWALL INC.'S ADMINISTRATIVE MOTION FOR LEAVE FOR ADDITIONAL PAGES FOR SUMMARY JUDGMENT MOTION
CASE NO. 5:17-CV-04467-BLF (VKD)

2. <u>Non-infringement of the '633 and '822 Patents</u>.  The Court granted partial relief on summary judgment motions on issues in both the '633 and '822 Patents in the Blue Coat case, and the '633 Patent in the Cisco case.  In this case, for all accused products, SonicWall intends to file a motion for summary judgment concerning all asserted claims that the product features Finjan accuses are not mobile protection code because they do not do runtime monitoring or interception of code operations, and concerning claims 1 and 8 of the '633 Patent, and claim 9 of the '822 Patent that Finjan has failed to demonstrate the *transmission* of what Finjan alleges is mobile protection code.  In the Cisco case, the Court noted the transmission requirement is expressly set forth in claims 1 and 8 of the '633 Patent, *Cisco*, 17-cv-00072-BLF, Dkt. No. 499, at 15.  Further, Finjan's infringement allegations for claim 14 of the '633 Patent exclusively identify components of Capture ATP for all of the claim limitations, and thus Finjan does not actually set forth evidence of infringement by the products (e.g., Gateways, Email Security, and Capture Client) that are accused in combination with Capture ATP.

3. <u>Non-infringement of the '305 and '408 Patents</u>.  With respect to the asserted claims of the '305 and '408 Patents, Finjan's infringement allegations against Capture ATP, Gateways + Capture ATP, and Email Security + Capture ATP span multiple computers despite the claims requiring all of the elements to be found within a single computer.  *See* '305 Patent, cl. 1 ("A security system for scanning content within a computer, comprising: a network interface, housed within a computer…a database of parser and analyzer rules corresponding to computer exploits, stored within the computer…."); '408 Patent, cl. 1 ("…receiving, by a computer, an incoming stream of program code; determining, by the computer…; instantiating, by the computer…; identifying, by the computer…; dynamically building, by the computer…; dynamically detecting, by the computer…; and indicating, by the computer…."), cl. 22 ("A non-transitory computer-readable storage medium storing program code for causing a computer to perform the steps of…").  Finjan also fails to identify any evidence of "selectively diverting incoming content from its intended destination to said rule-based scanner" being performed by what Finjan identified as the network traffic probe, as required by claims 11 and 12 (via claim 1) of the '305 Patent to support its infringement allegations

concerning Capture ATP. Finjan identifies the "controller server" within Capture ATP as the claimed network traffic probe, but the controller server does not perform any selective diverting.

4. <u>Non-infringement of the '926 Patent</u>. SonicWall intends to move for summary judgment that Finjan has failed to demonstrate that the accused products (Capture ATP, Gateways + Capture ATP, and Email Security + Capture ATP) include "a transmitter…for transmitting the incoming Downloadable and a representation of the retrieved Downloadable security profile data to a destination computer" as required by asserted claims 22 and 25 of the '926 Patent. Finjan points to Capture ATP as the component that has the transmitter for transmitting, yet it has failed to identify any evidence that Capture ATP ever transmits the Downloadable anywhere much less does so with a representation of retrieved Downloadable security profile data. SonicWall's motion is case dispositive for the '926 Patent given Finjan's failure of proof on this claim element.

5. <u>Accusations of infringement by a product combination that was not released until after the expiration of the '926, '844, and '494 Patents</u>. Finjan accuses a combination of SonicWall's Email Security products and Capture ATP as infringing the asserted claims of the '926, '844, and '494 Patents. However, none of SonicWall's Email Security products were integrated with Capture ATP until after the '926, '844, and '494 Patents expired. Thus, this issue is ripe for summary judgment.

6. <u>Non-infringement based on the "Downloadable" term in the '926, '780, '494, and '844 Patents</u>. Finjan has a number of infringement allegations based solely on SonicWall's Gateway products. Claims 22 and 25 of the '926 Patent, claim 9 of the '780 Patent, claims 41 and 43 of the '844 Patent, and claims 10 and 14 of the '494 Patent all require a "Downloadable" to be received or obtained. The Court construed "Downloadable" as "an executable application program, which is downloaded from a source computer and run on the destination computer." SonicWall intends to move for summary judgment of non-infringement of these claims because SonicWall's Gateways analyzes individual internet protocol ("IP") packets as they pass through the firewalls, without ever reassembling the data carried by those IP packets into a file (unlike most gateway products in the marketplace sold by other vendors). An IP packet by itself – i.e., the thing that SonicWall's Gateways actually analyze – is not executable. Conversely, a file (which is comprised of data

extracted from multiple IP packets) cannot be executed without the file first being reassembled, which SonicWall's Gateways do not ever do.  Consequently, SonicWall's Gateways do not receive and/or obtain a Downloadable, i.e., "an executable application program, which is downloaded from a source computer and run on the destination computer," as required by the asserted claims and the Court's relevant claim construction.

7. <u>Damages issues</u>.  Finally, SonicWall intends to file for summary judgment on certain damages-related issues that impact all of the accused products.  Damages-related issues were presented (and granted) in the Cisco case, thus dramatically limiting Finjan's damages claims. *Cisco*, 17-cv-00072-BLF, Dkt. No. 499, at 32.  This was also the basis for partial summary judgment in *Finjan, Inc. v. Juniper Networks, Inc.*, No. 17-cv-05659-WHA (N.D. Cal. May 8, 2019), Dkt. No. 491, at 18.

Good cause exists for increasing the page limits for SonicWall's motion for summary judgment in this case given the number of asserted claims, asserted patents, and accused products.  An adequate discussion of the accused products and relevant undisputed material facts cannot be fully developed in the 25 pages set forth in the Court's Standing Order.  Defendant's request includes an equal increase in the number of pages for Plaintiff's responsive brief to ensure they are not prejudiced by this request.

## IV. **CONCLUSION**

For the foregoing reasons, SonicWall respectfully requests the Court to increase the opening and responsive briefs for its motion for summary judgment under Federal Rule of Civil Procedure 56 by 10 pages (for a total of 35 pages) and increase the reply by 5 pages (for a total of 20 pages).

Dated:  November 12, 2020

Respectfully submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg
Email:  NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
D. Stuart Bartow (SBN 233107)
2475 Hanover Street
Palo Alto, CA 94304-1194
Tel.: 650.847.4150
Fax: 650.847.4151

Matthew C. Gaudet (admitted *pro hac vice*)
Email: mcgaudet@duanemorris.com
Robin L. McGrath (admitted *pro hac vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (admitted *pro hac vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (admitted *pro hac vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900

Joseph A. Powers (admitted *pro hac vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (admitted *pro hac vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000

Attorneys for Defendant
SONICWALL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>                              Plaintiff,<br>    vs.<br><br>SONICWALL, INC., a Delaware Corporation<br><br>                              Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT SONICWALL INC.'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR LEAVE FOR ADDITIONAL PAGES FOR MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendant SonicWall's Administrative Motion for Leave for Additional Pages for Motion for Summary Judgment. The Motion is hereby **GRANTED** for good cause shown and based on the grounds set forth in Defendant's Motion. It is hereby **ORDERED** that SonicWall's opening brief in support of its motion for summary judgment under Federal Rule of Civil Procedure 56 shall not exceed 35 pages, Finjan's responsive brief shall not exceed 35 pages, and SonicWall's reply brief shall not exceed 20 pages.

**IT IS SO ORDERED**

Dated: _____

                                                                      Honorable Beth Labson Freeman
                                                                      United States District Court Judge