1

**DUANE MORRIS LLP**
D. Stuart Bartow (SBN 233107)
Email: DSBartow@duanemorris.com
Nicole E. Grigg (SBN 307733)
Email: NEGrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287759)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

*Attorneys for Defendant*
SONICWALL INC.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

18

19

20

21

22

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SONICWALL INC., a Delaware Corporation<br><br>        Defendant. | Case No. 5:17-cv-04467-BLF-VKD<br><br>**DECLARATION OF NICOLE E. GRIGG IN SUPPORT OF PLAINTIFF FINJAN, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (ECF NO. 314)** |

23

24

25

26

27

28

I, Nicole E. Grigg, declare as follows:

1.      I am an associate at the law firm of Duane Morris LLP and am counsel for Defendant SonicWall Inc. ("SonicWall").   I have personal knowledge of the matters set forth in this Declaration, and if called as a witness, could and would testify competently to such facts under oath. I submit this Declaration in Support of Finjan's Administrative Motion to File Documents Under Seal (ECF No. 314), pursuant to Civil Local Rule 79-5(d)-(e).  In making this Declaration, it is not my intention, nor the intention of SonicWall, to waive the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege.

2.      I have reviewed page 1, lines 12, 20-25; page 3, lines 1-7, 11-13; page 4, lines 14-21, 23-26; page 5, lines 6-12, 14; page 6, lines 3-10; page 7, lines 1-2, 6, 16-17; page 8 lines 6-7, 13-17, 21-22; page 9, lines 8, 10-18, 20-21, 26-27; page 10, lines 1-3, 7-8, 17-20 of Finjan's Opposition to SonicWall's Motion to Strike Finjan's Expert Reports as well as Exhibits B, C, D, E, F, G, I, J, K, L, M, N, O, and P to the Declaration of Jason Wolff in support of Finjan LLC's Opposition to SonicWall's Motion to Strike and confirmed that the foregoing documents Finjan attached to its Administrative Motion to Seal contains SonicWall's confidential information with the exception of page 9 lines 26-27 and page 10 lines 1-3 and 7-8 of Finjan's Opposition to SonicWall's Motion to Strike Finjan's Expert Report, which do not contain SonicWall confidential information.

3.      Specifically, Exhibits B, C, D, E, F, G, I, J, K, L, M, N, and O contain excerpts from Finjan's expert reports or infringement contentions which cite to and quote SonicWall's confidential technical information that SonicWall has designated as "Confidential – Attorneys' Eyes Only" and "Confidential – Attorneys' Eyes only – Source Code" pursuant to the Protective Order. Exhibit P is a technical specification that contains SonicWall's confidential technical information that SonicWall designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. Additionally, page 1, lines 12, 20-25; page 3, lines 1-7, 11-13; page 4, lines 14-21, 23-26; page 5,

1

lines 6-12, 14; page 6, lines 3-10; page 7, lines 1-2, 6, 16-17; page 8 lines 6-7, 13-17, 21-22; page 9, lines 8, 10-18, 20-21; page 10, lines 17-20 of Finjan's Opposition to SonicWall's Motion to Strike Finjan's Expert Reports include references to SonicWall's source code and technical specifications as well as Finjan's expert reports and infringement contentions, all of which contain information that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only – Source Code" pursuant to the Protective Order.  If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, operation, and source code related to SonicWall's proprietary products.

4.      Accordingly, Sonicwall does seek to seal page 1, lines 12, 20-25; page 3, lines 1-7, 11-13; page 4, lines 14-21, 23-26; page 5, lines 6-12, 14; page 6, lines 3-10; page 7, lines 1-2, 6, 16-17; page 8 lines 6-7, 13-17, 21-22; page 9, lines 8, 10-18, 20-21; page 10, lines 17-20 of Finjan's Opposition to SonicWall's Motion to Strike Finjan's Expert Reports as well as Exhibits B, C, D, E, F, G, I, J, K, L, M, N, O, and P to the Declaration of Jason Wolff in support of Finjan LLC's Opposition to SonicWall's Motion to Strike.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct. Executed on November 30, 2020, in Alameda, CA.


                                        /s/ Nicole E. Grigg
                                        Nicole E. Grigg