**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, LLC, A Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**SONICWALL INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11 and 79-5, this Court's Standing Civil Order Re: Civil Cases, the Parties Stipulated Protective Order (Dkt. 68) and Federal Rule of Civil Procedure 26(b)(5)(B), Defendant SonicWall Inc. ("SonicWall") hereby moves the Court for leave to file under seal, pursuant to Civil L.R. 79-5(d)-(e), the items identified in the table below:

| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
|  | Defendant SonicWall, Inc's Reply in Support of its Motion for Partial Summary Judgment | Highlighted portions at: Page 2: lines 3-4; Page 3: lines 3-4; Page 9: lines 15-21, 24-26; Page 10: lines 21, 23, 25-28; Page 11: lines 1-3, 5-17; Page 12: lines 1-3 | The highlighted portions of this document reflect information that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorney's Eyes Only – Source Code" pursuant to the Stipulated Protective Order. If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products. *See* Declaration of Nicole E. Grigg in Support of Administrative Motion to File Documents Under Seal ("Grigg Declaration"), ¶¶ 2-5. |
| 41 to Gunther Declaration | Excerpts from the July 14, 2020 John Gordineer Deposition Transcript | Entirety | This document contains testimony that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only - Source Code" pursuant to the Stipulated Protective Order. If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products, including its source code. *See* Grigg Declaration, ¶¶ 2-5. |
| 42 to | Excerpts from the July | Entirety | This document contains testimony |

| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Gunther Declaration | 21, 2020 Eric Hawkes Deposition Transcript | | that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only - Source Code" pursuant to the Stipulated Protective Order.  If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products, including its source code.  *See* Grigg Declaration, ¶¶ 2-5. |
| 43 to Gunther Declaration | Excerpts from the July 24, 2020 Michael King Deposition Transcript | Entirety | This document contains testimony that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only - Source Code" pursuant to the Stipulated Protective Order.  If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products, including its source code.  *See* Grigg Declaration, ¶¶ 2-5. |
| 44 to Gunther Declaration | Excerpts from the October 22, 2020 Dr. Eric Cole Deposition Transcript | Entirety | This document contains testimony that SonicWall has designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only - Source Code" pursuant to the Stipulated Protective Order.  If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's |

| Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| | | | proprietary products, including its source code. *See* Grigg Declaration, ¶¶ 2-5. |
| 45 to Gunther Declaration | Finjan's notice of inadvertently produced documents bearing Bates numbers Finjan-SW 047873-76 and privilege log dated July 24, 2018 | Entirety | This document contains information that Finjan has designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. *See* Grigg Declaration, ¶¶ 2-5. |
| 46 to Gunther Declaration | SonicWall's Comprehensive Gateway Security Suite datasheet bearing Bates Nos. SonicWall-Finjan 00454707-709 | Entirety | SonicWall has designated this internal datasheet "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products. *See* Grigg Declaration, ¶¶ 2-5. |
| 47 to Gunther Declaration | SonicWall's WAN Acceleration Appliance (WXA) Series datasheet bearing Bates Nos. SonicWall-Finjan 00017623-627 | Entirety | SonicWall has designated this internal datasheet "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products. *See* Grigg Declaration, ¶¶ 2-5. |

## II.   ARGUMENT

### A.   Legal Standard

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, records attached to non-dispositive motions,

such is the case here, are not subject to the strong presumption of access. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015) (internal citation omitted). Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of the Federal Rules of Civil Procedure Rule 26(c). *Id.* (internal quotation marks omitted).  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); see Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Sealing is appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id*.

  **B.** **SonicWall's Administrative Motion to Seal Is Supported By Good Cause and Is Narrowly Tailored**

As noted in the table above, SonicWall seeks to seal select portions of its Reply in Support of its Motion for Partial Summary Judgment ("Reply") at the pages listed in the table above and Exhibits 2-10 to the Declaration of Jarrad Gunther.  SonicWall's Reply quotes from or references the one or more exhibits that SonicWall is filing under seal which were designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SOURCE CODE" pursuant to the terms of the Stipulated Protective Order.  *See* Declaration of Nicole E. Grigg in Support of Administrative Motion to File Documents Under Seal ("Grigg Declaration"), ¶¶ 2-5.  Pursuant to Civil Local Rule 79-5, SonicWall has publicly filed the relevant excerpts of information that are not confidential.  Attached hereto are redacted and unredacted versions of SonicWall's Motion and unredacted versions of the exhibits in support thereof that SonicWall seeks to seal.

SonicWall seeks to seal Exhibits 41-44; 46-47 to the Declaration of Jarrad Gunther because they reflect or contain information that SonicWall has designated as "Highly Confidential –

Attorneys' Eyes Only" or "Highly Confidential – Attorney's Eyes Only – Source Code" pursuant to the Stipulated Protective Order.  If filed publicly, this confidential information could be used to SonicWall's disadvantage by competitors as it concerns the identification, organization, and or operation of SonicWall's proprietary products.  *See* Grigg Declaration, ¶¶ 2-5.

SonicWall contends that public disclosure of this information would cause irreparable harm to SonicWall.  *Id.*; *see also Andrx Pharms., LLC v. GlaxoSmithKline*, 236 F.R.D. 583, 586 (S.D. Fla. 2006) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the disclosure of scientific information."); *Network Appliance, Inc. v. Sun Microsys. Inc.*, 2010 WL 841274, at *5 (N.D. Cal. Mar. 10, 2010) (granting application to seal "information regarding NetApp's internal usability testing of its software").

SonicWall is sealing Exhibit 45 because it contains information designated by Finjan as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order

SonicWall's administrative motion is narrowly tailored and only seeks to seal the exhibits associated with SonicWall's Reply that were either designated in their entirety by Plaintiff Finjan or Defendant SonicWall as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or reflect information from which confidential and proprietary technical or financial information of SonicWall could be ascertained.  *See Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain[ed] . . . confidential product development information, the disclosure of which could harm [the defendant's] competitive advantage in the marketplace.").

### III.  CONCLUSION

For these reasons, SonicWall respectfully requests that the Court grant its Administrative Motion to Seal.

Dated:  December 31, 2020

**DUANE MORRIS LLP**

*/s/ Nicole E. Grigg*
Nicole E. Grigg
D. Stuart Bartow

| | |
|---|---|
| 1 | Matthew C. Gaudet (admitted *pro hac vice*) |
| 2 | Robin McGrath (admitted *pro hac vice*) |
|   | David C. Dotson (admitted *pro hac vice*) |
| 3 | Jennifer H. Forte (admitted *pro hac vice*) |
|   | Joseph A. Powers (admitted *pro hac vice*) |
| 4 | Jarrad M. Gunther (admitted *pro hac vice*) |
| 5 | *Attorneys for Defendant* |
|   | *SONICWALL INC.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 31, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Nicole E. Grigg
Nicole E. Grigg
