1  Juanita R. Brooks (CA SBN 75934) brooks@fr.com
   Roger A. Denning (CA SBN 228998) denning@fr.com
2  Jason W. Wolff (CA SBN 215819) wolff@fr.com
   John-Paul Fryckman (CA SBN 317591) fryckman@fr.com
3  K. Nicole Williams (CA291900) nwilliams@fr.com
   FISH & RICHARDSON P.C.
4  12860 El Camino Real, Suite 400
   San Diego, CA 92130
5  Telephone:  (858) 678-5070 / Fax:  (858) 678-5099

6  Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
   FISH & RICHARDSON P.C.
7  One Marina Park Drive
   Boston, MA 02210
8  Phone: (617) 542-5070/ Fax: (617) 542-5906

9  Robert Courtney (CA SNB 248392) courtney@fr.com
   FISH & RICHARDSON P.C.
10 3200 RBC Plaza
   60 South Sixth Street
11 Minneapolis, MN 55402
   Phone: (612) 335-5070 / Fax: (612) 288-9696

12
   Attorneys for Plaintiff
13 FINJAN LLC

14

15                    UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        (SAN JOSE DIVISION)

18 FINJAN LLC, a Delaware Limited Liability          Case No. 5:17-cv-04467-BLF (VKD)
   Company,
19                                                   **PLAINTIFF FINJAN LLC'S MOTION TO**
                    Plaintiff,                       **PRECLUDE TRIAL TESTIMONY**
20                                                   **RELATING TO WRITTEN**
                 v.                                  **DESCRIPTION**
21
   SONICWALL, INC., a Delaware Corporation,
22                                                   Date: June 24, 2021
                    Defendant.                       Time: 9:00 a.m.
23                                                   Judge: Hon. Beth Labson Freeman
                                                     Dept: Courtroom 3, Fifth Floor
24

25

26      # REDACTED VERSION OF DOCUMENT FILED
27                     # UNDER SEAL

28

1

**TABLE OF CONTENTS**

2   I.      NOTICE OF MOTION ..................................................................................................... 1

3   II.     STATEMENT OF RELIEF BEING SOUGHT AND THE ISSUE TO BE

4           DECIDED ...................................................................................................................... 1

5   III.    STATEMENT OF THE RELEVANT FACTS ................................................................ 1

6           A.      Nature and Stage of the Case ............................................................................. 1

7           B.      The Written Description Opinions of SonicWall's Technical Experts

8                   are Based on Alternative Claim Constructions Purportedly Drawn

9                   from Finjan's Infringement Allegations, Not the Court's

10                  Constructions ..................................................................................................... 1

11          C.      At Deposition, SonicWall's Technical Experts Confirmed Their

12                  Reliance on Alternative Claim Constructions Derived From

13                  Infringement Allegations ................................................................................... 3

14  IV.     ARGUMENT .................................................................................................................. 4

15          A.      Legal Standards .................................................................................................. 4

16          B.      The Opinions' Methodology of Comparing the Patents' Disclosures

17                  to Alternative Claim Constructions Derived From Infringement

18                  Allegations is Improper Under *Daubert* and Rule 702 ......................................... 6

19          C.      The Opinions Are Additionally Inadmissible Under Rule 403

20                  Because They are Non-Probative and Would Promote Confusion

21                  About the Claim Constructions the Jury Must Apply During Fact-

22                  Finding ............................................................................................................... 8

23  V.      CONCLUSION ............................................................................................................... 9

24

25

26

27

28

Case No. 5:17-cv-04467-BLF (VKD)
FINJAN'S DAUBERT MOTION RE WRITTEN
DESCRIPTION

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
   598 F.3d 1336 (Fed. Cir. 2010) (en banc)............................................................................6

5

6

*Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*,
   334 F.3d 1294 (Fed. Cir. 2003)............................................................................7

7

8

*Coleman v. Home Depot, Inc.*,
   306 F.3d 1333 (3d Cir. 2002)............................................................................5

9

10

*CytoLogix Corp. v. Ventana Medical Sys., Inc.*,
   424 F.3d 1168 (Fed. Cir. 2005)............................................................................8, 9

