**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**DEFENDANT SONICWALL INC.'S MOTION TO EXCLUDE IMPROPER EXPERT TESTIMONY BASED ON FINJAN'S WILLFULNESS ALLEGATIONS**<br>**(MOTION IN LIMINE NO. 1)**<br><br>Date:       March 18, 2021<br>Time:      1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:     Hon. Beth Labson Freeman |

**REDACTED**

**TABLE OF REFERENCED EXHIBITS**[1]

| | |
|---|---|
| September 4, 2020 Expert Report of DeForest McDuff, Ph.D | Ex. 1 |
| Order on Daubert Motions [Re: ECF 421, 423, 425, 427, 429, 431], *Finjan, Inc. v. Cisco Systems, Inc.*, Case No. 17-cv-00072-BLF, Dkt. No. 555 (N.D. Cal. April 21, 2020) | Ex. 2 |
| September 3, 2020 Expert Report of Dr. Eric Cole Regarding Technology Tutorial and Infringement by SonicWall, Inc. of Patent Nos. 6,154,844; 7,058,822; 7,647,633; and 8,677,494 | Ex. 3 |
| September 3, 2020 Expert Report of Michael Mitzenmacher, Ph.D. Regarding Infringement by SonicWall, Inc. of Patent Nos. 6,804,780; 6,965,968; and 7,613,926 | Ex. 4 |
| September 3, 2020 Expert Report of Dr. Nenad Medvidovic Regarding Infringement by SonicWall, Inc. of Patent Nos. 8,225,408; 7,975,305; and 8,141,154 | Ex. 5 |
| September 3, 2020 Expert Report of Dr. Aaron Striegel | Ex. 6 |
| October 22, 2020 Deposition Transcript of Eric B. Cole, Ph.D. | Ex. 7 |
| October 26, 2020 Deposition Transcript of Michael Mitzenmacher, Ph.D. | Ex. 8 |
| November 3, 2020 Deposition Transcript of Aaron Striegel, Ph.D. | Ex. 9 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

i

SONICWALL'S MOTION TO EXCLUDE IMPROPER EXPERT TESTIMONY BASED ON FINJAN'S WILLFULNESS ALLEGATIONS
(MOTION IN LIMINE NO. 1) CASE NO. 5:17-CV-04467-BLF-VKD

Pursuant to Federal Rule of Evidence 702 and *Daubert*, SonicWall seeks to exclude two sets of opinions provided by Finjan's experts, both of which relate to Finjan's willfulness allegations: (1) Dr. McDuff's opinions that discounting back to the start of damages is not appropriate because of SonicWall's "ongoing infringement"; and (2) the opinions of Drs. Cole, Mitzenmacher, and Striegel regarding SonicWall's purported prior knowledge of Finjan's technology and patents.

**I.     Dr. McDuff's Discounting Opinions**

Finjan's damages expert (Dr. McDuff) uses three methods to calculate a reasonable royalty for SonicWall's alleged infringement: (1) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Ex. 1 ¶ 8(c).  For each of his three methods, Dr. McDuff provides ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌." *Id.* ¶ 114 (emphasis added).

"Discounting is the process by which courts take into account the time value of money to avoid overcompensating the injured party." *Looksmart Grp., Inc. v. Microsoft Corp.*, No. 17-CV-04709-JST, 2019 WL 4009263, at *3 (N.D. Cal. Aug. 5, 2019) (quoting Christopher P. Bowers, *Courts, Contracts, and the Appropriate Discount Rate: A Quick Fix for the Legal Lottery*, 63 U. CHI. L. REV. 1099, 1099 (1996)).  Dr. McDuff thus recognizes that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌." Ex. 1 ¶ 114.  Just like Finjan's damages report from Dr. Layne-Farrar in *Cisco*, however, Dr. McDuff opines that the most appropriate calculation here does not discount SonicWall's prior sales (thereby inflating his damages figures), and Dr. McDuff does this based primarily on Finjan's willfulness allegations.

