**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

Attorneys for Defendant
SONICWALL INC.

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**DEFENDANT SONICWALL INC.'S MOTION IN LIMINE NO. 5: RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS**<br><br>Date:  March 18, 2021<br>Time:  1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:  Hon. Beth Labson Freeman |

**TABLE OF REFERENCED EXHIBITS**

| | |
|---|---|
| Order on Motions in Limine, *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-72-BLF, Dkt. 660 (N.D. Cal. May 22, 2020) | Ex. 15[1] |
| January 9, 2020 Transcript of Proceedings, in the case styled, *Finjan, Inc. v. Cisco Systems, Inc.*, Case No. 17-cv-00072-BLF (N.D. Cal.), Dkt. No. 541-8. | Ex. 29 |
| Ex Parte Reexamination Certificate for U.S. Patent No. 7,975,305 | Ex. 30 |
| U.S. Court of Appeals for the Federal Circuit, *In Re: Finjan, Inc.*, 2018-2354, Judgment (September 6, 2019) | Ex. 31 |
| Request for Ex Parte Reexamination of U.S. Patent No. 7,975,305, Reexamination Control No. 90/014,477 ("'477 Reexam") | Ex. 32 |
| Request for Ex Parte Reexamination of U.S. Patent No. 7,975,305, Reexamination Control No. 90/013,660 ("'660 Reexam") | Ex. 33 |
| Notice of Intent to Issue Ex Parte Reexamination Certificate dated February 4, 2021, '477 Reexam | Ex. 34 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

1

DEFENDANT SONICWALL, INC.'S MOTION IN LIMINE NO. 5: RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS, CASE NO. 5:17-CV-04467-BLF-VKD

The Court should preclude Finjan from presenting any evidence or argument about *inter partes* reviews ("IPRs") and other post-grant proceedings before the U.S. Patent and Trademark Office ("PTO"). The jury will be asked to independently evaluate SonicWall's defenses of invalidity, and in doing so will apply different legal standards, hear from different experts, receive different evidence, and have a wholly separate record from that before the PTO. Allowing introduction of evidence and discussion of these prior PTO proceedings would result in a trial-within-a-trial about these post-grant proceedings, which would only confuse the jury and make their task more difficult.

## I.  Factual Background

The eight (8) asserted patents in this case – U.S. Patent Nos. 6,804,780 ('780 Patent), 6,154,844 ('844 Patent), 8,677,494 ('494 Patent), 8,141,154 ('154 Patent), 7,613,926 ('926 Patent), 7,975,305 ('305 Patent), 8,225,408 ('408 Patent), and 6,965,968 ('968 Patent) – have been the subject of at least 39 IPR petitions and several additional *ex parte* reexaminations. All of the IPR petitions were filed by parties *other than* SonicWall and primarily involved different prior art combinations than those set forth by SonicWall. Only one of the *ex parte* reexaminations on a single patent ('305 Patent) was requested by SonicWall. The overall result across all of these post-grant proceedings was mixed – many claims were invalidated, while some survived. The difference between the surviving claims and the invalidated claims was often quite narrow. *See, e.g., Palo Alto Networks, Inc. v. Finjan, Inc.*, 777 Fed. Appx 501, 508 (Fed. Cir. 2019) (confirming invalidity of independent claim 1 while affirming Board decision that independent claim 10 was not shown invalid).

## II.  All Post-Grant Proceedings Should Be Excluded

Courts have disallowed evidence of post-grant proceedings under Federal Rule of Evidence 403 due to their minimal (if any) relevance and significant potential to mislead the jury: "While these [proceedings] may have some probative value, [the Court] believe[s] that this will be far outweighed by likely confusion to the jury." *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, *14 (N.D. Cal. Aug. 22, 2016) (granting motion to exclude evidence of IPR proceedings and citing *InterDigital Commc'ns Inv. v. Nokia Corp.*, No. 13-10, 2014 WL 8104167, *1 (D. Del. Sept. 19, 2014)); *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296-JPS, 2017 WL 4570787, at *6-7 (E.D. Wis. Oct. 12, 2017) (excluding IPR evidence where "the IPRs have all been

1

completed and resulted in decisions on the merits upholding patentability."). As the *Sophos* Court recognized, "[I]it would take a significant amount of time and effort to adequately explain the relevance and limitations of the PTO proceedings to the jury . . . ." *Id.* Finjan itself has argued, "evidence of the pending PTO proceedings is irrelevant, non-probative, and prejudicial." *Id.* at *9.

The improper effect of creating a super-patent in the mind of the jury is almost inevitable: "Admitting evidence of the IPRs is likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks." *Milwaukee Elec. Tool*, 2017 WL 4570787, at *6-7. *See also Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12-540-LPS, 21, U.S. Dist. LEXIS 53324, at *2-3 ("Evidence and argument relating to the completed reexamination of PI's '366 patent also has minimal probative value – the '366 has been valid and presumed valid since its issuance, and remains so following reexamination – which would be substantially outweighed by the risk of unfair prejudice to Fairchild if admitted, as jurors could mistakenly apply a higher burden to a challenge to the validity of the claims that have withstood reexamination."); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, No. 09-80-LPS, 2014 WL 4246579, at *2 (D. Del. Aug. 27, 2014) ("Whatever probative value there is to evidence that the PTO considered a particular piece of art on multiple occasions (i.e., during initial prosecution and again during reexamination) is substantially outweighed by the risk of jury confusion and the waste of the jury's time that would be necessitated to put in full context the details of the reexamination. Therefore, the balance under Federal Rule of Evidence 403 favors exclusion of the evidence of reexaminations at this jury trial.").

The facts of this case compel the same result here.

### A. Post-Grant Proceedings Not Involving SonicWall

The unfair prejudice to SonicWall related to IPR proceedings for which SonicWall was not a party is clear. *See InterDigital Commc'ns, Inc. v. Nokia Corp.*, No. 13-10-RGA, slip-op at 3 (D. Del. Aug. 28, 2014) ("A PTO non-merits decision not involving Defendants has little or no probative value, and would require a lot of explanation for the jury to be able to understand… [I]f it were assumed to have some minimal probative value, that probative value would be substantially outweighed by the danger of unfair prejudice to the Defendants, and the risk of jury confusion from

the complexity added by such testimony."); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:14-cv-203-JRG-RSP, slip-op at 6-7 (E.D. Tex. Oct. 28, 2015) (excluding evidence or testimony relating to the PTAB's decision in IPR brought by third party prejudiced defendant because defendant was not a party to the IPR proceeding).  Indeed, Finjan's counsel conceded this point at the summary judgment hearing in the *Cisco* case.  *See* Ex. 29 (Hearing Transcript) at 8:10-14 (referring to "how many time these patents have been IPR'ed and how many time they survived" and stating, "And I understand the Court says that doesn't come in because it's different parties").

### B.     Post-Grant Proceedings Involving SonicWall

Likewise, the Court should preclude Finjan from presenting evidence or argument about the single reexamination request concerning the '305 Patent filed by SonicWall.  The '305 Patent reexamination proceedings are complex and will be confusing to the jury.

By way of background, claims 1, 2, 5, and 13 of the '305 Patent already have already been canceled as a result of an *ex parte* reexamination filed by Proofpoint, Inc. in 2015 ("'660 Reexam") – more than two years before Finjan sued SonicWall.  Ex. 30 ('660 Reexam. Cert.).  The Federal Circuit confirmed this cancelation determination.  Ex. 31 (Fed. Cir. '660 Opinion).  Then, in March 2020, SonicWall requested an *ex parte* reexamination of claims 6, 9, 11-12, 17, and 25 (Reexam Control No. 90/014,477, "'477 Reexam") based on the same prior art references that already invalidated claims 1, 2, 5, and 13.  *Compare* Ex. 32 ('477 Reexam Request) at 7, 28-30 *with* Ex. 33 ('660 Reexam Request) at ii-iii, 15.  The result of this Reexam would be very confusing for a jury.  Specifically, the claims were confirmed based on limitations found in claim 1, even though claim 1 was canceled earlier based on the same references, because the claims in the '477 Reexam were construed using the *Phillips* standard whereas they were construed in the '660 Reexam using the broadest reasonable interpretation (BRI) standard.  Ex. 34 ('477 Notice of Intent to Issue Ex Part Reexamination Certificate) at 2-4.  These seemingly incongruous results will unquestionably confuse a jury.  Further adding to the confusion is the fact the Patent Office confirmed the patentability of claims 6, 9, 11-12, 17, and 25 in the '477 Reexam based on narrow constructions of "parser rules," "analyzer rules," and "ruled based content scanner," *id*., which terms have not been construed in this case.  *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, No. 2:11-cv-01578-GMN-PAL, 2015

3

DEFENDANT SONICWALL, INC.'S MOTION IN LIMINE NO. 5:  RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS, CASE NO. 5:17-CV-04467-BLF-VKD

WL 2152658, at *8 (D. Nev. May 7, 2015) (Excluding evidence concerning reexaminations because different standards and claim constructions would confuse jury); *Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, Civil Action No. 12-196, 2014 U.S. Dist. LEXIS 23255, at *54-57 (W.D. Pa. Feb. 24, 2014) (same). Thus, the Court should exclude all evidence and arguments relating to SonicWall's reexamination proceedings and decisions relating to the '305 Patent as any probative value is significantly outweighed by the confusion to the jury and prejudice to SonicWall.

### C. Post-Grant Proceedings Are Irrelevant to Damages and the Hypothetical Negotiation

In *Cisco*, Finjan persuaded the Court that evidence of IPR decisions on the asserted claims (which, by definition, were in Finjan's favor) should be admitted as relevant to damages – specifically, that the post-grant proceedings would be considered at the hypothetical negotiation under the "book of wisdom" such that the parties would understand that the patents are *really* valid. Ex. 15 (Order on Motions *In Limine*) at 15. Respectfully, this rationale is not supported by the law.

It is well-settled law that a hypothetical negotiation **already** assumes that the patents are **valid**; this is not a point that could ever be disputed at the hypothetical negotiation. *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 771 (Fed. Cir. 2014) ("Most basically, the method assumes infringement and validity of the patents and willingness of the parties to negotiate an agreement."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("The hypothetical negotiation also assumes that the asserted patent claims are valid and infringed."); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341-YGR, 2014 WL 2854890, at *2 (N.D. Cal. June 20, 2014) ("This hypothetical negotiation assumes that both the patentee and the accused infringer are willing parties to the negotiation, and that the patent was valid, enforceable, and infringed."). In other words, the parties at the hypothetical negotiation are already deemed to assume that the patents are valid, and there is no such thing as a higher recognition of validity as part of that legal construct. Courts have thus rejected these types of clever rationales that attempt to use the "hypothetical negotiation" rationale to sneak in evidence on a point that is already assumed by the legal construct itself. *Intellectual Ventures I LLC, v. Symantec Corporation et al.*, 1-10-cv-01067, slip-op at 2-3 (D. Del. Jan. 6, 2015) (excluding evidence of defendant's knowledge of patents under FRE 403 because

4

a hypothetical negotiation assumes validity and infringement).

Seen in its true light, Finjan is arguing exactly what the case law has rejected, *i.e.*, that the patents should be credited as more than simply valid, but as some sort of super-patents. But the law does not recognize any such thing. *See*, *e.g.*, *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12-540-LPS, 21, U.S. Dist. LEXIS 53324, at *2-3 ("the '366 has been valid and presumed valid since its issuance, and remains so following reexamination . . . jurors could mistakenly apply a higher burden to a challenge to the validity of the claims that have withstood reexamination."); *Milwaukee Elec. Tool*, 2017 WL 4570787, at *6-7 ( "Admitting evidence of the IPRs is likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks."). Any expert opinion suggesting otherwise should thus be excluded based on *Daubert*. Indeed, Finjan's hypothetical negotiation rationale would take this legal error one step further, not only implanting the legally void notion of a super-patent in the mind of the jury, but also placing into the minds of the parties themselves at the time of the hypothetical negotiation.

Finally, Finjan's rationale would swallow the entirety of the case law on excluding post-grant proceedings, cited above. Every patent holder whose patents survived IPRs could make this argument about getting extra credit at the hypothetical negotiation. And, if Finjan's rationale were accepted, then the parties at the hypothetical negotiation would also know how many IPRs Finjan has *lost*, and just how close the asserted claims came to being invalidated in post-grant proceedings, perhaps *reducing* the assumption of validity at the hypothetical negotiation. None of this is permitted: the assumption of validity is binary, and it is fixed as part of the hypothetical negotiation construct. Finjan cannot get through the backdoor what it admits is prohibited through the front.

| | |
|---|---|
| Dated:  March 4, 2021 | Respectfully Submitted,<br><br>/s/ Nicole E. Grigg<br>Nicole E. Grigg (formerly Johnson)<br>Email: NEGrigg@duanemorris.com<br>**DUANE MORRIS LLP**<br>2475 Hanover Street<br>Palo Alto, CA  94304-1194<br><br>Matthew C. Gaudet (*Pro Hac Vice*)<br>Email: mcgaudet@duanemorris.com<br>John R. Gibson (*Pro Hac Vice*)<br>Email: jrgibson@duanemorris.com<br>Robin L. McGrath (*Pro Hac Vice*)<br>Email: rlmcgrath@duanemorris.com<br>David C. Dotson (*Pro Hac Vice*)<br>Email: dcdotson@duanemorris.com<br>Jennifer H. Forte (*Pro Hac Vice*)<br>Email: jhforte@duanemorris.com<br>1075 Peachtree Street, Ste. 2000<br>Atlanta, GA  30309<br><br>Joseph A. Powers (*Pro Hac Vice*)<br>Email: japowers@duanemorris.com<br>Jarrad M. Gunther (*Pro Hac Vice*)<br>Email: jmgunther@duanemorris.com<br>30 South 17th Street<br>Philadelphia, PA  19103<br><br>*Attorneys for Defendant*<br>SONICWALL INC. |

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **DEFENDANT SONICWALL INC.'S MOTION IN LIMINE NO. 5: RE EVIDENCE OR ARGUMENTS ABOUT POST-GRANT PROCEEDINGS** was served by ECF on all counsel of record on March 4, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg