Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE OF OTHER PENDING PROCEEDINGS INVOLVING FINJAN**<br><br>Date:  March 18, 2021<br>Time:  1:30 PM<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**I.     INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611, Finjan LLC ("Finjan") respectfully requests that the Court exclude from presentation to the jury at trial any discussion of other pending proceedings—namely, proceedings that have not reached final disposition or remain on appeal—involving Finjan and Finjan's patents (the "Pending Proceedings"). This court granted similar motions *in limine* in *Finjan, Inc. v. Blue Coat Sys.*, Case No. 15-03295, D.I. 404 at 4–5 (N.D. Cal. Oct. 18, 2017) ("*Bluecoat*"). In *Finjan v. Cisco Sys.*, Case No. 17-00072, D.I. 660 at 1–2 (N.D. Cal. June 5, 2020) ("*Cisco*"), this Court excluded all mention of pending IPRs, *id.* at 2, and allowed mention of pending litigation only for the very limited purpose of "cross examin[ing] Finjan's experts on their work and associated compensation for Finjan in other pending lawsuits," *id.*, and not for purposes such as criticizing Finjan or its litigation practices. *Id.*

The Court should exclude evidence and argument regarding the Pending Proceedings because preliminary results in those proceedings are irrelevant and also carry a substantial risk the jury will be confused as to the specifics of Finjan's claims against SonicWall and its accused products, and/or that the jury will perceive Finjan negatively because of its involvement in other litigations. Thus, any discussion of the Pending Proceedings would be unduly prejudicial to Finjan given the risk of confusing the jury and/or encouraging it to decide the issues before it based on irrelevant factors. At a minimum, the court should follow *Cisco* in excluding pending IPRs entirely and limit evidence of pending litigations solely to the question of expert witness compensation.

**II.    ARGUMENT**

The Court should preclude SonicWall from presenting any argument or evidence regarding Pending Proceedings involving Finjan and its patent portfolio as it did in *Bluecoat*. *First*, the mere existence of these proceedings (and the substance/outcome of any interlocutory rulings) has no bearing or relevance to the issues here, *i.e.*, the Pending Proceedings do not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. There

are multiple co-pending proceedings involving Finjan and patents in its portfolio, but not SonicWall or its accused products. There have been no final decisions on the merits of the claims or defenses in these proceedings, and fact discovery has yet to close in some of them.

*Second*, given the non-final nature of the co-pending proceedings, any alleged probative value would be far outweighed by the significant risk of prejudice and confusion. *See* Fed. R. Evid. 403. For example, introducing evidence of Pending Proceedings carries a substantial risk the jury will be confused as to the specifics of Finjan's claims against SonicWall and its accused products. *See, e.g.*, *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("[T]he prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had …."); *Wonderland NurseryGoods Co. v. Thorley Indus., LLC*, No. CIV.A. 12-196, 2014 WL 289446, at *2 (W.D. Pa. Jan. 22, 2014) ("the probative value of the existence of other litigation and disputes is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay."); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (granting motion *in limine* to exclude reference to party's other litigation, finding "[s]uch evidence does not appear relevant"); *In re Homestore.com, Inc. Sec. Litig.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding evidence of other litigations due to irrelevance).

*Third*, as this court recognized in *Cisco*, introducing evidence of other pending litigations also carries a substantial risk that the jury will perceive Finjan negatively simply because it is involved in other litigations. *Cisco*, D.I. 660 at 1–2 ("The Court also excludes any characterization of Finjan as litigious by discussing details of Finjan's ongoing lawsuits . . . ."). Finjan has a lawful right to seek redress for infringement of its patents against SonicWall, regardless of the existence of other proceedings, and any evidence or argument seeking to paint Finjan as overly litigious is highly prejudicial. *See, e.g., Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1399245, at *5 (N.D. Cal.

Apr. 13, 2011) (the slight probative value of plaintiff's litigation history was "outweighed by the substantial danger of jury bias against the chronic litigant").

Finjan submits that, in light of these considerations, the court was correct in *Blue Coat* to exclude all evidence of pending proceedings, subject to revision if SonicWall can make a showing at trial that, in light of evidence or argument presented at trial, justice requires permitting specific evidence of specific pending litigation be admitted. *Blue Coat*, D.I. 404 at 4–5. However, if the Court were to find, as in *Cisco*, that the suggestion of expert-witness bias arising from the fact that the parties compensated their experts for their work in those cases can outweigh these considerations, then Finjan asks that the court at least follow its decision in that case and: (1) exclude all mention of pending IPRs, *id.* at 2, and (2) allow mention of pending litigation only for the very limited purpose of "cross examin[ing] Finjan's experts on their work and associated compensation for Finjan in other pending lawsuits." *Id.* Specifically, Cisco should not be permitted to introduce evidence regarding the substance of pending litigation or use such litigation to expressly or implicitly criticize Finjan's business or litigation practices. *Id.*

## III.   CONCLUSION

Based on the foregoing reasons, Finjan respectfully requests the Court grant its Motion *in Limine* No. 5.

Respectfully Submitted,

Dated:  March 4, 2021

By: */s/ Proshanto Mukherji*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
John-Paul Fryckman (CA 317591)
fryckman@fr.com
K. Nicole Williams (CA 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130

Phone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Proshanto Mukherji*
Proshanto Mukherji
mukherji@fr.com