Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY REGARDING MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN**<br><br>Date:  March 18, 2021<br>Time:  1:30 PM<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

## I.    INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611, Finjan LLC ("Finjan") respectfully requests that the Court exclude from presentation to the jury at trial any discussion of: the replacement of Finjan's founder, Shlomo Touboul, as CEO of Finjan, because Mr. Touboul's replacement is of no relevance to the issues in this case and because of the likely prejudice and confusion that would result should such evidence or testimony be presented.

## I.    BACKGROUND

Mr. Touboul founded the earliest Finjan entity in 1996.  Mr. Touboul served as Finjan's CEO for some time and is listed as an inventor on numerous Finjan patents, including seven of the eight patents at issue in this case.  In 2005, Asher Polani replaced Mr. Touboul as CEO.

Although SonicWall has not deposed Mr. Touboul in this matter, Mr. Touboul was deposed in another suit in the Northern District of California against Cisco Systems, Inc. ("Cisco"), captioned as *Finjan LLC v. Cisco Systems, Inc.*, 5:17-cv-00072-BLF (N.D. Cal.) (the "Cisco case").  The parties stipulated that Mr. Touboul's deposition transcript in the Cisco case can be used in the instant case to the same extent as if the deposition had been taken in this case.  (D.I. 236 at 1.)  Notably, the parties also stipulated that any use of Mr. Touboul's deposition transcript in this case would be "subject to any objection by either party other than an objection that these depositions were not taken in the SonicWall Case. . . ."  (*Id.*)

## II.    ARGUMENT

Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible."  The fact that in 2005 Mr. Touboul was replaced as CEO of Finjan has no relevance to any claim or defense in this patent infringement case.  That fact has no bearing on whether SonicWall infringes Finjan's asserted patents, the validity of Finjan's patents, or the amount of damages SonicWall owes Finjan for its willful infringement of the asserted patents.  SonicWall should therefore be precluded from introducing evidence or testimony relating to that replacement.  *See* Fed. R. Evid. 402.

To the extent that SonicWall argues that Mr. Touboul's replacement as CEO has any marginal relevance to the issues in this case (it does not), any such marginal relevance would be substantially outweighed by a significant risk of unfair prejudice and juror confusion.  *See* Fed. R. Evid. 403; *Burlington v. News Corp.*, No. 09-1908, 2015 U.S. Dist. LEXIS 68792, at *47–53 (E.D. Pa. May 27, 2015) (excluding evidence of employee termination due to risk of unfair prejudice and juror confusion).  For example, the jury may improperly believe that Mr. Touboul's replacement reflects negatively on the significance/success of his inventions, which would be prejudicial to Finjan's validity and damages proofs.  The jury might also improperly believe that Mr. Touboul's replacement as CEO reflects negatively on his character.  Such speculative inferences would be improper because they lack probative value and would result in unfair prejudice.  *See Burlington*, 2015 U.S. Dist. LEXIS 68792, at *47–53.  The risk of such prejudice is especially high here because the jury may be confused about the relevance of Mr. Touboul's replacement as CEO (since there is none), and as a result may be particularly prone to making improper speculative inferences.  *See, e.g., id.*; *Arthur v. Gallagher Bassett Servs.*, No. CV 09-4882 SVW (CWx), 2010 U.S. Dist. LEXIS 162100, at *15 n.3 (C.D. Cal. June 1, 2010) (excluding evidence in part because the alleged relevance "amount[ed] to nothing more than a speculative inference, the probative value of which is substantially outweighed by unfair prejudice").

Moreover, should SonicWall be permitted to present evidence or testimony regarding Mr. Touboul's replacement as CEO, jurors might also be prejudiced against Finjan itself for replacing its founder (who is also an inventor on numerous Finjan patents) because they could make the improper inference that Mr. Touboul was not treated fairly.  Such an improper inference would lack any probative value and would unfairly prejudice the jury against Finjan, causing lasting damage by unfairly tarnishing Finjan's corporate character and reputation.  *See* Fed. R. Evid. 403; *Arthur*, 2010 U.S. Dist. LEXIS 162100, at *15 n.3.

SonicWall should be precluded from introducing evidence or testimony regarding Mr. Touboul's replacement as CEO because it is not relevant to any issue in this case, and any marginal alleged relevance SonicWall might present is substantially outweighed by the significant risk of juror confusion and unfair prejudice to Finjan.  *See* Fed. R. Evid. 403.

## III.     CONCLUSION

Based on the foregoing reasons, Finjan respectfully requests the Court grant its Motion *in Limine* No. 4.

Respectfully Submitted,

Dated:  March 4, 2021

By: */s/ Proshanto Mukherji*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
John-Paul Fryckman (CA 317591)
fryckman@fr.com
K. Nicole Williams (CA 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

/s/ Proshanto Mukherji
Proshanto Mukherji
mukherji@fr.com
