Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SBN 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE ARGUMENT THAT SONICWALL IS NOT SUCCESSOR-IN-INTEREST TO DELL**<br><br>Date: March 18, 2021<br>Time: 1:30 PM<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 611, Finjan LLC ("Finjan") respectfully requests that the Court exclude from presentation to the jury at trial any argument by SonicWall, or evidence purporting to relate thereto, that actual notice of Finjan's infringement claims, conveyed to SonicWall's prior owner Dell, does not relate to SonicWall.

## II. ARGUMENT

In pre-trial correspondence, SonicWall attempted to unveil a new defense, never before presented—or preserved—in any part of the case to date. SonicWall suddenly argued that Finjan's pre-suit notice of infringement, conveyed to SonicWall's then-parent Dell, did not apply to SonicWall. This argument appears in neither SonicWall's damages contentions, nor in its interrogatory responses specifically addressing notice. It is forfeit. It is also meritless.

### A.   SonicWall's Statements in its Answer, Written Discovery, and Damages Contentions Forfeit Argument That SonicWall Did Not Inherit Notice

At the start of the period for which Finjan seeks damages, SonicWall was owned by Dell. It is undisputed that Finjan and Dell communicated about SonicWall, and how its activities related to Finjan's patents, during the period of Dell's ownership, starting no later than 2014. In 2016, Dell divested SonicWall in 2016 to a private equity firm, but nothing about that transaction suggests that it transformed SonicWall from being on notice of infringement (via its parent Dell) into one suddenly unaware of Finjan's claims.

For most of this case, even SonicWall did not make such a contention. Its Amended Answer, specifically discussing the correspondence between Finjan and Dell relating to SonicWall's infringement, repeatedly called Dell SonicWall's "predecessor-in-interest," and far from claiming ignorance, discussed the content of the Finjan-Dell interactions in detail. D.I. 103 at ¶¶ 39. Nowhere did the Amended Answer allege, or even suggest, that SonicWall might not have Dell's notice imputed to it.

1    SonicWall also did not suggest it was not Dell's successor for notice purposes when
2    responding to written discovery specifically directed to the issue.  Finjan's very first interrogatory
3    to SonicWall, served nearly three years ago, sought the details of SonicWall's first awareness of
4    Finjan's patents.  Exh. 13 at 3 (Interrogatory No. 1 ("Describe in detail when and under what
5    circumstances You first became aware of the existence of the Asserted Patents . . . .").)  Far from
6    contending that SonicWall would not have patent-related interactions with Dell imputed to it,
7    SonicWall's response (supplemented several times) specifically *invoked* the negotiations between
8    Finjan and Dell, and identified Dell as SonicWall's "predecessor-in-interest."  Exh. 13 at 4.
9    SonicWall's interrogatory response went on to describe how Finjan communicated with Dell
10   about its patents and infringement theories, including concerning SonicWall.  In general,
11   SonicWall's interrogatory response (like its other discovery responses) treated Finjan-Dell
12   correspondence relating to SonicWall as imputed to SonicWall.  *Id.* at 4–5.  In a supplemental
13   response, SonicWall went further, describing awareness by Dell of other Finjan-filed lawsuits as
14   bearing on SonicWall's awareness of the patents.  *Id.* at 5.  And in a second supplemental
15   response, SonicWall identified a Dell employee as a knowledgeable person about the subject
16   matter of the interrogatory.  At no point in this or any other interrogatory response did SonicWall
17   suggest that it did not inherit Dell's awareness of Finjan's patents and claims.
18       A similar story is in the parties' damages contentions.  Finjan's damages contentions
19   alleged damages during the period of SonicWall's ownership by Dell.  Exh. 14 at 4. Further, the
20   contentions directed SonicWall to Finjan-Dell correspondence as reflecting "prior correspondence
21   between the parties" relevant to damages.  *Id.* at 10.  SonicWall's responsive contentions did not
22   mention, in any way whatsoever, any theory that notice of infringement to Dell might not be
23   imputed to SonicWall.  Exh. 15.  To the contrary, SonicWall's contentions referred to pre-suit
24   correspondence about the patents as "pre-suit communications between Finjan *and SonicWall*,"
25   drawing no distinction even though some were formally between Finjan and Dell.  Indeed, the

1   only mention of Dell at all was to note that some Dell-Finjan exchanges were marked under Rule
2   408 (irrelevant to the notice issue). *Id.* at 13.
3   Still further, when Finjan argued during summary judgment that SonicWall "does not
4   dispute—because it cannot—that Finjan expressly brought [its] patents to the attention of
5   SonicWall's predecessor Dell in mid-2014," D.I. 326 at 21, SonicWall did not dispute the issue.  It
6   certainly did not dispute that Dell was SonicWall's "predecessor," or that notice to Dell would be
7   imputed to it.  *See* D.I. 335-3 at 13 *et seq.*
8   The only hint, during literal years of discovery, of SonicWall disputing inherited notice
9   was when SonicWall unaccountably refused Requests for Admission on the subject.  But even
10  then, SonicWall's refusal was conclusory and unaccompanied by any cognizable evidence.  *See*
11  *generally* D.I. 276.  While Magistrate Judge DeMarchi denied Finjan's request to impose an
12  admission on SonicWall, in no sense did she endorse the idea that SonicWall, by corporate
13  restructuring, divested itself of § 287 notice.  *See* D.I. 281.  No evidence of SonicWall avoiding
14  inheriting notice was tendered to her, or to Finjan, at any point then, or since.

15  **B.     SonicWall Has Forfeited Argument That It Is Not Dell's Successor for Notice**

16  In this Court and others, it is well established that failure to timely raise an issue before
17  trial forfeits the issue at trial.  *E.g.*, *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK, 2014 WL
18  3870256, at *5 (N.D. Cal. Aug. 6, 2014) (finding waiver where argument raised only extremely
19  late).  Here, though specifically called by Finjan to address notice under the patents-in-suit several
20  times, SonicWall never contended, in any sense, that it would not inherit whatever notice had been
21  given to Dell.  Crucially, this included SonicWall's total failure to raise the issue in damages
22  contentions, despite Finjan plainly indicating that its damages theory would revolve, in part, on
23  notice conveyed to Dell.  *Cf. Finjan, Inc. v. Cisco Systems, Inc.*, No. 17-cv-00072-BLF, 2019 WL
24  6174936, at *5 (N.D. Cal. Nov. 20, 2019) (noting that attempts to make arguments not in damages
25  contentions are appropriate for a motion in limine).  Compounded with SonicWall's decision not

1  to raise this issue in its Amended Answer, or in its interrogatory responses, nor even to dispute it
2  when raised by Finjan in summary judgment briefing, it would be profoundly unfair for SonicWall
3  to inject this new defense into the case during the immediate run-up to trial.
4     The prejudice to Finjan is plain.  During pleadings SonicWall specifically admitted that
5  Dell was its "predecessor-in-interest."  It failed to dispute inherited notice in damages contentions,
6  or in interrogatory responses.  Additionally, injection of this issue before the jury would have no
7  practical value except to engender confusion and wastage.
8     Finally, even had SonicWall not forfeited dispute that it inherited Finjan's § 287 notice to
9  Dell, and even were SonicWall permitted to evade its discovery responses confirming Dell as its
10 "predecessor" for notice purposes, the dispute is meritless.  At the time of notice, SonicWall was
11 wholly controlled Dell and bound by Dell's negotiation with Finjan, including for notice purposes,
12 both as an aspect of Dell's ownership and under the doctrine of apparent agency.  This alone
13 would be sufficient for Finjan's § 287 notice to relate to SonicWall.  Still further, the record shows
14 that Dell, when it spun SonicWall out, specifically ███████████████████ as part of
15 the deal.  *See* Exh. 16 at 102 (disclosing, in detail, exchanges between Finjan and Dell).
16 Additionally, John Gmuender, SonicWall's CTO during its ownership by Dell and still its CTO
17 today, ███████████████████████████████.  Exh. 17 at 240:1–18.  And more,
18 when Finjan asked Mr. Gmuender if he had evaluated Finjan's claims before the spin-out, Mr.
19 Gmuender refused to answer after a privilege instruction from SonicWall's counsel.  *Id.* at 241:2–
20 22.  It would be inappropriate and unfair for SonicWall, after specifically blocking inquiry into its
21 top technology executive's knowledge of Finjan's claims, to now be permitted to contend
22 SonicWall lacked actual notice.
23     It is unfair and prejudicial for SonicWall to litigate for three years referring to Dell as its
24 "predecessor-in-direction," then flip direction after discovery is closed and attempt to tell the jury
25

1  the opposite, all while ignoring clear evidence squarely undermining that position.  The Court

2  should preclude this late-rising and meritless argument.

3                                                                        Respectfully Submitted,

4  Dated:  March 4, 2021                                      By: /s/ Robert Courtney
                                                                              Juanita R. Brooks (CA SBN 75934)
5                                                                         brooks@fr.com
                                                                              Roger A. Denning (CA SBN 228998)
6                                                                         denning@fr.com
                                                                              Jason W. Wolff (CA SBN 215819)
7                                                                         wolff@fr.com
                                                                              John-Paul Fryckman (CA 317591)
                                                                              fryckman@fr.com
8                                                                         K. Nicole Williams (CA 291900)
                                                                              nwilliams@fr.com
9                                                                         FISH & RICHARDSON P.C.
                                                                              12860 El Camino Real, Ste. 400
10                                                                       San Diego, CA 92130
                                                                              Phone: (858) 678-5070 / Fax: (858) 678-5099

11                                                                       Proshanto Mukherji (*Pro Hac Vice*)
                                                                              mukherji@fr.com
12                                                                       FISH & RICHARDSON P.C.
                                                                              One Marina Park Drive
13                                                                       Boston, MA 02210
                                                                              Phone: (617) 542-5070/ Fax: (617) 542-5906

14                                                                       Robert Courtney (CA SNB 248392)
                                                                              courtney@fr.com
15                                                                       FISH & RICHARDSON P.C.
                                                                              3200 RBC Plaza
16                                                                       60 South Sixth Street
                                                                              Minneapolis, MN 55402
17                                                                       Phone: (612) 335-5070 / Fax: (612) 288-9696

                                                                              Attorneys for Plaintiff
18                                                                       FINJAN LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

                                                                                       */s/ Robert Courtney*
                                                                                       Robert Courtney
                                                                                       courtney@fr.com