Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE TESTIMONY ON WRITTEN DESCRIPTION FROM SONICWALL'S TECHNICAL EXPERTS**<br><br>Date: March 18, 2021<br>Time: 1:30 PM<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 702, Finjan LLC ("Finjan") respectfully requests that the Court exclude from presentation at trial any testimonial opinions that any asserted patent claim lacks sufficient written description, and/or is invalid for that reason.

## II. ARGUMENT

SonicWall proposes to present the jury with technical opinions concerning the sufficiency of the written description supporting Finjan's patent claims. SonicWall's technical experts did not base these opinions on the Court's claim constructions, but used improper alternative claim constructions the experts invented themselves. Such opinions are improper, and the Court should preclude SonicWall from presenting them to the jury.

### A. For Written Description, SonicWall's Technical Experts Relied on Alternative Constructions Not Adopted by the Court

Each of SonicWall's technical experts, Aviel Rubin, Ph.D; Kevin Almeroth, Ph.D.; and Patrick McDaniel, Ph.D., applied the same methodology opining on written description:

1. Identifying a Finjan infringement contention against a SonicWall product;

2. Based on the contention, forming an alternative construction of a claim limitation(s);

3. Reasoning that Finjan would have adopted this alternative construction; then

4. Opining that the patent's written description fails to teach or suggest an embodiment conforming to the alternative claim construction.

The written description opinions of all four experts use this approach. (See Exh. 1 at 212–40; Exh. 2 at 253–86; Exh. 3 at 128–41.) The Opening Rubin report is illustrative. It begins by analyzing Finjan's infringement contentions. (Exh. 1 at 212 ("Finjan contends this claim language is met . . . .").) It then hypothesizes that Finjan's basis for those contentions might have been an alternative interpretation of some claim term (here, the '408 claim term "an incoming stream of

1  programming code") such that the term would cover the limitation in question (here, ▊▊▊
2  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (*Id.* at 213.) The Report assigns this hypothetical
3  construction to Finjan, though it cites neither any filing by Finjan adopting that construction, nor
4  the Court's claim construction order. (*Id.*) Finally, the Report compares its alternative
5  construction to the specification of the '408 patent to look for disclosure of the exact alleged
6  functionality and, finding none, opines that a skilled artisan would not find support for the claim
7  under this alternative, hypothetical construction never adopted by (or even submitted to) the Court.
8  (*Id.* at 213–14.)

### B. Depositions Confirmed The Experts' Reliance on Alternative Constructions

10  When challenged at deposition, the SonicWall Technical Experts confirmed that their
11  analysis of written description primarily relied on Finjan's infringement contentions, and not on
12  the Court's Claim Construction Order or the terms' ordinary meaning to one of skill in the art.
13  Dr. Rubin confirmed that under the proper construction of the claims, he was "not
14  challenging" written description. (Exh. 4 50:11–18 ("▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊
15  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊
16  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊
17  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊" (objection omitted)).) He confirmed that his written
18  description opinions were based entirely on constructions that the Court has not adopted, and
19  would apply only if the Court "▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊
20  ▊▊▊" (*Id.* at 46:9–47:1.)
21  Dr. Almeroth described his written description argument as a "conditional" argument, and
22  that he was not providing a written description opinion under "the proper" interpretation of the
23  claims. (Exh. 5 62:22–63:2, 64:13–19.) His analysis was expressly "predicated based on a claims
24  scope" that he purportedly discerned from Finjan's "infringement allegations." (*Id.* at 67:8–15.)
25

1 Dr. McDaniel confirmed that he—like all the SonicWall experts—was applying a different claim construction for written description than he applied to either infringement or other aspects of invalidity. (Exh. 6 54:12–21 (describing how his written description discussion "████████ ██████████████████████████████████").) And, like the other experts, he offered no written description opinion under the claim construction actually entered by the Court. (Id. at 55:16–20.)

### C. The Court Should Not Permit Presentation of Hypothetical, Alternative Constructions, or Opinions Based Thereon, to the Jury

The SonicWall Technical Expert's hypothetical-construction methodology is improper as a matter of law, per se unreliable, and inappropriate for the jury. Unless the Court precludes it, such testimony would confuse the jury as to the meaning of claim terms, which meanings should only every be set by the Court. The jury should only be presented with one set of claim constructions: those in the Court's Claim Construction Order.

#### 1. Legal Standards

The Supreme Court has long held that patent claim interpretation is an issue of law, to be resolved exclusively by the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). In jury trials, the court supplies its constructions to the jury via instructions. *E.g.*, *Every Penny Counts, Inc. v. American Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury.") Claim interpretation is not, in any sense, a jury issue. *Id.* Courts construing patent claims give terms the meaning they would have to a person of ordinary skill in the art at the time of the invention in view of the specification and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc). As to written description, patents must contain a sufficient written description "as to enable any person skilled in the art . . . to make and use the same[.]" 35 U.S.C. § 112, ¶ 1. Specifically, the description must "clearly allow persons of

1  ordinary skill in the art to recognize that the inventor invented what is claimed." *Ariad Pharms.,*

2  *Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (quote marks omitted).

3  "[T]he test for sufficiency is whether the disclosure of the application relied upon reasonably

4  conveys to those skilled in the art that the inventor had possession of the claimed subject matter as

5  of the filing date." *Id.*  The sufficiency of written description is evaluated based on "the four

6  corners of the specification." *Id.*  A patent satisfies the written description requirement where its

7  specification is adequate "to support the full scope of the claims as construed [by the court]."

8  *Energy Trans. Grp. v. William Demant Holding A/S*, 697 F.3d 1342, 1350 (Fed. Cir. 2012).  Fact-

9  finders evaluating the sufficiency of a patent's written description apply a presumption that the

10  description is sufficient.  A patent may be invalidated on written description grounds only upon

11  clear and convincing evidence that the full scope of the claims, using the construction assigned by

12  the court, lacks support in the written description.  *Ariad*, 598 F.3d at 1354.

### 2. Opinions Based on Alternative Claim Constructions Derived From Infringement Allegations are Improper

15  The written description opinions offered by Drs. Rubin, Almeroth, and McDaniel should

16  be precluded.  For written description, claims must only interpreted according to their ordinary

17  meaning at the time of the invention, in view of the specification and the prosecution history.

18  *Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co.*, 590 F.3d 1326, 1336 (Fed. Cir.

19  2010) ("A district court must base its analysis of written description . . . on proper claim

20  construction."); *see also Phillips*, 415 F.3d at 1312–13.  This Court properly held claim

21  construction proceedings, and issued an order.  (See Claim Constr. Order (Mar. 26, 2019), D.I.

22  132.)  Eliciting testimony using constructions neither Finjan nor the Court have adopted flatly

23  abridges that law.

24  Further, infringement contentions are not a recognized source for claim construction.  Post-

25  patent documents—such as contentions—that do not help establish what claim terms meant at the

1  time of the invention, are "not considered."  *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334
2  F.3d 1294, 1299 (Fed. Cir. 2003).  None of the SonicWall Experts contend that the infringement
3  allegations are valid claim construction evidence, yet all of them rely on them for that purpose.
4  Dr. Rubin confirmed that his written description opinions could apply only if the Court adopts
5  those constructions—which it has not done.  (Exh. 4 at 46:9–47:1.)  Dr. Almeroth stated that his
6  analysis was discerned from Finjan's "infringement allegations," and that he had no written
7  description opinion under "the proper" (i.e., the Court's) interpretation of the claims.  (Exh. 5
8  62:22–63:2, 64:13–19, 67:8–15.)  Dr. McDaniel confirmed that but for considering the allegations,
9  he had no other opinion as to written description, and was basing his opinions on "what Finjan
10 appeared to be arguing."  (Exh. 6 at 54:12–21, 55:16–20.)

11 Finjan is unaware of any authority endorsing an expert applying alternative constructions
12 in jury testimony.  The Federal Circuit has expressly reminded district courts to be vigilant against
13 attempts to make claim construction a jury issue.  *Every Penny Counts*, 563 F.3d at 1383 (Fed.
14 Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims
15 are not left to the jury.").  And it has noted that failure to sufficiently protect the jury may be
16 grounds for reversal.  In its words, "The risk of confusing the jury is high when experts opine on
17 claim construction before the jury[.]"  *CytoLogix Corp. v. Ventana Medical Sys. Inc.*, 424 F.3d
18 1168, 1172 (Fed. Cir. 2005).

19 Tendering invalidity theories based on alternative claim constructions that are (1)
20 unendorsed by the Court, and (2) expressly derived from documents that are not cognizable claim
21 construction evidence would promote confusion by the jury, to Finjan's clear prejudice. Because it
22 is not disputed that none of SonicWall's experts have disclosed any written description opinions
23 except those based on the infringement allegations (and the hypothetical claim constructions
24 derived therefrom), the Court should order that SonicWall may not present any expert opinion at
25 trial on written description.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully Submitted, |
| 2 | Dated:  March 4, 2021 | By: */s/ Robert Courtney* |
| 3 |  | Juanita R. Brooks (CA SBN 75934)<br>brooks@fr.com<br>Roger A. Denning (CA SBN 228998) |
| 4 |  | denning@fr.com<br>Jason W. Wolff (CA SBN 215819) |
| 5 |  | wolff@fr.com<br>John-Paul Fryckman (CA 317591)<br>fryckman@fr.com |
| 6 |  | K. Nicole Williams (CA 291900)<br>nwilliams@fr.com |
| 7 |  | FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA 92130 |
| 8 |  | Phone: (858) 678-5070 / Fax: (858) 678-5099 |
| 9 |  | Proshanto Mukherji (*Pro Hac Vice*)<br>mukherji@fr.com |
| 10 |  | FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210 |
| 11 |  | Phone: (617) 542-5070/ Fax: (617) 542-5906 |
| 12 |  | Robert Courtney (CA SNB 248392)<br>courtney@fr.com |
| 13 |  | FISH & RICHARDSON P.C.<br>3200 RBC Plaza |
| 14 |  | 60 South Sixth Street<br>Minneapolis, MN 55402<br>Phone: (612) 335-5070 / Fax: (612) 288-9696 |
| 15 |  |  |
| 16 |  | Attorneys for Plaintiff<br>FINJAN LLC |

Case 5:17-cv-04467-BLF   Document 369   Filed 03/04/21   Page 8 of 8

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

*/s/ Robert Courtney*
Robert Courtney
courtney@fr.com