1  Juanita R. Brooks (CA SBN 75934) brooks@fr.com
   Roger A. Denning (CA SBN 228998) denning@fr.com
2  Jason W. Wolff (CA SBN 215819) wolff@fr.com
3  John-Paul Fryckman (CA 317591) fryckman@fr.com
   K. Nicole Williams (CA291900) nwilliams@fr.com
4  FISH & RICHARDSON P.C.
   12860 El Camino Real, Ste. 400
5  San Diego, CA 92130
   Telephone: (858) 678-5070 / Fax: (858) 678-5099
6
7  Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
   FISH & RICHARDSON P.C.
8  One Marina Park Drive
   Boston, MA 02210
9  Phone: (617) 542-5070/ Fax: (617) 542-5906

10 Robert Courtney (CA SNB 248392) courtney@fr.com
   FISH & RICHARDSON P.C.
11 3200 RBC Plaza
   60 South Sixth Street
12 Minneapolis, MN 55402
   Phone: (612) 335-5070 / Fax: (612) 288-9696
13
   Attorneys for Plaintiff
14 FINJAN LLC

15                         UNITED STATES DISTRICT COURT

16                        NORTHERN DISTRICT OF CALIFORNIA

17                                (SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company, | Case No. 5:17-cv-04467-BLF (VKD) |
| Plaintiff, | **PLAINTIFF FINJAN LLC'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE CERTAIN DAMAGES TESTIMONY BY DR. BECKER** |
| v. | |
| SONICWALL, INC., a Delaware Corporation, | Date: March 18, 2021 |
| Defendant. | Time: 1:30 PM |
| | Hon. Beth Labson Freeman |
| | Ctrm: 3, 5th Floor |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 702, Finjan LLC ("Finjan") respectfully requests that the Court exclude from presentation to the jury damages opinions by Stephen Becker, Ph.D. that (1) are based on a legally improper damages model, or (2) rely on post-Complaint events not cognizable under a properly formed royalty analysis.

## II. ARGUMENT

The model proposed by Dr. Becker, SonicWall's damages expert, contravenes settled law by basing damages on SonicWall's ***pre-notice revenues***, conflicting with 35 U.S.C. § 287(a). It also ***ignores years of infringement*** for which Finjan is entitled to relief, conflicting with § 284. Dr. Becker also improperly relies on events long after the hypothetical negotiation, namely Finjan's change in ownership in late 2020. The Court should preclude such opinions.

### A. Damages Start No Earlier Than June 10, 2014, and Could Extend to 2025

In this case, damages begin on the date SonicWall received actual notice of Finjan's claims. The dates of notice, and thus the damages start dates, are disputed, with SonicWall consistently urging later dates than Finjan. In no event might damages for this case begin ***before*** June 10, 2014 (Finjan's date for the '926 patent), and in no event would damages for other patents begin before other dates Finjan has urged (from Sept. 2014 ('780 patent) through the date of the complaint). Finjan's damages expert DeForest McDuff, Ph.D. has collected the earliest damages start dates in a table. *See* Exh. 10 ¶¶ 105–07. As to the end of damages, they could extend until the expiration of the '154 patent, which is December 12, 2025.

### B. Dr. Becker Relied on Pre-Notice Revenue and Excluded Years of Infringement

Dr. Becker's damages model (reflected in his report (Exh. 7), with errata (Exh. 8) and supplementation (Exh. 9)) does not reflect the appropriate start of damages, under any party's contentions. It estimates damages based on SonicWall revenues from long before the start of damages, going as early as February 1, 2010 for the '780 patent. *See generally* SLB-2A–2J; SLB-

1  4A–4–J; *see also* Exh. 7 ¶¶ 107–12, 339–40, 421, 429.[1]  Dr. Becker's model ignores years of accused SonicWall revenue.  For the '780 patent, Dr. Becker's model stops at January 31, 2015, ignoring three years of subsequent term.  For the '154 patent, the model is worse; awarding damages on revenues on February 1, 2014 (i.e., long before damages start on March 2017), and stopping on January 31, 2019 (i.e., years before Dec. 12, 2025 expiration).  *See* SLB-2J; SLB-4J.

At deposition, Dr. Becker confirmed that his model relied on pre-notice revenue.  Exh. 9 at 113:5–16.  He also confirmed that, because of this, his royalty was mostly attributable to pre-notice revenue.  *Id.* at 134:7–12.  And his "lump sum" computations for patent royalties (in Exhibits SLB-1A and SLB-1B) were similarly based on pre-notice revenues.  *Id.* at 141:7–13.  And he confirmed that ***all*** his damages computations relied on pre-notice revenues.  *Id.* at 142:22–143:15 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

### C.   Legal Standards

Where, as here, a patentee relies on actual notice to the infringer to support infringement, the Patent Act makes clear that any damages must be limited to "infringement occurring after such notice."  35 U.S.C. § 287(a).  The Federal Circuit expressly held that this provision of § 287 is a "***limitation on damages***, and not an affirmative defense."  *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (emphasis added).  However, once the notice requirement has been satisfied, a patentee who proves infringement has an absolute right to appropriate damages for infringing post-notice acts.  *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990) ("In patent law, the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated.").  These considerations are central to determination of the "royalty base" (the corpus of

---

[1] The "SLB" exhibits were part of Dr. Becker's report, and are in Exhs. 7, 8, and 12.

value to which the royalty rate is applied) for damages purposes. "The royalty base for reasonable royalty damages *cannot include activities that do not constitute patent infringement*, as patent damages are *limited to those 'adequate to compensate for the infringement*.'" *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) (quoting 35 U.S.C. § 284, emphasis added).

### D. Because It Bases Damages on Pre-Notice Acts for All Asserted Patents, Dr. Becker's Model Contravenes the Patent Act and Appellate Authority

To Finjan's knowledge, no authority from the Federal Circuit or from any other tribunal authorizes a royalty on revenues outside the limits in § 287(a). The statute says the opposite:

> [Absent constructive notice,] no damages shall be recovered . . . , except . . . *for infringement occurring after [actual] notice.*

35 U.S.C. § 287(a) (emphasis added). The Federal Circuit has reminded courts and litigants to take care when computing a royalty base for damages purposes. "The royalty base for reasonable royalty damages cannot include activities that do not constitute patent infringement, as patent damages are limited to those 'adequate to compensate for the infringement.'" *AstraZeneca*, 782 F.3d at 1343 (Fed. Cir. 2015) (quoting 35 U.S.C. § 284).

*AstraZeneca*'s logic should control here. There, the Federal Circuit reversed a district court's determination that the royalty base for patent damages should include revenues during a "pediatric exclusivity period" that ran past the expiration of the patent. *Id.* at 1343. Reversing, *AstraZeneca* pointed out the "familiar principle that the royalty due for patent infringement should be the value of what was taken—the value of the use of the patented technology." *Id.* at 1344 (quote marks omitted). Under that principle, it was improper to include post-expiration in an infringement revenue base because those revenues took nothing from the patentee attributable to the patent. Here, the presentation is different but the outcome should be the same. By operation of § 287, Finjan has no right under to pre-notice damages, and has never sought pre-notice damages. Dr. Becker's model, by including pre-notice revenues (to the exclusion of post-notice revenues, discussed below) in his base is improper, as the deficient base was in *AstraZeneca*.

**E.     Because It Accords Zero Value to Late-Term Infringement for the '780, '968, '305, '408, and '154 Patents, Dr. Becker's Model is Doubly Improper**

Dr. Becker's model ignores infringement more than five years after the hypothetical negotiation. Such a five year horizon omits years of revenue:

| Patent | End of Damages | Dr. Becker's Revenue Period | Unaddressed Term |
|---|---|---|---|
| '780 patent | November 6, 2017 | Feb. 1, 2010 through Jan. 31, 2015 | 2 years, 280 days |
| '968 patent | September 5, 2023 | Feb. 1, 2014 through Jan. 31, 2017 | 6 years, 218 days |
| '305 patent | August 18, 2020 | Feb. 1, 2014 through Jan. 31, 2019 | 1 year, 145 days |
| '408 patent | May 27, 2021 | Feb. 1, 2014 through Jan. 31, 2019 | 2 years, 119 days |
| '154 patent | December 12, 2025 | Feb. 1, 2014 through Jan. 31, 2019 | 6 years, 317 days |

Again, Dr. Becker's approach is irreconcilable with the law. A patentee is entitled to a reasonable royalty for *all* infringement, not just a fraction. *See, e.g.*, 35 U.S.C. § 284; *see also Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381–82 (Fed. Cir. 2003) ("The statute [§ 284] is unequivocal that the distict court *must award damages* in an amount no less than a reasonable royalty.") (emphasis added); *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990) ("[t]he fact of infringement establishes the *fact of damage* because the patentee's right to exclude has been violated.") (emphasis added). The Court should not permit Dr. Becker to present a damages model under which Finjan would be uncompensated—and SonicWall would receive a windfall—for years of infringement.

**F.     No Part of *Georgia-Pacific* Justifies Dr. Becker's Distorted Model**

Searching for support, Dr. Becker cited *Georgia-Pacific*'s hypothetical negotiation framework. *E.g.*, Exh. 8 ¶¶ 423–24. But that case cannot overwhelm § 287's bar on pre-notice damages, or § 284's requirement of a remedy for infringement. While the hypothetical negotiation pre-dates the litigation, it does not permit an accused infringer to propose blinding the jury to the extent of infringement. The negotiation's point is to help the jury "assess damages for *post-notice infringement* relative to market conditions at the point in time when infringement began." *Power*

1 *Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1379 (Fed. Cir. 2013)

2 (emphasis added).  That objective would be frustrated if juries could hear about hypothetical

3 negotiations that pay on pre-notice revenue (which § 287 forecloses), and withhold on

4 infringement later (leaving Finjan without the remedy required by § 284).

5 For this reason, the Federal Circuit has reminded courts they are "not at liberty, in

6 conducting the [hypothetical negotiation] methodology, to abandon entirely the statutory standard

7 of damages 'adequate to compensate' for the infringement."  *Fromson v. W. Litho Plate & Supply*

8 *Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988), *overruled on other grounds by Knorr-Bremse Systeme*

9 *fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004).  Proper damages

10 models "look to events and facts that occurred thereafter," such as notice dates and infringement

11 deep into the patent term.  *See id.*  Dr. Becker's model fails that requirement.  By blinding itself to

12 the actual damages periods—periods beginning as early as 2014 and extending as late as 2023—

13 Dr. Becker's analysis contravenes deep-rooted damages concepts.  Presentation to the jury would

14 be unlawful and deeply prejudicial to Finjan because of the confusion that would result.  The

15 Court should enter an order precluding Dr. Becker from presenting such analysis to the jury.

16 **G.     Finjan's Change in Ownership is Not Part of a Proper Damages Analysis**

17 Dr. Becker claims, without justification, that computation of a royalty should be limited by

18 the late 2020 acquisition of Finjan by Fortress.  *E.g.* Exh. 7 at ¶ 447.  Even Dr. Becker's own

19 analysis does not deem the acquisition to be a consideration at the hypothetical negotiation.

20 Finjan is aware of no reasonable basis for telling the jury that damages should take the acquisition

21 into account when no damages expert has opined it would be considered at the hypothetical

22 negotiation.  Though recognizing that this Court in another matter held the acquisition potentially

23 relevant to damages, in this case nothing in Dr. Becker's report supports opining on it to the jury.

24 Presentation would be prejudicial, as it would lead to confusion and improper damages analysis.

25 The Court should preclude Dr. Becker's opinions based on the acquisition at trial.

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated: March 4, 2021 | By: */s/* *Robert Courtney* |
|   | Juanita R. Brooks (CA SBN 75934) |
|   | brooks@fr.com |
|   | Roger A. Denning (CA SBN 228998) |
|   | denning@fr.com |
|   | Jason W. Wolff (CA SBN 215819) |
|   | wolff@fr.com |
|   | John-Paul Fryckman (CA 317591) |
|   | fryckman@fr.com |
|   | K. Nicole Williams (CA 291900) |
|   | nwilliams@fr.com |
|   | FISH & RICHARDSON P.C. |
|   | 12860 El Camino Real, Ste. 400 |
|   | San Diego, CA 92130 |
|   | Phone: (858) 678-5070 / Fax: (858) 678-5099 |
|   |   |
|   | Proshanto Mukherji (*Pro Hac Vice*) |
|   | mukherji@fr.com |
|   | FISH & RICHARDSON P.C. |
|   | One Marina Park Drive |
|   | Boston, MA 02210 |
|   | Phone: (617) 542-5070/ Fax: (617) 542-5906 |
|   |   |
|   | Robert Courtney (CA SNB 248392) |
|   | courtney@fr.com |
|   | FISH & RICHARDSON P.C. |
|   | 3200 RBC Plaza |
|   | 60 South Sixth Street |
|   | Minneapolis, MN 55402 |
|   | Phone: (612) 335-5070 / Fax: (612) 288-9696 |
|   |   |
|   | Attorneys for Plaintiff |
|   | FINJAN LLC |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ Robert Courtney
Robert Courtney
courtney@fr.com