Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SBN 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S OPPOSITION TO DEFENDANT SONICWALL INC.'S MOTIONS TO EXCLUDE EXPERT TESTIMONY AND TO EXCLUDE BACKGROUND OPINIONS (MOTION *IN LIMINE* NO. 1) [DKT. 360]**<br><br>Date: March 18, 2021<br>Time: 1:30 PM<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF REFERENCED EXHIBITS**[1]

| Description | Exhibit |
|---|---|
| Expert Report of DeForest McDuff, Ph.D. dated September 4, 2020 | A |
| Expert Report of Dr. Eric Cole Regarding Technology Tutorial and Infringement by SonicWall, Inc. of Patent Nos. 6,154,844; 7,058,822; 7,647,633 and 8,677,494 dated September 3, 2020 | B |
| Expert Report of Dr. Nenad Medvidovic Regarding Infringement by SonicWall, Inc. of Patent Nos. 8,225,408; 7,975,305 and 8,141,154 dated September 3, 2020 | D |
| Expert Report of Dr. Aaron Striegel dated September 3, 2020 | F |

---

[1] All exhibits are attached to the Omnibus Declaration of Robert Courtney.

## I.  INTRODUCTION

Due to errors both economic and legal, the Court should deny SonicWall's motion for a windfall as to past damages through misapplication of discounting.  SonicWall's second motion (seeking preclusion of relevant testimony on SonicWall's state of mind pre-suit) has no cognizable relationship to the first, and is a separate motion *in limine* exceeding the Court's limit of five motions.  The Court should deny it on that basis or, should it reach them, deny it on the merits.

## II.  BACKGROUND (FIRST MOTION)

Economist DeForest McDuff, Ph.D. modeled damages across the entire period of accused infringement, extending back to the date of pre-suit notice and forward to the latest date of infringement in the future.  As part of his model, Dr. McDuff computed how much SonicWall would owe (again, assuming infringement) if value were assessed on the date Dr. McDuff served his report, Sept. 4, 2020.  *See* Exh. A.  This included both "past" (pre-Sept. 2020) damages based on SonicWall's actual financial data, and "future" (post-Sept. 2020) damages projected from available information.

Because his model hypothesized SonicWall paying in mid-2020 for infringement months or years hence, Dr. McDuff's model acknowledged that a typical economic actor requires a "discount" when paying for future acts, due to general uncertainty about the future and the time value of money—not the uncertainty of infringement (which was hypothesized), but uncertainty about other market conditions that might affect the "present value" of future liabilities.  *E.g.*, Exh. A at ¶¶ 114–15.  Dr. McDuff estimated an appropriate discount for an actor in SonicWall's position, and applied it so as to accurately compute the net present value (to an actor in SonicWall's position, as of mid-2020) of the stream of future liability.

As to *past* liability (i.e., liability before the date of the report), Dr. McDuff explained that no discounting was appropriate.  *Id.* & n.312.  This was because the parties at the hypothetical negotiation would agree to look at actual infringement, and to determine the lump sum amount

1   Case No. 17-cv-04467-BLF (VKD)
FINJAN'S OPPOSITION TO MOTION *IN LIMINE* NO. 1

based on that infringement, as Finjan has done in its actual license agreements. Dr. McDuff noted there is no uncertainty as to past infringement at the time of SonicWall's payment to Finjan, and thus concluded that, as an economic matter, no discounting was required. Put differently, Dr. McDuff reasoned that while it was economically reasonable to consider SonicWall seeking and receiving a discount for projected liabilities, it does not have leverage to require the same for liabilities where the record is fixed and certain. Further confirming his approach, Dr. McDuff noted numerous documents from Finjan's archives showing that it did not offer accused infringers time-value of money discounts for past infringement.

From an abundance of caution, Dr. McDuff also supplied an alternate computation. Instead of computing the economic value of damages as of his report (Sept. 2020), he also modeled value on the first day of the damages period (June 10, 2014). In this model, because value was assessed in 2014 entirely for liabilities that accruing in the future when (under the model's limited view) market conditions would be uncertain, the model gave SonicWall a discount rate for the entire stream of payments. But in this version, SonicWall took a windfall. It benefited from the assumption that the conditions surrounding its infringement from 2014–2020 were uncertain, when in fact there is no uncertainty at all. Still further, the discounting of past infringement was inconsistent with Finjan's licensing policies in other contexts. For this reason Dr. McDuff viewed the alternate, excessively discounted model as "conservative" and disfavored.

### III. ARGUMENT (FIRST MOTION)

The central allegation in SonicWall's motion is that Dr. McDuff's decision not to discount past infringement was "based primarily on Finjan's willfulness allegations." (Mot. 1) That allegation is demonstrably incorrect. Nowhere did Dr. McDuff state that his decision was based on SonicWall's state of mind, or bad faith, or other willfulness-type considerations. To the contrary, Dr. McDuff's report explained that the decision to discount future liabilities was based on "the uncertainty of negotiating a license [in Sept. 2020] in advance of sales that have not yet

occurred." Exh. A at ¶ 114.  Dr. McDuff's report also explained that the decision not to discount past liability was because "the past infringement has already occurred with certainty and an exact value based on sales data."  *Id.*  SonicWall's motion neither cites nor discusses these.  Further confirming the reasonableness of his approach, Dr. McDuff provided eight independent economic bases for his discounting structure.  *Id.*

The sole citation SonicWall offers to suggest that Dr. McDuff's decision was based on willfulness considerations was his statement that his model as a whole "reflects that SonicWall has earned revenue and profits through ongoing infringement over time via Finjan's technology without compensating Finjan."  Mot. 2 (quoting Exh. A at ¶ 114).  This is not, as SonicWall inaccurately styles it, a willfulness basis.  It is a description that (at least according to Finjan's allegations, which Dr. McDuff assumes are correct) SonicWall's infringement was consistent and ongoing, without any meaningful intercessions or pauses.  There is no reference to any aspect of SonicWall's mental state, nor anything else cognizable as willfulness.  *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) (willfulness connotes action while "knowing or having reason to know of facts which would lead a reasonable man to realize his actions are unreasonably risky").

As to legal authority, SonicWall's sole material citation is to this Court's order in *Finjan, Inc. v. Cisco Systems, Inc.*, No. 17-cv-00072-BLF, slip op. (N.D. Cal. Apr. 17, 2020), D.I. 555, but *Cisco*'s rationale has no application here.  As SonicWall concedes, in *Cisco* the struck model based its discounting approach "solely on the assumption that Cisco willfully infringed."  Slip op. at 10.  Not so here. None of Dr. McDuff's stated bases relate to willfulness in any sense, and SonicWall has pointed to nothing suggesting otherwise.  Further, in *Cisco* the struck model applied no discounting at all, not even for liabilities accruing after the modeled date.  *Id.* at 11 (noting expert's conclusion "that time value of money discount would not have been applied").  Again, not the case here, where Dr. McDuff properly discounted where appropriate, and described

1  in detail his basis for doing so.  SonicWall's statement that Dr. McDuff's report is "just like
2  Finjan's damages report from Dr. Layne-Farrar in *Cisco*" (Mot. 1) is simply not true.
3        Finally, as to SonicWall's contention that Dr. McDuff erred as a matter of law by utilizing
4  a date of Sept. 9, 2020 as the modeled date, rather than a date years before the start of damages
5  (Mot. 2), SonicWall is plainly incorrect.  That the hypothetical negotiation guides the
6  establishment of the royalty rate and base says nothing about the appropriate discounting once
7  those have been set.  Indeed, this Court has recognized that excessive discounting can be
8  distorting.  *E.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 4272870, at
9  *7 (N.D. Cal. July 14, 2015) (precluding accused infringer's attempt to discount back to
10 hypothetical negotiation).  And though the experts in *Blue Coat* used fully-discounted models,
11 here Dr. McDuff described in detail how his limited-discounting approach is the more accurate,
12 more "economically reasonable" estimation for this case.  Exh. A at ¶¶ 114, 116.
13       SonicWall here estimates the value of its "discounting" windfall at ▮▮▮▮▮.  Mot. 3.
14 Dr. McDuff's report explains why that is not justified economically.  If SonicWall thinks Dr.
15 McDuff's opinions are not the best fit for this case, SonicWall must cross-examine at trial because
16 it has failed to establish unreliability or conjecture in Dr. McDuff's report on a *Daubert*- or MIL-
17 type standard.  The Court should deny SonicWall's discounting motion.

18 **IV.   BACKGROUND (SECOND MOTION)**
19       The expert reports of Michael Mitzenmacher, Ph.D.; Eric Cole, Ph.D.; Nenad Medvidovic,
20 Ph.D.; and Aaron Striegel, Ph.D. (together, "the Technical Experts") each contain a review, from
21 the perspective of a skilled technologist, of pre-suit correspondence between Finjan and Dell,
22 SonicWall's predecessor-in-interest.  Exh. B at ¶¶ 112–14; Exh. C at 70–71; Exh. D at ¶¶ 62–63;
23 Exh. F at ¶ 85.  They also describe correspondence between Finjan and SonicWall (after Dell
24 stopped being SonicWall's owner).  These interactions were technical, both because they involve
25 detailed discussion and technology, and because they involve interpretation of patent claims that

(as the Court knows) must be interpreted from the perspective of one of ordinary skill in the art. The history discussed provides context for each expert's analysis on principal issues.

## V. ARGUMENT (SECOND MOTION)

SonicWall's case for preclusion has no basis.  The Technical Experts' opinions concerning the history of the SonicWall-Finjan relationship is relevant not only to SonicWall's willfulness (which is assessed not only with reference to SonicWall's mental state, but also with reference to the reasonableness of SonicWall's decision to continue infringing rather than take a license), but it is also relevant to actual notice under § 287—an issue where the Court has already identified the presence of material fact disputes.  Additionally, SonicWall's claim to prejudice (Mot. 4–5) is wholly conjectural and unsupported by the evidence.  Other than generally declaiming about the entire topic, SonicWall identifies no statement by any of the Technical Experts that SonicWall views as inaccurate, prejudicial, or pejorative.  As with most of SonicWall's other motions *in limine*, disputes over the history of SonicWall's interactions with Finjan are properly handled via cross-examination, and not preclusion.

Further, as noted above SonicWall's attempt to preclude these statements has no colorable relationship to its attempt to preclude one of Dr. McDuff's damages models.  The only conceivable link between them is SonicWall's attempt to position both as relating to "willfulness." That is not enough to justify SonicWall's treatment of two entirely separate issues—one addressing economic considerations in discounting, the other on the details of notice—as a single motion under the Court's standing order.  And even if the "willfulness" tag, without more, were enough to group these as a single motion, as already discussed the issues SonicWall raises as to Dr. McDuff do not relate to willfulness at all, and SonicWall errs in alleging otherwise.  Whether on the substance or as an attempt to evade the Court's limitation on motions *in limine*, the Court should deny SonicWall's motion as to the Technical Experts' statements about the history of the parties' interactions.

Respectfully Submitted,

Dated: March 11, 2021

By: */s/ Robert Courtney*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
John-Paul Fryckman (CA 317591)
fryckman@fr.com
K. Nicole Williams (CA 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SBN 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 11, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ Robert Courtney
Robert Courtney
courtney@fr.com