**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>     v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>                    Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 2 TO PRECLUDE CERTAIN DAMAGES TESTIMONY BY DR. BECKER**<br><br>Date:            March 18, 2021<br>Time:           1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:          Hon. Beth Labson Freeman |

**REDACTED**

**TABLE OF REFERENCED EXHIBITS**[1]

| | |
|---|---|
| September 4, 2020 Expert Report of DeForest McDuff, Ph.D. | Ex. 37 |
| October 9, 2020 Expert Report of Stephen L. Becker, Ph.D. on Behalf of Defendant | Ex. 38 |
| Errata to Expert Report of Stephen L. Becker, Ph.D. on Behalf of Defendant, SLB-1A and SLB-1B | Ex. 39 |
| November 2, 2020 deposition of DeForest McDuff, Ph.D | Ex. 41 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

i

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 2 TO PRECLUDE CERTAIN DAMAGES TESTIMONY BY DR. BECKER, CASE NO. 5:17-CV-04467-BLF-VKD

1    Dr. Becker correctly applied the governing damages law to the evidence in this case. Each
2    of Finjan's challenges is separately addressed below, and each fails.

**I.   ARGUMENT AND CITATIONS TO AUTHORITY**

   **A.   Dr. Becker's Methodology Appropriately Captures Damages From the Date of First Infringement, and Then Limits Those Damages Based Upon Finjan's Failure to Comply with the Marking Statute**

Finjan's first argument appears to be that Dr. Becker's opinion is too generous to Finjan, suggesting that Dr. Becker includes damages prior to Finjan's actual notice. While this would be an odd objection, the premise is (unsurprisingly) incorrect: Dr. Becker's ultimate reasonable royalty opinion *only* includes damages to compensate for the alleged infringement occurring from the date of actual notice through patent expiration.

To reach his ultimate opinions, Dr. Becker first determined the date of the hypothetical negotiation, which would have occurred on the dates of alleged first infringement for each patent. This is exactly what the law requires. *See*, *e.g.*, *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983) ("The key element in setting a reasonable royalty ... is the necessity for return to the date when the infringement began."); *Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed. Cir. 1988) (hypothetical royalty negotiation methodology speaks of "negotiations as of the time infringement began"), *overruled on other grounds by Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004). Here, Finjan's damages expert, Dr. McDuff, opined that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Ex. 37 ¶ 35; *see also* McDuff Table 1. Dr. Becker adopted these same dates for his analysis. Ex. 38 ¶ 12(A) ██████████████████████████████████████████████████████████████████████████████████████████████.").

Next, Dr. Becker correctly opined that damages for SonicWall's alleged infringement ordinarily would begin as of the date of first infringement, not the date of actual notice. Again, this is what the law directs. *Wang Lab'ys, Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) ("[T]he court confused limitation on damages due to lack of notice with determination of the time

when damages first began to accrue, and it is the latter which is controlling in a hypothetical royalty determination."). Indeed, it would have been error to adopt the date of notice as the hypothetical negotiation date (and the beginning of damages), as opposed to the date of first infringement. *Id.* ("[T]his case is governed by the rule in *Fromson,* in which hypothetical negotiations were determined to have occurred when the infringement began . . . even though, under 35 U.S.C. § 286, the infringer was only liable for damages for the six years prior to the filing of the infringement action."). To show how he complied with the law, Dr. Becker "showed his work" and determined what the reasonable royalty would be as of the date of first infringement, absent any "limitation on damages due to lack of notice." *Id.* These calculations are set forth in the column titled "Total Discounted Royalties (prior to limitations)" in each of SLB-1A (Errata) and SLB-1B (Errata). Ex. 39. Had Finjan complied with the marking statute, Dr. Becker's analysis would have ended there.

But Finjan did not comply with the marking statute, and therefore Dr. Becker undertook additional analysis to determine Finjan's "recoverable damages" in light Section 287's "temporal limitation on *damages* for infringement." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1379 (Fed. Cir. 2013) (emphasis in original); *see also id.* ("While the marking statute limits recovery of damages for infringement occurring before the 'infringer was notified *of the infringement,*' the statute refers to the pre-notice infringing activity as 'infringement.' 35 U.S.C. § 287(a). Indeed, pre-notice infringement is still infringement. What differs is that a patentee may not recover damages for such pre-notice infringement.") (emphasis in original)). Dr. Becker set forth these calculations in the column titled "Total Discounted Royalties (after limitations)" in each of SLB-1A (Errata) and SLB-1B (Errata), to account for the parties' differing views on when actual notice was provided. Ex. 39. These columns represent Dr. Becker's ultimate damages opinions.

*AstraZeneca* does not suggest a different result. Dkt. 370, at 2-3 (citing *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015)). The issue in that case was the inclusion of revenues in a royalty base that were earned after patent expiration. Because "there can be no infringement once the patent expires," this was improper. *Id.* None of Dr. Becker's opinions—his interim "prior to limitations" opinions or his final "after limitations" opinions—suffer this defect

2

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 2 TO PRECLUDE CERTAIN DAMAGES
TESTIMONY BY DR. BECKER, CASE NO. 5:17-CV-04467-BLF-VKD

because "pre-notice infringement is still infringement." *Power Integrations*, 711 F.3d at 1379. "What differs is that a patentee may not recover damages for such pre-notice infringement." *Id*.

Put simply, Dr. Becker's methodology for first determining when infringement began (and thus damages started to accrue), and then (second) limiting the damages based on the date of actual notice, is in full compliance with the relevant damages law, and Finjan has cited no authority to suggest otherwise. Accordingly, this portion of Finjan's motion should be denied.

### B. Dr. Becker's Methodology for Determining the Appropriate Royalty Base Gives Full Effect to Finjan's Own Licensing Policies and Practices

Finjan's second complaint—that Dr. Becker's model "ignores years of accused SonicWall revenue" (Dkt. 370, at 2)—is also without merit. Finjan's complaint seems to assume that Dr. Becker was using exactly the same model as Finjan's expert, which (although nominally couched as a lump sum) is essentially a running royalty that has SonicWall paying Finjan a royalty on every sale of the accused products, projected out to expiration (as necessary). However, Dr. Becker opined that the hypothetical negotiation(s) would have resulted in a different methodology for calculating a reasonable royalty: a fully paid-up lump sum amount calculated using Finjan's own "lump sum" licensing policies and practices. Specifically, Dr. Becker noted that 

Ex. 38 ¶ 298 & n. 547; *see also id.* ¶¶ 415 (the ") (emphasis added), 422 (" ") & nn. 666 – 669, 423 (" "). Finjan does not challenge these conclusions.

1    In other words, Dr. Becker applied Finjan's own licensing practices, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as Dr. McDuff himself conceded. *See also* Ex. 41 at 64:7-
4    12 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."). Dr.
5    Becker's lump sum analysis, therefore, appropriately looked at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (and execution of the
7    hypothetical license). This methodology does not, as Finjan accuses, preclude Finjan from "§ 284's
8    requirement of a remedy for infringement." (Dkt. 370, at 4). Rather, it faithfully applies Finjan's
9    actual licensing policies and the real-world negotiation of a lump sum agreement.
10       Finjan's real complaint appears to be that Dr. Becker ▓▓▓▓▓▓▓▓▓▓▓▓
11   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Both parties' experts agree that Finjan consistently negotiates lump sum
14   licenses, which differ significantly from running royalty licenses. *Lucent Techns., Inc. v. Gateway,*
15   *Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009) (explaining the pros and cons of a lump sum license
16   compared to a running royalty structure). Dr. Becker's analysis is faithful to the lump sum structure.
17       Finally, even if Finjan's criticisms had some merit (which they do not), these criticisms would
18   not justify excluding Dr. Becker's opinions. Finjan does not even challenge Dr. Becker's opinions
19   on the '844 and '494 Patents on this basis. For the other three remaining patents – the '780, '968,
20   and '408 Patents – Dr. Becker's opinions clearly meet the reliability and relevance requires of
21   *Daubert*, and Finjan is free to cross examine him on how consideration of SonicWall's revenues
22   through patent expiration would affect his lump sum reasonable royalty. *See*, *e.g.*, *Icon-IP Pty Ltd.*
23   *v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 940 (N.D. Cal. 2015) ("the *Daubert* test
24   'is not the correctness of the expert's conclusions but the soundness of his methodology.' …
25   Harrigan's testimony will be open to attack on cross-examination, and it will be up to the jury to
26   decide the appropriate weight to give this evidence.").
27   **C.    Dr. Becker's Opinions Regarding the Sale of the Patents-in-Suit Are Relevant**
28       Lastly, Finjan asks the Court to strike Dr. Becker's opinions related to Finjan's sale of the

4

1  Patents-in-Suit to Fortress, arguing that "[e]ven Dr. Becker's own analysis does not deem the
2  acquisition to be a consideration at the hypothetical negotiation." Dkt. 370, at 5. It is not clear how
3  Finjan reached this conclusion, as Dr. Becker repeatedly points to the Fortress acquisition as
4  supportive of his reasonable royalty opinions (which are, as set forth above, based upon what the
5  parties would have agreed to at the hypothetical negotiation), and emblematic of the over-reaching
6  of Dr. McDuff's opinions. *See, e.g.*, Ex. 38 ¶ 447(G) ("[REDACTED]

11  [REDACTED].").

12  Finjan has also not identified any facts that would differentiate Dr. Becker's opinions as to
13  the relevancy of the Fortress acquisition to the hypothetical negotiation in this case, from his opinions
14  as to the relevancy of the same to the Cisco negotiation. As this Court previously held, "Finjan's
15  acquisition is relevant as both it and the hypothetical negotiation concern 'some interest' in the []
16  patents-in-suit." Order Granting motion for Leave to Supplement Expert Report on Damages, *Finjan*
17  *LLC v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, Dkt. 713 (N.D. Cal. Sept. 21, 2020) ("*Cisco*
18  Order") (citing *Comcast Cable Commc'ns LLC v. Spring Commc'ns Co., LP*, 262 F. Supp. 3d 118,
19  146 (E.D. Pa. 2017), *Spectralytics, Inc. v. Cordis Corp.*, 650 F. Supp. 2d 900, 914 (D. Minn. 2009),
20  *aff'd in part, vacated in part*, 649 F.3d 1336 (Fed. Cir. 2011) (finding 2003 sale of plaintiff was
21  "unquestionably relevant" to hypothetical license negotiation in 1998 and weighing this evidence
22  was "a task for the jury"); *Pers. Audio, LLC v. Apple, Inc.*, 2011 WL 3269330, at *10 (E.D. Tex.
23  July 29, 2011) ("the jury could, and should, have given substantial weight" to patentee's "2008 offer
24  to sell, not merely to license, the actual patents-in-suit, not merely comparable technology" when
25  evaluating the 2001 hypothetical negotiation)). Finjan cites no new authority or arguments that
26  would alter this well-reasoned analysis and, therefore, the Court should deny Finjan's request to
27  strike Dr. Becker's opinions as to the Fortress acquisition.
28

Dated: March 11, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
Email: jrgibson@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of **SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 2 TO PRECLUDE CERTAIN DAMAGES TESTIMONY BY DR. BECKER** was served by ECF on all counsel of record on March 11, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg