**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY REGARDING MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN**<br><br>Date:      March 18, 2021<br>Time:      1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:     Hon. Beth Labson Freeman |

### <u>REDACTED</u>

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY RE: MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN, CASE NO. 5:17-CV-04467-BLF-VKD

DM2\13880370.1

**TABLE OF REFERENCED EXHIBITS**[1]

| | |
|---|---|
| Excerpts from August 6, 2019 Deposition Transcript of Shlomo Touboul, *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-72-BLF (N.D. Cal) | Ex. 40 |
| August 1, 2005 Email from Asher Polani regarding Termination Letters, marked as Polani Deposition Ex. 13 | Ex. 46 |
| October 8, 2005 Email from Asher Polani regarding Finjan Transition Status – Snap Shot (October 8th 2005), marked as Polani Deposition Ex. 14 | Ex. 47 |
| January 1, 2012 Consulting Agreement entered into between FI Delaware, Inc. and Shlomo Touboul, marked as Touboul Deposition Ex. 31 | Ex. 48 |
| April 11, 2006 Email from Asher Polani regarding Yahoo! Finance Story – Aladdin Granted Important U.S. Patent for Proactive Protection Against Spyware and Viruses, marked as Polani Deposition Ex. 4 | Ex. 49 |
| Excerpts from August 5, 2019 Deposition Transcript of Asher Polani, *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-72-BLF (N.D. Cal) | Ex. 50 |
| Frequently Asked Questions for Sales, marked as Polani Deposition Ex. 7 | Ex. 51 |
| Excerpts from January 8, 2018 Trial Transcript, *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. CV-15-03295-BLF (N.D. Cal) | Ex. 52 |
| Excerpts from October 31, 2017 Trial Transcript, *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. CV-15-03295-BLF (N.D. Cal) | Ex. 53 |
| Excerpts from the February 25, 2019 Deposition of Philip Hartstein, , *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-72-BLF (N.D. Cal) | Ex. 54 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

i

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY RE: MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN, CASE NO. 5:17-CV-04467-BLF-VKD
DM2\13880370.1

Finjan's Motion *in Limine* ("MIL") No. 4 seeks to allow Finjan to tell a one-sided version of its history. Finjan's effort should be rejected for multiple reasons.

### A. Finjan Cannot Cherry-Pick The Facts Of Its Corporate History

As this Court has seen multiple times, Finjan's story to juries is that Finjan's founder – Shlomo Touboul – was a "visionary" and a genius, that he invented behavioral-based security, that Finjan thus invested $70 million in research and development to bring its patented technology to market, that the only marketplace obstacle Finjan could not overcome was the financial crisis of 2008, and that Mr. Touboul remains a key technical consultant to the company and is the origin of the company's current mobile app (called InvinciBull).

That story is highly misleading. Evidence uncovered since those first few Finjan trials before this Court shows that ███████████████████████████████████████████████████████████████████████████████████████ to testify in line with the image Finjan would like to project to juries.

Specifically, Mr. Touboul now admits that ████████████████████████████████████████████████████████████████████████████████████████████." Ex. 40, at 176:6-176:9). Finjan's next CEO (Asher Polani) then alerted the Board that "Shlomo will, for any reason, sue the company. . ." and that "his attitude caused and is causing damages to the company on a continues [sic] basis . . . ." Ex. 46. Two months later, Mr. Polani told the Board that Kenyon & Co. (then Finjan's outside counsel) advised that Finjan should reconcile with Mr. Touboul because ████████████████████████████████████████████████████████████████████████████████████████" Ex. 47. (emphasis in original). Following that realization, Finjan ████████████████████████████████████████████████████████████████████████████████████████. Ex. 40 at 259:17-24. ████████████████████████████████████████████. Ex. 48 at Section 2.1 and Annex A. In other words, the actual evidence shows that much of Finjan's story about its own history and about Mr. Touboul is a paid-for, made-for-litigation narrative. This goes to the heart of credibility.

1

It would be fundamentally unfair to allow Finjan to tell any part of its story but preclude SonicWall from presenting the other side. Finjan attempts to shield itself from these bad facts by arguing that Mr. Touboul's replacement as CEO of Finjan "has no bearing on whether SonicWall infringes Finjan's asserted patents, the validity of Finjan's patents, or the amount of damages SonicWall owes Finjan for its willful infringement of the asserted patents." Dkt. 367 at 1. But the same can be said of the story that Finjan wishes to present to the jury. In other words, the fact that Finjan is anything other than the named plaintiff has no bearing on any of these issues. Yet, Finjan surely intends to tell the jury all about Finjan (the company) and its version of its corporate history, as it has done in every prior trial.

### B.  Even Apart From Finjan's Story, Mr. Touboul's Replacement is Highly Relevant

In addition to the fundamental fairness point above, there are two additional, stand-alone issues for which these facts are already relevant, regardless of what Finjan tells the jury about its history.

<u>First</u>, Mr. Touboul's replacement – Asher Polani – made a series of statements in his capacity as CEO about the fact that Finjan's technology and patents ██████████████████████████ ██████████████████████. This is a crucial point, because the key product that Finjan accuses on every remaining patent is SonicWall's sandbox, called "Capture ATP." Mr. Touboul's replacement – Mr. Polani – told the world that ████████████████████████████ ████████████████.

- In an April 2006 email to the Board ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. 49. Mr. Polani went on to explain that a gateway sandboxing solution (i.e., exactly what Finjan accuses in this case) ████████████████████████████████████████████████████." <i>Id</i>. Mr. Polani confirmed the accuracy of these statements at his deposition. Ex. 50 at 42:7-

2

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY RE: MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN, CASE NO. 5:17-CV-04467-BLF-VKD
DM2\13880370.1

44:24.

- Likewise, under Mr. Polani's leadership, Finjan released a public document stating that "We are not sandboxing the code, we do static analysis. What our 21 granted patents and 26 other pending patents do is understand what the code intends to do on your browser, e.g., if it is downloading something to your computer or writing to your disk." Ex. 51. Again, Mr. Polani testified about this document. Ex. 50 at 54:16-58:13.

If Mr. Polani's statements as CEO are true, then SonicWall's sandbox cannot possibly infringe Finjan's patents. Especially in a case where Finjan is alleging willfulness – *i.e.*, that SonicWall must know that its sandbox infringes Finjan's patents – these irreconcilable statements from the CEO who replaced Mr. Touboul are highly relevant. Finjan's effort to make Mr. Polani disappear – and to replace him only by its paid litigation consultant (Mr. Touboul) – should be rejected.

Second, the facts relating to Mr. Polani are relevant to the credibility of Finjan's current CEO, Mr. Hartstein. For example, Mr. Hartstein testified under oath before multiple juries that the 2005 agreement between Finjan and Microsoft was "transformational," and set the groundwork for the credibility of Finjan's license program. Ex. 52 at 243:19-244:14 ("[B]eing able to strike a license agreement with Microsoft . . . was really transformational for our business."); Ex. 53 at 372:13-373:10 ("[T]he ability to have the industry recognize Finjan's technology was really transformative."). Based on the evidence, Mr. Hartstein appears to have made this up. Mr. Touboul ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Ex. 50 at 129:18-24. Mr. Polani (again, the replacement CEO who Finjan wants to erase from its history and who was CEO during what would have been the "transformation") testified that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.*, at 78:2-16. Mr. Hartstein would not have known that, however, because despite Mr. Hartstein's willingness to offer sworn testimony about events for which he has no first-hand knowledge, he has never even spoke with Mr. Polani. Ex. 54 at 126:16-23.

C.   **No Unfair Prejudice**

Finjan has not articulated any specific example of unfair prejudice, nor cited any cases that reach a result analogous to what Finjan seeks here. In sum, the reason Finjan will reference Mr.

3

Touboul is to glorify the story of its founding and create a sense of credibility about itself.  There is nothing unfairly prejudicial about telling the rest of the story, nor is there anything unfair about rebutting Finjan's willful infringement allegations with the public statements of its former CEO (Mr. Polani) that its patents do not cover sandboxing.

Finjan has not identified any distinct form of unfair prejudice in its motion.  Finjan simply does not like the picture that emerges when all of the evidence is presented to the jury.

Dated:  March 11, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
Email: jrgibson@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

4
SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY RE: MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN, CASE NO. 5:17-CV-04467-BLF-VKD
DM2\13880370.1

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of **SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR TESTIMONY REGARDING MR. TOUBOUL'S REPLACEMENT AS CEO OF FINJAN** was served by ECF on all counsel of record on March 11, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg