**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>   Plaintiff,<br><br>   v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>   Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE OF OTHER PENDING PROCEEDINGS INVOLVING FINJAN**<br><br>Date: March 18, 2021<br>Time: 1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |

**REDACTED**

**TABLE OF REFERENCED EXHIBITS**[1]

| | |
|---|---|
| July 20, 2020 Plaintiff Finjan, Inc.'s Objections and Responses to Defendant SonicWall, Inc.'s Third Set of Interrogatories (Nos. 11-25 | Ex. 45 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

i

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE OF OTHER PENDING PROCEEDINGS INVOLVING FINJAN, CASE NO. 5:17-CV-04467-BLF-VKD

The Court should deny Finjan's attempt to present the jury with an incomplete and inaccurate picture of its patents and licensing efforts.

## I. The Court Should Exclude Mention of All (Pending And Concluded) PTO Proceedings

Finjan asks the Court to "exclude[e] all mention of pending IPRs," but does not actually identify any pending USPTO proceedings it seeks to exclude, and SonicWall is not aware of any such pending proceedings. As set forth in SonicWall's co-pending Motion *in Limine* No. 5 (Dkt. 364) ("SonicWall's MIL No. 5"), SonicWall believes the Court should exclude ***all*** evidence and argument about post-grant proceedings—both pending and completed—because they are of little (if any) probative value and are highly prejudicial.

To be clear, however, if the Court allows Finjan to reference IPRs in which Finjan has been successful (which will inevitably but improperly bolster the status of the patents in the jury's eyes), then the jury should also hear about all of the IPRs that Finjan has lost, to understand just how close many of the asserted claims have already come to being invalidated.

## II. Finjan's Pending Litigations Are Relevant to Finjan's Damages and Willfulness Claims, as Well as Expert Bias

### A. Finjan's Pending Litigation Is Relevant To Witness Bias

In *Finjan, Inc. v. Cisco Systems, Inc.*, Case No. 17-cv-0072-BLF (N.D. Ga.) ("*Cisco*"), the Court held that "the experts' potential bias is highly probative of their credibility" and permitted Cisco the opportunity to "cross examin[e] … Finjan's experts on their work and associated compensation for Finjan in other pending lawsuits." *Id.* at Dkt. 660, at 3. Finjan has not credibly challenged the reasonableness of this conclusion. Accordingly, the Court should allow SonicWall to make similar challenges against Finjan's experts, many of which are the exact same, including each of its infringement experts, Drs. Cole, Mitzenmacher, and Medvidovic.

### B. Finjan's Pending Litigations Are Relevant to Finjan's Damages and Willfulness Claims

The Court should likewise deny Finjan's request that SonicWall's recitation of its ongoing litigations proceedings be limited. It appears that Finjan intends to disclose to the jury each of its licenses/settlement agreements in support of its damages claims, including its licenses with █████████████████████████████████████████████,

1

1  ████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████████.
3  SonicWall has challenged Finjan's reliance on at least the ███, Sophos, and Symantec/Blue Coat
4  licenses.  SonicWall's Mot. in *Limine* to Exclude Dr. McDuff's Method No. 1 (Motion *in Limine* No.
5  2) (redacted version at Dkt. 361).  If the jury learns of these completed proceedings (many of which
6  involved filed litigation)—and only these proceedings—it might come under the impression that
7  every entity that Finjan has reached out to or sued has eventually taken a license to its patents.

8        That is obviously not accurate, however.  In fact, Finjan has admitted that it "has had licensing
9  negotiations with ████████████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████." Ex. 45 at 9:5-8.  Of these, Finjan has pending proceedings against at
12 least Cisco, ESET, Juniper, Palo Alto Networks, Qualys, and Rapid7, which are the subject to this
13 motion.

14       SonicWall should be permitted to inform the jury that, while Finjan has reached licenses and
15 settlements with many entities, there are many other entities that do not believe they need to take a
16 license and are willing to defend themselves in court to prove that point, just as SonicWall is doing
17 here.  Without this information, the jury would be led to believe that SonicWall is essentially the lone
18 holdout within the industry refusing to license Finjan's patent portfolio, which would improperly
19 support Finjan's willfulness claim.  As this Court's ruling on summary judgment confirmed with
20 respect to just those limited number of patents that SonicWall was able to challenge in the allotted
21 pages, however, SonicWall has no need to take a license to Finjan's patents.

22       The fact that many other companies continue to fight Finjan is also relevant (and responsive)
23 to Finjan's claim of secondary indicia of non-obviousness based on Finjan's allegation of widespread
24 industry recognition of the value of Finjan's patents.

25       To be sure, SonicWall will not use disparaging terms to describe Finjan, such as a patent
26 "troll."  However, SonicWall should not be precluded from presenting the relevant facts that Finjan
27 often must resort to litigation to secure licenses to its patents, and even then many parties are likewise
28 denying that they need to take a license.  Indeed, while this Court held in the 2015 *Blue Coat* case

that "Blue Coat shall not introduce argument or evidence on co-pending lawsuits that have not reached a jury verdict," it contemplated that such information could be relevant "in rebuttal to evidence submitted by Finjan because the lawsuits may be relevant under narrow circumstances." Order Regarding Motions *in Limine*, *Finjan, Inc. v. Blue Coat Sys., LLC*, Case No. 15-cv-03295-BLF, Dkt. 404, at 5 (N.D. Cal. Nov. 4, 2017). As set forth above, given that Finjan's primary damages model is predicated on its prior licenses (many of which were the result of litigation), SonicWall respectfully suggests that the most appropriate manner to resolve the issue now is to deny Finjan's motion and address at trial any specific objections regarding the relevancy of pending lawsuits involving Finjan's patents.

Similarly, Finjan's willfulness claim is predicated, in part, on SonicWall's alleged knowledge of its various patent lawsuits. SonicWall should be permitted to explain how those lawsuits do not demonstrate any knowledge regarding SonicWall's own alleged infringement, or otherwise show that it would need to take a license to Finjan's patents.

Dated:  March 11, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
Email: jrgibson@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com

30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 5 TO PRECLUDE EVIDENCE OF OTHER PENDING PROCEEDINGS INVOLVING FINJAN** was served by ECF on all counsel of record on March 11, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg