**DUANE MORRIS LLP**
D. Stuart Bartow (SBN 233107)
Email: DSBartow@duanemorris.com
Nicole E. Grigg (SBN 307733)
Email: NEGrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Tel.: 650.847.4150
Fax: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
Robin L. McGrath
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

(Complete list of counsel for Defendant on signature page)

*Attorneys for Defendant*
SONICWALL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINJAN LLC., a Delaware Limited Liability Company,<br><br>                              Plaintiff,<br>vs.<br><br>SONICWALL, INC., a Delaware Corporation<br><br>                              Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**DEFENDANT SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 1 TO PRELUDE TESTIMONY ON WRITTEN DESCRIPTION FROM SONICWALL'S TECHNICAL EXPERTS**<br><br>Date:         March 18, 2021<br>Time:        1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:       Hon. Beth Labson Freeman |

## TABLE OF REFERENCED EXHIBITS[1]

| | |
|---|---|
| September 4, 2020 Expert Report of Dr. Avi Rubin Regarding Invalidity of U.S. Patent No. 8,225,408, U.S. Patent No. 7,975,305, U.S. Patent No. 7,613,926, and U.S. Patent No. 6,965,968 | Ex. 42 |
| September 4, 2020 Expert Report of Dr. Kevin Almeroth on Invalidity of U.S. Patent Nos. 6,154,844 and 8,141,154 | Ex. 43 |
| September 4, 2020 Expert Report of Patrick McDaniel Regarding the Invalidity of the '494 and '780 Patents | Ex. 44 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

1

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 1 TO PRECLUDE TESTIMONY ON WRITTEN DESCRIPTION FROM SONICWALL'S TECHNICAL EXPERTS, CASE NO. 5:17-CV-04467-BLF-VKD

## I. INTRODUCTION

The Federal Circuit and district courts have confirmed that, in conducting a written description analysis, it is appropriate to use the scope of the claims necessary for the plaintiff's infringement case. Finjan ignores this law and mischaracterizes the written description analyses of SonicWall's experts. In reality, Finjan is attempting a late summary judgment motion because Finjan disagrees with the opinions of SonicWall's experts. That challenge would have failed even if timely, but the question here is simply whether SonicWall's experts used a legally improper methodology. They did not.

## II. ARGUMENT

### A. Legal Standard

#### 1. Standard for Written Description

Compliance with the written description requirement is a question of fact. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010). "[T]he purpose of the written description requirement is to 'ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification.'" *Id.* at 1353-54 (citations omitted). In determining whether the written description requirement is met, courts analyze "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* at 1351. "[T]he purpose of the written description requirement is to 'ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification.'" *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 920 (Fed. Cir. 2004) (citation omitted). Even a claim term that has been construed by the Court can render a claim invalid under 35 U.S.C. § 112. *See, e.g., Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1285 (Fed. Cir. 2007) ("ATI sought [during claim construction] to have the scope of the claims . . . include both mechanical and electronic side impact sensors. It succeeded, but then was unable to demonstrate that the claim was fully enabled.").

#### 2. Plaintiff's Infringement Theory Is Highly Relevant To The Written Description Inquiry

As a threshold issue, the written description requirement is dependent on the scope of the claims. The written description analysis thus requires both "an inquiry into the specification," and "an inquiry into the scope of the invention." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, C.A. No. C 12-05501 SI, 2014 U.S. Dist. LEXIS 57519, at *7 (N.D. Cal. Apr. 23, 2014); *see also LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1346 (Fed. Cir. 2005) ("Although the specification would meet the requirements of section 112 with respect to a claim directed to that particular engine, it would not necessarily support a broad claim to every possible type of fuel-efficient engine, no matter how different in structure or operation from the inventor's engine.").

In view of this required framework, it is permissible for an expert to consider the plaintiff's infringement allegations regarding a given claim element to determine the scope of the claim necessarily encompassed by those allegations. This is because infringement contentions describe "the scope of what [a plaintiff] asserts is claimed by the patents" and therefore impact a defendant's written description defenses. *Verinata Health*, 2014 U.S. Dist. LEXIS 57519, at *7 (allowing defendant to amend its written description defenses in invalidity contentions after plaintiff amended its infringement contentions to expand the asserted scope of its claims).

It is well established that if a patentee seeks a broad claim scope for infringement, there must be adequate disclosure in the specification for that claim scope to be valid. *Cf. Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007) ("The irony of this situation is that Liebel successfully pressed to have its claims include a jacketless system, but, having won that battle, it then had to show that such a claim was fully enabled, a challenge it could not meet. The motto, 'beware of what one asks for,' might be applicable here."). A defendant (and its experts) need not agree with the plaintiff's interpretation of the scope of the claim, but can opine that if plaintiff's assertions are correct for purposes of infringement, it must also be correct for purposes of invalidity. *Amgen Inc. v. Hoechst Marion Rousse*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("[C]laims are construed the same way for both invalidity and infringement.").

The Federal Circuit has recognized the propriety of this type of analysis. For example, in *Rivera v. ITC*, 857 F.3d 1315, 1319 (Fed. Cir. 2017), the Federal Circuit noted "[b]oth parties analyze[d] the written description issue under the assumption that the asserted claims read on

2

Solofill's K2 and K3 cup-shaped containers." 857 F.3d at 1319. It found "written description support for broad claims covering a receptacle with integrated filter such as Solofill's accused products and Rivera's Eco-Fill products is lacking." *Id.* at 1321; *see also Auto. Techs.*, 501 F.3d 1274 at 1285.

Similarly, as stated in *Ware*, "[t]he issue here is whether or not the '592 specification supports claim 1 as now asserted by plaintiffs in order to sustain their charge of infringement. It is these assertions by plaintiffs that give rise to Section 112(1) issues." *Ware v. Abercrombie & Fitch Stores Inc.*, C.A. No. 4:07-CV-00122 RLV, 2011 WL 13322747, at *20 (N.D. Ga. Oct. 17, 2011), report and recommendation adopted, C.A. No. 4:07-CV-00122-RLV, 2012 U.S. Dist. LEXIS 206575, 2012 WL 13134065 (N.D. Ga. Mar. 1, 2012). "If claim 1 is read broadly to capture defendants' systems, the '592 patent is invalid under Section 112(1). If claim 1 is construed to cover that which is disclosed in the '592 specification, defendants have not infringed." *Id.* at *28.

Further, in *Visteon 1*, the court denied Visteon's motion for summary judgment on Garmin's § 112 defenses, stating that Garmin's expert "ties his opinions both to the full scope of the claims, as interpreted by him based upon Visteon's infringement contentions, and to the time of filing." *Visteon Glob. Techs., Inc. v. Garmin Int'l, LLC*, C.A. No. 10-cv-10578, 2015 U.S. Dist. LEXIS 33306, at *31 (E.D. Mich. Mar. 18, 2015) ("*Visteon 1*"). Visteon then brought a motion *in limine* to exclude Garmin's § 112 defenses that were allegedly directed to the accused products, and the court agreed with the Special Master's Report and Recommendation denying that motion as well. *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, C.A. No. 10-cv-10578, 2016 U.S. Dist. LEXIS 145316, at *12 (E.D. Mich. Oct. 20, 2016) ("*Visteon 2*"). The Special Master stated "only at trial will the theoretical construction suggested by Dr. Michalson (based on Visteon's infringement contentions) become real or vanish. At trial, Visteon will have to take a stand, but it has not done so in the motion *in limine*, and thus its effort to block Garmin's §112 defense is still premature." *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, C.A. No. 2:10-cv-10578-PDB-DRG, 2016 U.S. Dist. LEXIS 145816, at *27 (E.D. Mich. Aug. 10, 2016) ("*Visteon 2 Special Master Report*"). The Special Master also noted:

> [W]ere Visteon to present an understanding of the '060 Patent claims that actually align with the patent disclosure, Garmin would have no need for its § 112 defenses. But if Visteon

proceeds at trial with its overbroad interpretation that far exceeds any reasonable "plain and ordinary" meaning of the claim language, Garmin must be able to present its § 112 defenses—the critical fetters that keep patent owner's honest to the invention they actually disclosed.

*Id.* at *24-25. Like SonicWall's experts' written description analysis, Garmin's expert's "opinions flow from what he perceives to be Visteon's interpretation of the claims." *Id.* at *29.

### B. SonicWall's Experts' Written Description Analyses are Proper

#### 1. SonicWall's Experts Used The Correct Methodology

SonicWall's experts followed this case law in every respect. For purposes of analyzing the written description support of a given claim element, SonicWall's experts determined and then applied the scope of that claim element based on Finjan's infringement assertions. There is no methodological problem with this approach, and Finjan cites no case law holding otherwise.

Likewise, SonicWall's experts do not engage in "claim construction" or provide any claim construction positions beyond those adopted by the Court. SonicWall's experts simply follow the written description case law by identifying the claim scope necessarily asserted by Finjan based on its infringement analysis. To do so, SonicWall's experts identify specific claim elements in the asserted claims that are the focus of each written description analysis undertaken by the experts. *See, e.g.*, Exs. 42 at ¶682; 43 at ¶611, 44 at ¶351. The experts then focus on Finjan's infringement allegations to understand the necessary scope (i.e., breadth) given to those claim elements under Finjan's own allegations, before analyzing that claim scope for written description support. *See, e.g.*, Exs. 42 at ¶¶683-685; 43 at ¶¶612-613, 44 at ¶¶352-353. Ultimately, for the elements identified by SonicWall's experts, they conclude that the written description does not convey to one of ordinary skill in the art an invention of the scope that has necessarily been applied by Finjan for infringement. SonicWall's experts do not opine – as Finjan argues – that every infringing embodiment must be disclosed in the specification, nor do they assign new claim constructions. Rather, they explain what the written description teaches to a person of ordinary skill in the art, and explain why those teachings do not support a claim scope sufficient to cover Finjan's allegation of infringement.

#### 2. Finjan's "4-Step" Characterization Is Incorrect

Finjan alleges that "[t]he SonicWall Technical Experts' methodology has four steps:

4

1.    Identifying an infringement contention by Finjan against a SonicWall product or functionality;

2.    Based on Finjan's contention, forming an alternative construction of a claim limitation(s);

3.    Reasoning that Finjan would have adopted this alternative construction; then

4.    Stating an opinion as to whether the written description teaches or suggests an embodiment conforming to the alternative claim construction."

Finjan Br. at 1. Beyond what Finjan calls "Step 1," Finjan mischaracterizes the experts' analysis.

Finjan's so-called "Step 2" and "Step 3" do not exist in SonicWall's experts' analysis, as SonicWall's experts do not offer "alternative constructions," nor do SonicWall's experts offer any reasons that Finjan would have adopted any (non-existent) alternative constructions. Instead, SonicWall's experts did exactly what the case law says they should do: determine the necessary breadth of a given claim element based on Finjan's infringement assertions, and then determine whether the specification supports a claim element with that breadth.

Finjan's so-called "Step 4" is likewise incorrect both because it is wrongly predicated on non-existent "alternative constructions," and because it suggests that the written description inquiry by SonicWall's experts was simply based on searching for "an embodiment." Finjan's experts did not opine that there must be a specific or exact embodiment in the specification mirroring Finjan's infringement allegations. Instead, they analyzed whether the written description conveys to one of ordinary skill in the art that the inventors possessed an invention broad enough to encompass the types of things Finjan alleges satisfy the claim element in question. In other words, whether the written description supports the full scope of the claim (as applied by Finjan). *See Ariad,* 598 F.3d at 1351.

### 3.    Finjan Provides No Support For its Attack on SonicWall's Experts

Finjan provides no support for its attack on SonicWall's experts' methodology, and no case law finding that experts cannot consider the scope of claims informed by a plaintiff's infringement allegations. Instead, Finjan focuses on its strawman argument that SonicWall's experts are re-construing the claims, citing case law primarily relating to claim construction standards. But Finjan does not identify a single "alternative claim construction" adopted by SonicWall's experts.

5

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 1 TO PRECLUDE TESTIMONY ON WRITTEN DESCRIPTION FROM SONICWALL'S TECHNICAL EXPERTS, CASE NO. 5:17-CV-04467-BLF-VKD

Dated:  March 11, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
Email: jrgibson@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of **DEFENDANT SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 1 TO PRELUDE TESTIMONY ON WRITTEN DESCRIPTION FROM SONICWALL'S TECHNICAL EXPERTS** was served by ECF on all counsel of record on March 11, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg