**DUANE MORRIS LLP**
D. Stuart Bartow (CA SBN 233107)
dsbartow@duanemorris.com
Nicole E. Grigg (CA SBN 307733)
negrigg@duanemorris.com
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287789)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Attorneys for Defendant
SONICWALL INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 5:17-cv-04467-BLF-VKD<br><br>**SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT THAT SONICWALL IS NOT SUCCESSOR-IN-INTEREST TO DELL**<br><br>Date:        March 18, 2021<br>Time:       1:30 PM<br>Courtroom: 3, 5th Floor<br>Judge:       Hon. Beth Labson Freeman |

**TABLE OF REFERENCED EXHIBITS**[1]

| | |
|---|---|
| August 18, 2020 Transcript of Proceedings by Zoom Webinar | Ex. 35 |
| August 15, 2018 Defendant SonicWall Inc.'s Responsive Damages Contentions Pursuant to Patent L.R. 3-9 | Ex. 36 |

---

[1] All exhibits are attached to the Declaration of Jarrad M. Gunther.

i

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT THAT SONICWALL IS NOT SUCCESSOR-IN-INTEREST TO DELL, CASE NO. 5:17-CV-04467-BLF-VKD

Finjan's Motion *in Limine* ("MIL") No. 3 seeks to preclude SonicWall from responding to Finjan's claim of pre-suit notice by contending that pre-suit notice communications with Dell cannot be imputed to SonicWall. Dkt. 368 (redacted version) at 1 (relying on Federal Rules of Evidence 401, 402, 403, and 611). Specifically, Finjan argues that SonicWall "attempted to unveil a new defense, never before presented—or preserved—in any part of the case to date." *Id.*

The Court should deny Finjan's motion. Finjan – not SonicWall – bears the burden of proof as to its compliance with the marking statute. To the extent the identification of this defense was sought during discovery, SonicWall identified it. Indeed, the parties argued a discovery dispute before Judge DeMarchi on this exact issue, on which SonicWall prevailed. Far from "forfeit[ing]" the argument, SonicWall successfully defended itself against Finjan's meritless claim for discovery sanctions, and the record reflects that Finjan's counsel was fully aware of SonicWall's position.

Finjan's effort to go further and have the Court adjudicate the merits of SonicWall's contention is an untimely request for summary judgment that is not a proper subject for a motion *in limine*.

## I. Finjan Bears the Burden of Proving Notice of Infringement to SonicWall

Finjan argues that SonicWall's Answer, written discovery, and damages contentions "forfeited" an argument that Finjan's alleged pre-suit notice of infringement to non-party Dell does not apply to SonicWall Inc., the present defendant. Finjan has it backwards. The marking statute is "*not* a statutory *defense* to an action for infringement; it [is] a limitation on damages." *Bradford Co. v. Jefferson Smurfit Corp.*, 2001 WL 35738792, *9 (Fed. Cir. 2001)). **Finjan** thus bears the burden of proof on the issue. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("There is no dispute that the patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."); 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter."). Part and parcel of this burden is the burden to show that the alleged notice can be imputed to the defendant. *Cf. Fed. Mach. & Welder Co. v. Mesta Mach. Co.*, 27 F. Supp. 747, 751 (W.D. Pa. 1939), *decree rev'd on other grounds,* 110 F.2d 479 (3d Cir. 1940) ("The oral notice given by McBerty to Bedell,

1

an employee of defendant, was not notice to the defendant.  The burden rested upon the plaintiff to prove that the receipt of such a notice and the communication thereof to the defendant was within the authority of the employee.  Plaintiff failed to meet this burden.").  Absent such proof, Finjan's damages claim is limited to that period after it provided **SonicWall** actual notice of infringement.

## II. SonicWall's Responsive Arguments Are Neither New Nor a Surprise

Perhaps cognizant of its own evidentiary holes, Finjan argues here that SonicWall's position should be deemed "forfeit."  But the record confirms that Finjan cannot credibly contend that it lacked notice of SonicWall's position nor that it was "unveiled" for the first time in pre-trial correspondence.

### A. Finjan Conceded Notice of SonicWall's Defense Via the RFA Motion Practice

This issue of the imputation of knowledge from Dell to SonicWall was front-and-center in SonicWall's discovery responses and in the resulting motion practice – which Finjan lost. Remarkably, Finjan now argues that the "only hint … of SonicWall disputing inherited notice was when SonicWall unaccountably refused Requests for Admission on the subject."  MIL No. 3 at 3 More than a mere "hint," SonicWall's contention that Finjan's discussions with Dell could not be imputed to SonicWall was at the forefront of a vigorously fought dispute regarding SonicWall's responses to Finjan's Request for Admissions ("RFA").

By way of background, those RFAs acknowledged that Finjan's pre-suit communications were with Dell, not SonicWall.  *See* Dkt. 276-1 at, *e.g.*, RFA Nos. 13 (seeking an admission related to an email "to Dell"), 14 ("Admit that Finjan and Dell had a meeting … ."), 15 ("Admit that on October 12, 2016, Finjan delivered a presentation to Dell … .").  Then, in RFAs 17-22, Finjan sought admissions regarding SonicWall's knowledge of Finjan's patents, litigations, and licenses prior to the filing of the Complaint, and as far back as 2014.  *Id.*  SonicWall objected to and denied these RFAs on various bases, including that it "did not exist in 2014," but where possible, responded as to its knowledge "post-divestiture from Dell in 2016."  Dkt. 276-1 at pp. 8-9.

Motion practice then ensued on the issue of imputation of corporate knowledge (the very subject of this MIL).  Finjan asserted that these objections and denials were inappropriate attempts by SonicWall to "bury its head in the sand," and Finjan even sought sanctions.  Dkt. 276 at 2.  In response, SonicWall argued, "[w]hile Finjan and SonicWall disagree regarding the legal consequence

2

SONICWALL'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT THAT SONICWALL IS NOT SUCCESSOR-IN-INTEREST TO DELL, CASE NO. 5:17-CV-04467-BLF-VKD

of SonicWall's corporate form with respect to imputation of knowledge, that dispute is not properly resolved on a discovery motion regarding the adequacy of RFA responses." Dkt. 276 at 3.

Then, at the hearing before Magistrate Judge DeMarchi, Finjan's counsel fully appreciated the issue, asking rhetorically: "So if Finjan goes and puts a party on notice about other patents and other lawsuits and they change their corporate entity, is that a basis for denials?" Ex. 35 at 29:12-15. Judge DeMarchi denied Finjan's motion, finding that SonicWall's responses were appropriate. Dkt. 281. In denying Finjan's motion, Judge DeMarchi further previewed that this would be an issue that would need to be resolved at trial:

> I think SonicWall has responded to the substance of the matter in the sense that it has said "We're a corporate entity as of 2016. We were not a corporate entity before 2016. We were a business unit of some other organization," and they've answered on that basis. Now, the parties could have a fight about that and could also have a fight about whether information known to Dell and its business unit SonicWall and the employees of that organization is relevant to SonicWall's willfulness if it's known to infringe or relevant to the hypothetical negotiation. But going back to my earlier comment, I think what you're really after there is an admission about what individual people knew as opposed to the corporate entity. That's maybe the question you should have asked.

Ex. 35 at 30:16-31:4. In response, Finjan's counsel complained that SonicWall was "hiding behind a corporate shell game of changing the corporate structure," but conceded that he understood why Judge DeMarchi disagreed. *Id.* at 32:22-33:2.

Notably, Judge DeMarchi also gave Finjan the opportunity to present its argument—as it does here again—that SonicWall's response to Interrogatory No. 1 somehow contradicted its later RFA responses. But, upon hearing SonicWall's response to Interrogatory No. 1, Judge DeMarchi disagreed with Finjan's characterization that there was some sort of inconsistency:

> **THE COURT**: Okay. But so your point is, it looked like -- or it sounds like in the answer [to Interrogatory No. 1] SonicWall distinguished between itself and its predecessor entity so it didn't answer based on sort of a unified theory of the predecessor entity and SonicWall, Inc., are one and the same but did provide that information.

> **MR. ANDRE**: Yeah.  It basically said SonicWall and its predecessor in interest Dell engaged -- both of them engaged in discussions.
>
> **THE COURT**: Okay.  But they describe Dell as a predecessor in interest, not as the same company now in a different name.

Ex. 35 at 34-35.  Lest there was any doubt about SonicWall's position, SonicWall's counsel confirmed that "[SonicWall] was essentially a brand and it was not until October of '16 that it became a separate entity, and we've consistently drawn that line in responding to Finjan's definitions of SonicWall as a defendant in the case." *Id.* at 38:7-17; *see also* Dkt. 276 at 3-4.

In light of this history, Finjan cannot credibly maintain that this defense was "unveiled" for the first time in pre-trial correspondence, and thus its lone citation to *GPNE Corp. v. Apple, Inc.*, No. 12-CV-02885-LHK, 2014 WL 3870256, at *5 (N.D. Cal. Aug. 6, 2014)—which held that "by waiting to move to exclude this testimony until after two rounds of *Daubert* motions, the pretrial conference, and rulings on all but one motion *in limine*, Apple has waived its argument"—is inapposite.

### B.  Finjan's Remaining Arguments Regarding Forfeiture Fail

Finjan also points to SonicWall's Amended Answer and responsive damages contentions as failing to demarcate between notice to Dell and notice to SonicWall.  Finjan's arguments fail again.

With respect to SonicWall's Amended Answer, Finjan does not – and cannot – assert that SonicWall's contention is an affirmative defense that SonicWall had to affirmatively plead in its Answer.  Instead, Finjan, as the patentee, "bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366; *see also Dunlap v. Schofield*, 152 U.S. 244, 248 (1894).  In any event, SonicWall's Amended Answer responded to Finjan's notice allegations by (i) characterizing them as "alleged notice" (meaning it did not concede notice) and (ii) admitting only that Finjan and Dell had certain correspondence before the existence of SonicWall, but otherwise denying Finjan's notice allegations set forth in its Complaint.  Dkt. 74 at 5:16-6:10.  No reasonable person could conclude from the Amended Answer that SonicWall was acquiescing to the notion that notice to Dell could properly be imputed to SonicWall.

As to SonicWall's responsive damages contentions, Finjan argues that they "did not mention, in any way whatsoever, any theory that notice of infringement to Dell might not be imputed to

4

SonicWall." MIL No. 3 at 2. Not so. SonicWall's Responsive Damages Contentions include an entire section titled "Finjan Is Not Entitled to Pre-Suit Damages" in which it expressly "dispute[d] that Finjan is entitled to pre-suit damages because Finjan cannot satisfy its burden of proving compliance with the marking statute" and, indeed, pointed out that "Finjan's Damages Contentions make no mention of compliance with 35 U.S.C. § 287(a)." Ex. 36 at 5-8. In other words, SonicWall's burden was to respond to Finjan's specific contentions, but Finjan failed to set forth any contention on notice (despite bearing the burden of proof). SonicWall could not have responded to an issue that Finjan itself did not raise.

SonicWall did not dispute during summary judgment that notice to Dell would be imputed to SonicWall. The *second sentence* of SonicWall's brief on the issue of notice begins: "Even assuming, *arguendo*, that Finjan's discussions with SonicWall's predecessor (Dell) can be imputed to SonicWall … ." Dkt. 320 (redacted version), at 22; *see also* ARGUENDO, Black's Law Dictionary (11th ed. 2019) ("For the sake of argument <assuming arguendo that discovery procedures were correctly followed, the court still cannot grant the defendant's motion to dismiss>."). Indeed, as the Court recognized, SonicWall presented its summary judgement motion directed to notice of infringement only to the extent that "Finjan's discussions with Dell, SonicWall's predecessor, could be imputed to [SonicWall]." Dkt. 381 at 41.

### III.   SonicWall's Position Is Not Meritless

Finjan argues that if not waived, SonicWall's defense is "meritless." MIL No. 3 at 4. This request for a summary adjudication on the merits is not a proper subject for a MIL. Even then, Finjan's motion does not cite to a single case supporting its view that SonicWall should be imputed with whatever notice was provided during Finjan's discussions with Dell, despite it being its burden to do so. *Cf. Maxwell v. J. Baker, Inc.*, 805 F. Supp. 728, 734 (D. Minn. 1992) ("If notice is given to an agent of the accused infringer, the patent owner must establish that the recipient had authority to accept such notice on behalf of the infringer."); *In re Elonex Phase II Power Mgmt. Litig.*, C.A. Nos.: 01-082 GMS, 2002 U.S. Dist. LEXIS 4706, at *14 (D. Del. Mar. 20, 2002) ("[T]he plaintiff bears the burden of proving the agent's authority to accept such notice on behalf of the alleged infringer.").

| | |
|---|---|
| Dated:  March 11, 2021 | Respectfully Submitted,<br><br>/s/ Nicole E. Grigg<br>Nicole E. Grigg (formerly Johnson)<br>Email: NEGrigg@duanemorris.com<br>**DUANE MORRIS LLP**<br>2475 Hanover Street<br>Palo Alto, CA  94304-1194<br><br>Matthew C. Gaudet (*Pro Hac Vice*)<br>Email: mcgaudet@duanemorris.com<br>John R. Gibson (*Pro Hac Vice*)<br>Email: jrgibson@duanemorris.com<br>Robin L. McGrath (*Pro Hac Vice*)<br>Email: rlmcgrath@duanemorris.com<br>David C. Dotson (*Pro Hac Vice*)<br>Email: dcdotson@duanemorris.com<br>Jennifer H. Forte (*Pro Hac Vice*)<br>Email: jhforte@duanemorris.com<br>1075 Peachtree Street, Ste. 2000<br>Atlanta, GA  30309<br><br>Joseph A. Powers (*Pro Hac Vice*)<br>Email: japowers@duanemorris.com<br>Jarrad M. Gunther (*Pro Hac Vice*)<br>Email: jmgunther@duanemorris.com<br>30 South 17th Street<br>Philadelphia, PA  19103<br><br>*Attorneys for Defendant*<br>SONICWALL INC. |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **SONICWALL INC.'S RESPONSE TO FINJAN'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT THAT SONICWALL IS NOT SUCCESSOR-IN-INTEREST TO DELL** was served by ECF on all counsel of record on March 11, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg