SEALED BY ORDER OF THE COURT

FILED

Mar 12 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN LLC, <br>     Plaintiff, <br>   v. <br> SONICWALL, INC., <br>     Defendant. | Case No. 17-cv-04467-BLF <br><br> **ORDER ON MOTION TO STRIKE** |

  Before the Court is SonicWall's Motion to Strike New Theories. Mot., ECF 299; *see also* ECF 300 (redacted brief). SonicWall requests that the Court strike five theories and associated portions of expert reports. *See generally* Mot. On March 5, 2021, the Court issued its Order on SonicWall's Motion for Partial Summary Judgment. ECF 381. This Order mooted SonicWall's request as to theories one, four, and five. *See* ECF 403. Accordingly, the Court WITHDRAWS its referral of theories four and five to Judge Virginia K. DeMarchi. ECF 345. Theory two, which concerns the '408 Patent, and theory three, which concerns the '708 Patent, are the only remaining theories before this Court.

  This district's Patent Local Rules require both parties to provide early identification of their respective infringement and invalidity theories. *See* Patent L.R. 3–1, 3–3. Once served, the contentions constitute the universe of the parties' respective theories, and those contentions may be amended only by order of the court and upon a showing of good cause. Patent L.R. 3–6. As has been recognized by many courts, the purpose of these disclosures is to "require parties to crystallize their theories of the case early in the litigation," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed.Cir.2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D.Cal.1998)), so as to "further the goal of full, timely discovery

and provide all parties with adequate notice of and information with which to litigate their cases," *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, Case No. 10–cv–2037, 2012 WL 424985, at *2 (N.D.Cal. Feb. 9, 2012) (citation and internal quotation marks omitted). "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d at 1366.

"The dispositive inquiry in a motion to strike is thus whether the allegedly undisclosed 'theory' is in fact a new theory or new element of the accused product alleged to practice a particular claim that was not previously identified in the plaintiff's contentions, or whether the 'theory' is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation. . . . . If the theory is new, prejudice is 'inherent in the assertion of a new theory after discovery has closed.'" *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3640694, at *2 (N.D. Cal. June 11, 2015) (internal citations omitted).

**I.      '408 Patent**

SonicWall requests that the Court strike infringement theories concerning the '408 Patent. Mot. at 4-6. SonicWall specifically requests that the Court strike ¶¶ 146-149, 158 of Dr. Nenad Medvidovic's report as it believes these sections contain theories that were not properly detailed in the Operative Contentions. *Id*.

The asserted claims of the '408 Patent recite "dynamically building, by the computer while said receiving receives the incoming stream, a parse tree . . . " (the "Dynamically Building Limitation") and "dynamically detecting, by the computer while said dynamically building builds the parse tree, combinations of nodes in the parse tree which are indicators of potential exploits" (the "Dynamically Detecting Limitation"). As to each limitation, SonicWall argues that Finjan improperly detailed infringement theories for the first time in the Medvidovic Report. Finjan responds that the Medvidovic Report does not offer a new theory of infringement but instead properly supplies analysis and evidence of infringement in a cohesive manner. Opp. at 5-6, ECF 314 (citing *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. CV 12-01971-CW (KAW), 2014 WL 1653131, at *5 (N.D. Cal. Apr. 24, 2014)).

Upon reviewing the operative contentions and the identified sections of the Medvidovic

1  Report, the Court agrees with Finjan. *See* ECF 299-9 ¶¶ 146-149, 158 (Medvidovic Report); ECF
2  299-10 at 17 (contentions related to Dynamically Building Limitation); ECF 314-16 at 18
3  (contentions related to Dynamically Detecting Limitation). The Court finds that the Medvidovic
4  Report does not represent a departure from the Operative Contentions, but rather identifies
5  additional evidentiary proof showing that the accused element did in fact practice the limitation.
6  *Compare* ECF 299-10 at 17 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
7  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉), 18 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
8  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉) *with* ECF
9  299-9 ¶¶ 146-148 (▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
10 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉); *see Blue Coat Sys.*, 2015 WL
12 3640694, at *3 ("Plaintiff's expert report merely elaborates on the manner in which DRTR allegedly
13 infringes and does not amount to a last-minute disclosure of a new infringement theory."). As
14 required by the Patent Local Rules, Finjan has specified "where and how each limitation of each
15 asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). The Court
16 highlights that the Patent Local Rules do not require perfect clarity, only reasonable notice that is
17 "as specific as possible" given the information of which a plaintiff is aware. Patent L.R. 3-1(b).
18 Finjan has met this standard.

19      **II.    '780 Patent**

20      SonicWall requests that the Court strike infringement theories concerning the '780 Patent.
21 Mot. at 6-7. SonicWall specifically requests that the Court strike ¶ 134 of Dr. Michael
22 Mitzenmacher's report as it believes this section contains theories that were not properly detailed in
23 the Operative Contentions. *Id*.

24      Asserted claim 9 of the '708 Patent recites "a communications engine for obtaining a
25 Downloadable that includes one or more references to software components required to be executed
26 by the Downloadable" and an "ID generator . . . that fetches at least one software component . . . for
27 performing a hashing function on the Downloadable and the fetched software components . . . ."
28 (the "Fetching Limitation"). SonicWall argues that Finjan improperly detailed infringement theories

for the first time in the Mitzenmacher Report. Specifically, SonicWall argues that Finjan's Operative Contentions did not "reference archive files or articulate a theory for the Fetching Limitation in which a file is extracted from an archive file and then hashed." Mot. at 6. Finjan responds that the Mitzenmacher Report does not offer a new theory of infringement but instead "provides examples of several types of files that correspond to the claimed Downloadable and hashing elements." Opp. at 7.

Upon reviewing the operative contentions and the identified sections of the Mitzenmacher Report, the Court again agrees with Finjan. *See* ECF 299-15 ¶ 134 (Mitzenmacher Report); ECF 314-22 at 2-8 (Capture ATP contentions related to Fetching Limitation); ECF 313-9 at 19-20 (same); ECF 299-14 at 2 (Email Security Appliance contentions related to Fetching Limitation). The Mitzenmacher Report states that:



ECF 299-15 ¶ 134. This theory is adequately disclosed by Finjan's contentions. Finjan's April 2018 initial contentions state that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" ECF 313-9 at 19-20. And Finjan's supplemental contentions from December 2019 state that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF 314-22 at 5. Contrary to SonicWall's argument, Finjan's Operative Contentions reference archive files as well as a theory in which a file is extracted from an archive file and hashed. *See* Patent L.R. 3-1(c). The Court finds that the Mitzenmacher Report does not present a wholly new theory in ¶ 134 in violation of the Local Rules.

4

For the foregoing reasons,

(1) The Court TERMINATES as moot SonicWall's Motion to Strike as to theory one ('305 Patent).

(2) The Court DENIES SonicWall's Motion to Strike as to theory two ('408 Patent).

(3) The Court DENIES SonicWall's Motion to Strike as to theory three ('780 Patent).

(4) The Court TERMINATES as moot SonicWall's Motion to Strike as to theory four ('154 Patent).

(5) The Court TERMINATES as moot SonicWall's Motion to Strike as to theory five (Infringement Theories Related to November 20 Order).

**IT IS SO ORDERED.**

Dated: March 12, 2021

_____
BETH LABSON FREEMAN
United States District Judge