# EXHIBIT A

**REDACTED VERSION OF DOCUMENT**

**SOUGHT TO BE SEALED**

Juanita R. Brooks (CA SBN 75934) brooks@fr.com
Roger A. Denning (CA SBN 228998) denning@fr.com
Jason W. Wolff (CA SBN 215819) wolff@fr.com
John-Paul Fryckman (CA SBN 317591) fryckman@fr.com
K. Nicole Williams (CA291900) nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*) mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SBN 248392) courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| FINJAN LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:17-cv-04467-BLF (VKD)<br><br>**PLAINTIFF FINJAN LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 5, 2021 ORDER**<br><br>Date:<br>Time:<br>Hon. Beth Labson Freeman<br>Ctrm: 3, 5th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I.   INTRODUCTION

Pursuant to Local Rule 7-9, Finjan LLC respectfully requests that the Court reconsider the portion of its Order dated March 5, 2021 concerning whether the limitations of claims 1 and 22 of the '408 Patent and claims 5 and 6 of the '305 Patent are limited only to a single computer, as opposed to multiple computers acting together as a computer system.  ECF 420 at 18:11-24:18. Specifically, the issues Finjan seeks reconsideration of are: (1) whether the Court's Order resolves a factual dispute against the non-moving party (*e.g*., whether the alleged computers are part of the accused computer system); (2) whether the Court's Order is contrary to the law regarding whether the claims permit multiple computers to be part of an accused system; and (3) whether the Court's Order is contrary to the law regarding whether claim 22 of the '408 Patent is also limited to a single computer as applied by the Court, even though it does not have the same "computer" limitations in the body recited by the Court in support of its decision for claim 1.

## II.   REQUEST FOR RECONSIDERATION

As to the first issue, the fact dispute is whether, as offered and deployed by SonicWall, (1) Capture ATP and its Gateway and (2) Capture ATP and its ESA each work together to act as a unified computer system to form the steps as Finjan alleges.  A SonicWall document depicting the relationship is shown below.  *See* ECF 329-31 at 082.  The evidence offered by Finjan shows at least a genuine dispute of material fact exists as to whether the alleged computers are configured and offered by SonicWall as a unified computer system.  *Celotex Corp. v. Catrett*, 477 U.S. 317 at 324 (1986).

[REDACTED]

ECF 329-31 Sealed Exhibit P (SonicWall-Finjan_00599079) at 082 ( [REDACTED] ); *see also* ECF 329-14 Sealed Exhibit E (SonicWall-Finjan_00549272) at 277 (" [REDACTED] "). Moreover, that these computers work together to function as a unified system was not genuinely disputed in the summary judgment motion. *See generally* ECF 319-3 at 13-16; ECF 335-3 at 6-8. The Court's March 5 Order emphasizes these are "separate, remote computers" without acknowledging that the accused computers (Capture ATP + Gateway and Capture ATP + ESA) are computers configured and deployed by SonicWall to work together as a computer system. *See, e.g.*, ECF 329-31 Sealed Exhibit P (SonicWall-Finjan_00599079) at 082 (showing Capture ATP resident with the Gateway/Firewall); ECF 329-34 Sealed Exhibit Q (SonicWall-Finjan_00373438) at 443-450 ( [REDACTED] ); ECF 329-14 Sealed Exhibit E (SonicWall-Finjan_00549272) at 277 (" [REDACTED] "); ECF 326-16 Exhibit O (SonicWall-Finjan_00000413) at 413-415 ( [REDACTED] ").

And SonicWall admits that Capture ATP was released for use with Email Security Products and gateways/firewalls.  ECF 319 at 7.

As to the second issue, the Court acknowledged that a computer or a computer system might be comprised of multiple computers.  ECF 420 at 23:4-6.  This was the holding in *Unwired Planet* and the underlying idea in *Baldwin*, which are recited and discussed in the Order.  *See Unwired Planet L.L.C. v. Google, Inc*., 660 F. App'x 974 (Fed. Cir. 2016), *Baldwin Graphic Sys. v. Seibert*, 512 F.3d 1338 (Fed. Cir. 2008).  However, when applying the law to Finjan's infringement theory, the Court applies the cases in a way that ignores the factual issue—that the SonicWall computers work together as a single computer system—and then narrows the claims to apply to a system where any particular computer in the system must be the exact same computer satisfying all of the limitations.

There was no dispute in SonicWall's densely packed motion that the limitations are alleged to be practiced by the combination of computers configured to work together.  Instead, the issue was whether each computer in the combination that comprise an infringing system must satisfy all of the limitations.  The Court cites *Baldwin* as contrary to Finjan's arguments, but Baldwin stated: "Because the initial indefinite article ("a") carries either a singular or plural meaning, <u>any later reference to that same claim element merely reflects that same potential plurality</u>."  *Baldwin* at 1343 (emphasis added).  The accused SonicWall systems are the collection of computers configured to work together as a system to perform the recited limitations; thus any computer in that system can satisfy the recited limitation.  This is why it was legal error in *Baldwin* for the district court to unduly restrict the "pre-soaked fabric roll" to a "single" roll.  As *Baldwin* explains, "the plastic sleeve could be in intimate contact with multiple fabric rolls."  *Id*.  Thus, each pre-soaked fabric roll in claim 32 of reissue patent did not have to be sealed, but they could be sealed

together—"like the plastic wrapping on a package of several hot dogs." *Id*. Accordingly, every pre-soaked fabric roll in the infringing system did not need to have its own plastic sleeve.

Similarly, the Court cites *Unwired Planet* as contrary to Finjan's arguments. There, the claim at issue was a method claim with a series of steps attributed to "a server node," similar to how claim 1 in each of the '305 and '408 Patents are structured. The district court construed the "server node" to be "one or more computers, each performing the receiving, accessing, processing, and transmitting services specified in the claims." *Unwired Planet* at 980. "The court's construction thus required that each computer perform each and every one of the claimed functions—receiving, accessing, processing, and transmitting." The Federal Circuit disagreed with this narrowing construction, finding the district court improperly imported a limitation into the claim. *Id*. The Federal Circuit found the claim "does not specify that the node must be one or more computers with <u>each performing every one of the computers' functions</u>. Nor does the claim rule out multiple computers or programs <u>working in concert to operate as the claimed server node</u>." *Id*. (emphasis added). As with the "server node" claims in *Unwired Planet*, the "computer" is the collection of computers working in concert as a unified system as alleged by Finjan. Together, working as a system as designed and combined by SonicWall, the computers collectively satisfy each limitation as alleged by Finjan.

Lastly, the Court's Order analyzes the language from claim 1 of the '408 Patent to apply equally to asserted claim 22, but the language of claim 22, while admittedly sharing the core limitations, does not share the same language found in claim 1. In contrast to the "computer" occurring multiple times in the body, as it does in claim 1, in claim 22 the "computer" is only identified in the preamble and the limitations analyzed by the Court are not found in claim 22. Respectfully, the same reasoning used by the Court to limit claim 1 does not support limiting claim 22 of the '408 Patent.

## III. CONCLUSION

For the above reasons, Finjan respectfully requests reconsideration of the Court's Order dated March 5, 2021.

Respectfully Submitted,

Dated: March 19, 2021

/s/ Jason W. Wolff
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Jason W. Wolff (CA SBN 215819)
wolff@fr.com
John-Paul Fryckman (CA 317591)
fryckman@fr.com
K. Nicole Williams (CA 291900)
nwilliams@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Proshanto Mukherji (*Pro Hac Vice*)
mukherji@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Phone: (617) 542-5070/ Fax: (617) 542-5906

Robert Courtney (CA SNB 248392)
courtney@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 335-5070 / Fax: (612) 288-9696

Attorneys for Plaintiff
FINJAN LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 19, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail and regular mail.

/s/ *Jason W. Wolff*
Jason W. Wolff
wolff@fr.com