11

*Energy Trans. Grp. v. William Demant Holding A/S*,
   697 F.3d 1342 (Fed. Cir. 2012)............................................................................6

12

13

*Every Penny Counts, Inc. v. American Express Co.*,
   563 F.3d 1378 (Fed. Cir. 2009)............................................................................5, 8, 9

14

*Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co.*,
   590 F.3d 1326 (Fed. Cir. 2010)............................................................................7

15

16

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996)............................................................................5, 9

17

18

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008)............................................................................9

19

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (en banc)............................................................................5, 7

20

21

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985) (en banc)............................................................................7

22

*Summit 6, LLC v. Samsung Elecs. Co.*,
   802 F.3d 1283 (Fed. Cir. 2015)............................................................................5

23

24

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)............................................................................5

25

26

*United States v. Redlightning*,
   624 F.3d 1090 (9th Cir. 2010)............................................................................5

27

28

1

**Statutes**

2

35 U.S.C. § 112, ¶ 1...................................................................................................................5

3

**Other Authorities**

4

Fed. R. Evid. 403.......................................................................................................................5

5

Fed. R. Evid. 702.......................................................................................................................4

6

Fed. R. Evid. 703.......................................................................................................................5

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:17-cv-04467-BLF (VKD)
FINJAN'S DAUBERT MOTION RE WRITTEN
DESCRIPTION

1    **I.    NOTICE OF MOTION**

2         **NOTICE IS HEREBY GIVEN** that on June 24, 2021, at 9:00 a.m. PT or as soon as

3    counsel may be heard by the Honorable Beth Labson Freeman, Plaintiff Finjan LLC ("Finjan")

4    will and hereby does move for an order precluding certain trial testimony from Aviel Rubin,

5    Ph.D.; Kevin Almeroth, Ph.D.; and Patrick McDaniel, Ph.D. (together, "the SonicWall Technical

6    Experts").

7    **II.    STATEMENT OF RELIEF BEING SOUGHT AND THE ISSUE TO BE DECIDED**

8         Finjan seeks an order precluding Drs. Rubin, Almeroth, and McDaniel from presenting at

9    trial any opinions that any asserted patent lacks sufficient written description for its asserted

10   claims, and/or that any asserted patent is invalid for that reason.  The issue to be decided is

11   whether the SonicWall Technical Experts' opinions on this issue comport with controlling law

12   requiring that the written description inquiry apply the claims as construed by the court, and not

13   alternative constructions purportedly gleaned from infringement contentions.

14   **III.    STATEMENT OF THE RELEVANT FACTS**

15        **A.    Nature and Stage of the Case**

16        This is a patent case.  Finjan accuses Defendant SonicWall, Inc. ("SonicWall") with

17   infringing eight Finjan patents.  Discovery in this case closed in October 2020, and the Court has

18   scheduled trial to begin on May 3, 2021.

19        **B.    The Written Description Opinions of SonicWall's Technical Experts are Based**

20             **on Alternative Claim Constructions Purportedly Drawn from Finjan's**

21             **Infringement Allegations, Not the Court's Constructions**

22        In September 2020, SonicWall's counsel served expert reports from each of the SonicWall

23   Technical Experts.  Each of these reports contains opinions about the sufficiency of the written

24   description supporting Finjan's claims.[1]  Each of these opinions applies the same basic

25   _____

26   [1] Exhibits ("Exh.") are attached to the Declaration of Robert Courtney in Support of Finjan's

27   Motion to Preclude Trial Testimony Relating to Written Description.  The Rubin report addressed

28

                                        1                    Case No. 5:17-cv-04467-BLF (VKD)
                                                             FINJAN'S DAUBERT MOTION RE WRITTEN
                                                             DESCRIPTION

1    methodology of using Finjan's infringement contentions, rather than this Court's claim

2    constructions, as the basis for the written description analysis of each patent. The SonicWall

3    Technical Experts' methodology has four steps:

4              1.       Identifying an infringement contention by Finjan against a

5                       SonicWall product or functionality;

6              2.       Based on Finjan's contention, forming an alternative

7                       construction of a claim limitation(s);

8              3.       Reasoning that Finjan would have adopted this alternative

9                       construction; then

10             4.       Stating an opinion as to whether the written description

11                      teaches or suggests an embodiment conforming to the

12                      alternative claim construction.

13         All three SonicWall Technical Experts employed this infringement-focused methodology

14   in all their 112 analyses. *See* Exh. A at 212–40; Exh. B at 253–86; Exh. C at 128–41.

15         The Opening Rubin report's treatment of one limitation from the '408 patent represents the

16   SonicWall technical experts' general approach. (*See* Exh. A at 212–40.) It begins by analyzing

17   Finjan's infringement contentions. (*Id.* at 212 ("Finjan contends this claim language is met . . .

18   .").) The Report then discusses some of the operational details of the SonicWall accused products

19   and Finjan's infringement allegations against them. (*Id.* at 212–14.) The Report hypothesizes that

20   one basis for those allegations might have been an alternative interpretation of the '408 claim term

21   "an incoming stream of programming code" such that the term would cover "███████████

22   ████████████████████." (*Id.* at 213.) The Report assigns this hypothetical construction to

23   Finjan, though it cites neither any filing by Finjan adopting that construction, nor the Court's

24   ────────────────────

     U.S. Patents 8,225,408; 7,975,305; 7,613,926; and 6,965,968. The Almeroth report addressed

25   U.S. Patents 6,154,844 and 8,141,154. The McDaniel report addressed U.S. Patents 8,677,494

26

27   and 6,804,780. Excerpts from these reports are attached as Exhs. A, B, and C, respectively.

28

1  claim construction order.[2]  (*Id.*)  Finally, the Report compares its alternative construction to the

2  specification of the '408 patent to look for disclosure of the exact alleged functionality.  (*Id.* at

3  213–14.)  After quoting various matter from the patent, the Report opines based on those quotes

4  that a skilled artisan would not find support in the patent for the claim under this alternative,

5  hypothetical interpretation never adopted by (or even submitted to) the Court.  (*Id.* at 214.)

6      This same basic approach—starting with the infringement allegations, using them to craft a

7  strawman alternative claim construction, assigning that alternative construction to Finjan, then

8  assessing the written description under that alternative construction—is in each of the SonicWall

9  Technical Experts' reports concerning written description.

10      **C.**    **At Deposition, SonicWall's Technical Experts Confirmed Their Reliance on**

11          **Alternative Claim Constructions Derived From Infringement Allegations**

12      When challenged at deposition, the SonicWall Technical Experts confirmed that their

13  analysis of written description primarily relied on Finjan's infringement contentions, and not on

14  the Court's Claim Construction Order or the terms' ordinary meaning to one of skill in the art.

15      **Dr. Rubin** confirmed that under the proper construction of the claims, he was "not

16  challenging" written description.  (Exh. D 50:11–18 ███████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████

19  ██████████████████████████████).  He confirmed that his written

20  description opinions were based entirely on constructions that the Court has not adopted, and

21  would apply only if the Court "████████████████████████

22  ████")  (*Id.* at 46:9–47:1.)

_____

[2] While there are intermittent citations to the Claim Construction Order in the reports' written

description analysis, the analysis primarily relies on Finjan's infringement contentions, and only

secondarily (at best) on the Court's claim constructions.

28

1        **Dr. Almeroth** described his written description argument as a "conditional" argument, and

2  that he was not providing a written description opinion under "the proper" interpretation of the

3  claims.  (Exh. E 62:22–63:2, 64:13–19.)  His analysis was expressly "predicated based on a claims

4  scope" that he purportedly discerned from Finjan's "infringement allegations."  (*Id.* at 67:8–15.)

5        **Dr. McDaniel** confirmed that he—like all the SonicWall experts—was applying a

6  different claim construction for written description than he applied to either infringement or other

7  aspects of invalidity.  (Exh. F 54:12–21 (describing how his written description discussion

8  "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").)  And, like the other

9  experts, he offered no written description opinion under the claim construction actually entered by

10  the Court.  (*Id.* at 55:16–20.)

11  **IV.  ARGUMENT**

12        The opinions concerning written description in the SonicWall Technical Experts' reports

13  are expressly based on alternative claim constructions crafted by the SonicWall Experts from

14  Finjan's infringement allegations.  Such methodology is improper as a matter of law, *per se*

15  unreliable, and improper for consideration by the jury.  The Court should not permit SonicWall to

16  confuse the jury with opinion testimony based on alternative claim constructions prepared by

17  SonicWall and never adopted by the Court or by Finjan.  Because the same fundamental

18  methodological defect applies across the written description analysis of all SonicWall Experts, the

19  Court should enter an order precluding those experts from presenting opinions at trial concerning

20  the sufficiency of written description for any patent-in-suit.  The jury should only be presented

21  with one set of claim constructions: those in the Court's Claim Construction Order.

22        **A.  Legal Standards**

23        **Evidentiary standards.**  As the Court knows, Rule 702 bars qualified experts from

24  presenting to the jury opinions that are not the "product of reliable principles and methods," or

25  where the record indicates a failure by the expert to "reliably appl[y] the principles and methods to

26  the facts of the case."  Fed. R. Evid. 702(c), (d).  Rule 703 bars experts from basing their opinions

27

28

1   on facts or data other than those that experts in the field would "reasonably rely on."  Fed. R.

2   Evid. 703.

3        In the Ninth Circuit, as throughout the U.S., "[t]he trial judge must perform a gatekeeping

4   function to ensure that the expert's proffered testimony is both reliable and relevant."  *United*

5   *States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010). A district court "may exclude

6   evidence that is based on unreliable principles or methods, [or] legally insufficient facts or data."

7   *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015).  Where the expert,

8   or the party proffering the expert's testimony, is unable to "justif[y] the application of a general

9   theory to the facts of the case," the affected testimony should be excluded.  *Uniloc USA, Inc. v.*

10  *Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed. Cir. 2011).

11       Additionally, under Rule 403 evidence is excludable if its "probative value is substantially

12  outweighed" by the risk of "unfair prejudice, confusing the issues, [or] misleading the jury."  Fed.

13  R. Evid. 403; *see also Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)

14  ("[E]vidence may be excluded if its probative value is not worth the problems that its admission

15  may cause[.]").

16       **Standards for claim interpretation.**  The Supreme Court has long held that patent claim

17  interpretation is an issue of law, to be resolved exclusively by the court.  *Markman v. Westview*

18  *Instruments, Inc.*, 517 U.S. 370, 372 (1996).  In jury trials, the court supplies its constructions to

19  the jury via instructions.  *E.g.*, *Every Penny Counts, Inc. v. American Express Co.*, 563 F.3d 1378,

20  1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the

21  patent claims are not left to the jury.")  Claim interpretation is not, in any sense, a jury issue.  *Id.*

22  Courts construing patent claims give terms the meaning they would have to a person of ordinary

23  skill in the art at the time of the invention in view of the specification and the prosecution history.

24  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc).

25       **Standards for assessing the sufficiency of a patent's written description.**  The Patent

26  Act requires that each patent contain a sufficient written description "as to enable any person

27  skilled in the art . . . to make and use the same[.]"  35 U.S.C. § 112, ¶ 1.  Specifically, the

28

5

1   description must "clearly allow persons of ordinary skill in the art to recognize that the inventor

2   invented what is claimed." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir.

3   2010) (en banc) (quote marks omitted).  "[T]he test for sufficiency is whether the disclosure of the

4   application relied upon reasonably conveys to those skilled in the art that the inventor had

5   possession of the claimed subject matter as of the filing date." *Id.*  The sufficiency of written

6   description is evaluated based on "the four corners of the specification." *Id.*  A patent satisfies the

7   written description requirement where its specification is adequate "to support the full scope of the

8   claims as construed [by the court]." *Energy Trans. Grp. v. William Demant Holding A/S*, 697 F.3d

9   1342, 1350 (Fed. Cir. 2012).  Fact-finders evaluating the sufficiency of a patent's written

10   description apply a presumption that the description is sufficient.  A patent may be invalidated on

11   written description grounds only upon clear and convincing evidence that the full scope of the

12   claims, using the construction assigned by the court, lacks support in the written description.

13   *Ariad*, 598 F.3d at 1354.

14   **B.      The Opinions' Methodology of Comparing the Patents' Disclosures to**

15   **Alternative Claim Constructions Derived From Infringement Allegations is**

16   **Improper Under *Daubert* and Rule 702**

17   The written description opinions offered by Drs. Rubin, Almeroth, and McDaniel are

18   inadmissible under *Daubert* due to their use of alternative claim constructions (purportedly drawn

19   from Finjan's infringement allegations) instead of constructions approved by the Court.  That

20   approach is improper as a matter of law, and for each of the SonicWall Experts it led to a

21   distorted, unreliable methodology.  Instead of comparing each patent's construed claims with its

22   description as the law requires, the SonicWall Experts compared Finjan's infringement allegations

23   (and hypothetical claim constructions derived therefrom) to try and find an embodiment in the

24   patent that exactly matched what was alleged to satisfy those limitations.  There is no legal support

25   for such an approach, particularly in the context of a presentation to a jury.

26   For a written description inquiry (as for any other inquiry into the validity of a patent

27   claim), claims are interpreted according to their ordinary meaning at the time of the invention, in

28

6

Case No. 5:17-cv-04467-BLF (VKD)
FINJAN'S DAUBERT MOTION RE WRITTEN
DESCRIPTION

1   view of the specification and the prosecution history.  *Koninklijke  Philips Elecs. N.V. v. Cardiac*

2   *Sci. Operating Co.*, 590 F.3d 1326, 1336 (Fed. Cir. 2010) ("A district court must base its analysis

3   of written description . . . on proper claim construction."); *see also Phillips*, 415 F.3d at 1312–13.

4   District courts typically provide that interpretation via pre-trial claim construction proceedings in

5   which the parties are instructed to bring interpretive disputes forward and have them resolved, as

6   was done here.  (*See* Claim Constr. Order (Mar. 26, 2019), D.I. 132.)  During that process, post-

7   patent documents—such as infringement contentions—that are "not contemporaneous with the

8   patent" and that do not help establish what claim terms meant at the time of the invention, are "not

9   considered."  *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1299 (Fed. Cir.

10   2003).  For more than thirty years the Federal Circuit has specifically reminded litigants, "A claim

11   is construed in light of the claim language, the other claims, the prior art, the prosecution history,

12   and the specification, ***not*** in light of the accused device."  *SRI Int'l v. Matsushita Elec. Corp. of*

13   *Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc).

14          The written description opinions here contravene such law because the opinions employ

15   claim constructions that the SonicWall Experts did not receive from the Court, and did not derive

16   from the specification or prosecution history.  The alternative constructions on which the

17   SonicWall Experts based their opinions were purportedly gleaned from Finjan's infringement

18   allegations, which post-date the patents by years.  None of the SonicWall Experts contend that the

19   infringement allegations are valid claim construction evidence, yet all of them rely on them for

20   that purpose.  Dr. Rubin confirmed that his written description opinions could apply only if the

21   Court adopts those constructions—which it has not done.  (Exh. D at 46:9–47:1.)  Dr. Almeroth

22   stated that his analysis was discerned from Finjan's "infringement allegations," and that he had no

23   written description opinion under "the proper" (i.e., the Court's) interpretation of the claims.

24   (Exh. E 62:22–63:2, 64:13–19, 67:8–15.)  Dr. McDaniel confirmed that but for considering the

25   allegations, he had no other opinion as to written description, and was basing his opinions on

26   "what Finjan appeared to be arguing."  (Exh. F at 54:12–21, 55:16–20.)  However *SRI*, *Brookhill-*

27   *Wilk 1*, and *Phillips* make the SonicWall Experts' error abundantly clear.  Finjan's infringement

28

1    contentions are **not a cognizable source of evidence for claim construction.**  Using Finjan's

2    infringement allegations as a source for alternative claim constructions is improper as a matter of

3    law, and *per se* unreliable under *Daubert*.

4        Finjan is unaware of any authority endorsing an expert applying alternative constructions,

5    derived on the expert's own recognizance and adopted by neither the Court nor any party, in jury

6    testimony.  The Federal Circuit has expressly reminded district courts to be vigilant against

7    attempts to make claim construction a jury issue, which would be the ultimate effect of such

8    testimony.  *Every Penny Counts*, 563 F.3d at 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to

9    ensure that questions of the scope of the patent claims are not left to the jury.").  And it has noted

10   that failure to sufficiently protect the jury may be grounds for reversal.  In its words, "The risk of

11   confusing the jury is high when experts opine on claim construction before the jury[.]"  *CytoLogix*

12   *Corp. v. Ventana Medical Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005).

13       The written description opinions offered by the SonicWall Experts are fundamentally

14   flawed in their methodology.  Tendering invalidity theories based on alternative claim

15   constructions that are (1) unendorsed by the Court, and (2) expressly derived from documents that

16   are not cognizable claim construction evidence is improper as a matter of law and *per se* unreliable

17   from the standpoint of expert methodology.  Under *Daubert*, the Court should enter an order

18   precluding SonicWall from offering such testimony at trial.  Because it is not disputed that none of

19   SonicWall's experts have disclosed any written description opinions except those based on the

20   infringement allegations (and the hypothetical claim constructions derived therefrom), the Court

21   should order that SonicWall may not present any expert opinion at trial on written description.

22       **C.    The Opinions Are Additionally Inadmissible Under Rule 403 Because They**

23       **are Non-Probative and Would Promote Confusion About the Claim**

24       **Constructions the Jury Must Apply During Fact-Finding**

25       Even if the SonicWall Experts' methodology of using alternative claim constructions

26   rather than court-endorsed ones were permissible under *Daubert* (it is not), it would still be

27   inadmissible due to the plain lack of probative value and clear risk of jury confusion.  As to their

28

1   probative value, it is well established that courts have the sole responsibility (and obligation) to

2   resolve claim construction disputes.  *E.g.*, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521

3   F.3d 1351, 1362 (Fed. Cir. 2008).  Testimony by a SonicWall expert hypothesizing that the claim

4   constructions might have been different than those the court has entered would not be probative of

5   any claim or defense in the case.  And as to confusion, as already noted, "the risk of confusing the

6   jury is high when experts opine on claim construction before the jury[.]"  *CytoLogix Corp. v.*

7   *Ventana Medical Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005).  Because the SonicWall

8   Experts' opinions use alternative constructions the Court has not endorsed, there is a significant

9   risk that the jury would become confused as to which construction should be used in the various

10  portions of the case.  Further, presentation of these opinions would even threaten to make the jury

11  incapable of filling out its critical fact-finding role.  Because the SonicWall Experts' opinions are

12  based on disputed claim constructions, it would be impossible for any jury to evaluate the

13  credibility of those opinions without evaluating the credibility of the constructions.  But as already

14  discussed, claim construction is outside the jury's role.  *E.g.*, *Every Penny Counts*, 563 F.3d at

15  1383.  The jury would thus be unable to carry out their duty to assess credibility without at the

16  same time exceeding their role by reviewing claim construction.  This situation would be deeply

17  unfair to Finjan, as the party seeking to maintain the Court's constructions rather than venture into

18  hypothetical alternate constructions.

19      It was precisely to avoid this circumstance that the Supreme Court confirmed courts' sole

20  responsibility for claim construction.  *Markman*, 517 U.S. at 372.  The Court should reaffirm that

21  role here, and protect the jury from near-certain confusion, by rejecting SonicWall's attempt to

22  make claim construction a jury issue.  If it does not preclude the SonicWall written description

23  opinions under *Daubert*, it should preclude them as prejudicial and non-probative under Rule 403.

24  **V.    CONCLUSION**

25      For the reasons given, Finjan respectfully moves that the Court enter an order precluding

26  SonicWall from presenting at trial unreliable expert testimony concerning alleged insufficiency of

27  written description for any of the asserted patents.

28

Dated:  January 21, 2021

/s/ Robert Courtney
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
John-Paul Fryckman (CA 317591)
fryckman@fr.com
K. Nicole Williams (CA 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 21, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ Robert Courtney
Robert Courtney
courtney@fr.com

Attorney for Plaintiff
FINJAN LLC.

10      Case No. 5:17-cv-04467-BLF (VKD)
FINJAN'S DAUBERT MOTION RE WRITTEN DESCRIPTION