1

1  *Id*. ¶ 114 (opining that no discount for past sales is appropriate because ▮▮▮▮
2  ▮▮▮▮
3  ▮▮▮▮"); Ex. 2 at 10 ("The Court agrees with Cisco that Dr. Layne-Farrar's
4  justifications for not applying the time value of money discount is based solely on the assumption
5  that Cisco willfully infringed Finjan's patents.").
6    Curiously, Dr. McDuff tries to offer additional cover by opining that not discounting past
7  sales "▮▮▮▮
8  ▮▮▮▮
9  ▮▮▮▮)." Ex. 1 ¶ 114. But this suggestion
10 is legally incorrect.  The question with respect to a reasonable royalty is what the parties would have
11 agreed to *at the hypothetical negotiation*—which the parties agree would have occurred between
12 2012-2014—*not* what they would have agreed to in 2020 or 2021.  *See Lucent Techs., Inc. v. Gateway,*
13 *Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("The hypothetical negotiation tries, as best as possible,
14 to create the *ex ante* licensing negotiation scenario and to describe the resulting agreement.  In other
15 words, if infringement had not occurred, willing parties would have executed a license agreement
16 specifying a certain royalty payment scheme.").  At the time of the hypothetical negotiation, all
17 infringement would be "projected expected infringement," and thus discounting would be necessary.
18 Indeed, as Dr. McDuff himself acknowledges, ▮▮▮▮
19 ▮▮▮▮
20 ▮▮▮▮." Ex. 1 ¶ 116(b).  For this reason, Finjan's
21 damages experts in other matters have explicitly acknowledged that Finjan's negotiations applied
22 "discounts … for the time value of money." Ex. 2 at 11 (citing Dr. Layne-Farrar's Report).
23   Because Dr. McDuff's justifications for not applying a discount to past sales do not conform
24 to the facts of this case and are merely disguised willfulness opinions, this Court should find—as it
25 did in *Cisco*—that his damages "opinion lacks proper foundation for concluding that time value of
26 money discount would not have been applied" to SonicWall's past sales at the hypothetical
27 negotiations and exclude Dr. McDuff's damages figures that do not apply the time value of money
28 discount to past sales, which can be found in Attachments B-2 (Method 1), I-2 (Method 2), and J-1

to Dr. McDuff's Report. *See* Ex. 1. Moreover, "presenting both discount calculations to a jury would be intractably confusing." *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4272870, at *7 (N.D. Cal. July 14, 2015).

Granting SonicWall's motion on this issue alone would reduce Dr. McDuff's worldwide damages figures as follows: ████████████████████████████████████████████████████████████████████████████████████████████. (SonicWall has separately moved for summary judgment as to Dr. McDuff's worldwide figures and his damages start dates. Dkt. 320.)

## II. SonicWall's Alleged Prior Knowledge of Finjan's Technology and Patents

Drs. Cole, Mitzenmacher, Medvidovic, and Striegel each offer virtually identical "opinions" regarding SonicWall's purported prior knowledge of Finjan's technology and patents. In doing so, however, each does little more than simply cite documents produced during the litigation while providing no testimony regarding the content of these documents that would in any way assist the jury in understanding them. These opinions are not based on any scientific, technical, or other specialized knowledge, but are thinly disguised "willfulness" opinions. What SonicWall knew or believed about Finjan's patents is far afield from technical expertise of these witnesses, as this Court (and others) have held in striking similar opinions in other Finjan cases. *See*, *e.g.*, Ex. 2, at 2-4; *Finjan, Inc. v. Blue Coat Sys.*, No. 13-cv-03999-BLF, 2015 WL 4272870, at *3; *Finjan, Inc. v. ESET, LLC*, No. 17-cv-183-CAB, 2019 WL 5212394, at *5 (C.D. Cal. Oct. 16, 2019). None of these experts have any expertise or particularized knowledge regarding the law of willfulness in patent cases nor have they been instructed on the law of willfulness. Instead, their testimony is the equivalent of lawyer argument that will not assist the trier of fact and will be prejudicial to SonicWall. The Court should strike or exclude these opinions.

### A. Factual Background

Finjan served reports on the issue of infringement from Drs. Cole, Mitzenmacher, and Medvidovic, and also served the report of Dr. Striegel addressing SonicWall's alleged use of Finjan's technology in the accused products. Each report includes a section discussing SonicWall's alleged prior knowledge of Finjan's technology and patents. *See* Ex. 3, ¶¶ 112-114; Ex. 4, ¶¶ 70-71; Ex. 5,

3

¶¶ 62-63; Ex. 6, ¶ 85. These sections are substantively the same and cite many of the same documents, including Wikipedia and news articles, press releases, and email correspondence between the parties. Ex. 3 ¶¶ 112-114; Ex. 4 ¶¶ 70-71; Ex. 5 ¶¶ 62-63; Ex. 6 ¶ 85. These sections constitute an improper attempt by Finjan to offer a willfulness opinion under the guise of technical expert testimony.

None of Finjan's experts have any legal training, much less training in patent law. Likewise, none have personal knowledge of SonicWall's internal legal evaluation of Finjan's patents or any specialized knowledge or expertise as to what SonicWall knew about Finjan's technology or patents. Ex. 3, Appendix A, at 1-2; Ex. 4, Appendix A, at 1; Ex. 5, Appendix A, at 2; Ex. 6, Appendix A, at 1; *see also* Ex. 7 at 58:4-59:16; Ex. 8 at 61:17-25.

**B.     Expert Testimony on the Finjan-SonicWall Relations is Improper**

Finjan's experts' testimony regarding SonicWall's knowledge of Finjan's technology and patents is not "scientific, technical, or other specialized knowledge [that] will help the trier of fact" under FRE 702(a), nor is it "based on sufficient facts or data" under FRE 702(b). Instead, Finjan is improperly using the hearsay exception for experts to have its paid witnesses walk through the factual history and related facts between Finjan and SonicWall, without offering any analysis of the documents to which they cite and without any first-hand knowledge. Ex. 9 at 51:16-52:4 ("I believe in this particular paragraph [85] I'm merely reciting the history.").

The underlying documents upon which the experts base their opinions – Wikipedia and news articles, press releases, and email correspondence between the parties – are readily understandable by laypersons, such that expert testimony regarding those documents is unnecessary. *Fujifilm Corp. v. Motorola Mobility LCC*, No. 12-cv-03587-WHO, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015) (excluding expert testimony that provided nothing more than a factual narrative of evidence jurors were perfectly capable of understanding); Ex. 2 at 2-4. Indeed, there is nothing in these reports that even purports to apply special expertise to anything in these documents. Permitting Finjan's technical experts to simply narrate the factual background of SonicWall's history with Finjan would be an unfair and prejudicial vouching of evidence, thereby usurping the jury's role and function. *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 8949299, at *3 (N.D. Cal. June

4

15, 2018) (citing *United States v. Freeman*, 498 F.3d 893, 903 (9th Cir. 2007)); *Prime Media Group, LLC. v. Acer Am. Corp.*, No. 12-cv-05020-BLF, 2015 WL 452192, at *6-7 (N.D. Cal. Jan. 22, 2015) (excluding expert testimony that "appears to be simply performing the role of a jury").  The Court should strike these improper opinions under FRE 403 and 702 as it did in the *Cisco* case.  *See* Ex. 2 at 2-3 (excluding testimony where "experts appear to merely set forth a high-level timeline of the relationship and communications between the parties and cite to documents produced in this litigation").

Dated:  March 4, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
Email: jrgibson@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **DEFENDANT SONICWALL INC.'S MOTION TO EXCLUDE IMPROPER EXPERT TESTIMONY BASED ON FINJAN'S WILLFULNESS ALLEGATIONS** was served by ECF on all counsel of record on March 4, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg