**DUANE MORRIS LLP**
D. Stuart Bartow (SBN 233107)
Email: DSBartow@duanemorris.com
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: 650.847.4150
Facsimile: 650.847.4151

**DUANE MORRIS LLP**
Joseph A. Powers (PA SBN 84590)
Admitted *Pro Hac Vice*
japowers@duanemorris.com
Jarrad M. Gunther (PA SBN 207038)
Admitted *Pro Hac Vice*
jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215.979.1000
Facsimile: 215.979.1020

*Attorneys for Defendant*
SONICWALL INC.

**DUANE MORRIS LLP**
Matthew C. Gaudet (GA SBN 287759)
Admitted *Pro Hac Vice*
mcgaudet@duanemorris.com
Robin L. McGrath (GA SBN 493115)
Admitted *Pro Hac Vice*
rlmcgrath@duanemorris.com
John R. Gibson (GA SBN 454507)
Admitted *Pro Hac Vice*
jrgibson@duanemorris.com
David C. Dotson (GA SBN 138040)
Admitted *Pro Hac Vice*
dcdotson@duanemorris.com
Jennifer H. Forte (GA SBN 940650)
Admitted *Pro Hac Vice*
jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, LLC, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SONICWALL INC., a Delaware Corporation <br><br> Defendant. | Case No. 5:17-cv-04467-BLF-VKD <br><br> **SONICWALL, INC.'S OPPOSITION TO FINJAN'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 5, 2021 ORDER** <br><br> Date: <br> Time: <br> Dept:   Courtroom 3, Fifth Floor <br> Judge:  Hon. Beth Labson Freeman |

1    **I.   INTRODUCTION**

2          "Motions for reconsideration are generally disfavored" and should not "be used to ask the

3    Court to rethink what it has already thought." *Arakji v. Microchip Tech, Inc.*, Case No. 19-cv-

4    02936-BLF, 2019 WL 5626265 at *1 (N.D. Cal. Oct. 31, 2019).  Nevertheless, Finjan's

5    reconsideration motion repeats the same incorrect legal theories regarding multiple computers

6    satisfying the asserted claims of the '305 and '408 patents that this Court considered and rejected in

7    granting summary judgment for SonicWall.  The Court should do so again.

8          Finjan's motion also wrongly accuses the Court of resolving a factual dispute over whether

9    Capture ATP works with the SonicWall gateways or ESAs "as a unified computer system" (Dkt.

10   No. 442, p. 1). Yet Finjan never identified this new "unified computer system" theory in its

11   summary judgment opposition brief (and thus offers no cites to it), despite having had the

12   opportunity to do so.  Even if it had, as shown herein, SonicWall would still be entitled to summary

13   judgment because the asserted claims require performance of the limitations by "a computer" with

14   specific components, not a "a computer system."

15         Finally, the Court should reject Finjan's never before-asserted arguments directed to Claim

16   22 of the '408 patent in particular, as those arguments are directly contrary to the law.

17   **II.  ARGUMENT**

18         **A.  Finjan Repeats the Same Flawed Legal Arguments the Court has Already Rejected**

19         In seeking reconsideration, Finjan does not claim that the Court "manifest[ly] fail[ed]" to

20   consider "dispositive legal arguments that were presented to the Court," as required by L.R. 7-9(b).

21   *Lininger v. Pfleger*, 17-cv-03385-SVK, 2018 WL 10455692 at *2 (N.D. Cal. April 26, 2018) ("If a

22   court did, in fact, consider a party's legal arguments, then that party 'cannot show a manifest failure

23   by the [c]ourt to consider dispositive legal arguments,' for purposes of Rule 7–9(b)."). To the

24   contrary, Finjan acknowledges that the Court considered its infringement arguments regarding the

25   '305 and '408 patents, but concludes, in essence, that the Court simply got it wrong (*see* Dkt. 442,

26   pp. 3-4) ("the Court cites *Baldwin*, as contrary to Finjan's arguments"; "the Court cites *Unwired*

27   *Planet* as contrary to Finjan's arguments.").

28

                                          1

1    Courts in this district uniformly recognize that it is inappropriate to use a reconsideration

2  motion as a "vehicle for . . . taking a 'second bite at the apple.'" *See Gray v. Golden Gate National*

3  *Recreational Area*, No. C 08-00722, 2013 WL 12386896 at *1 (N.D. Cal. March 29, 2013); *Foster*

4  *v. State Bar of California*, Case No. 17-cv-02122-JSW, 2017 WL 6886194 at *1  (N.D. Cal. Aug.

5  11, 2017) ("A party may not raise arguments previously presented to the court"); *Lininger*, 17-cv-

6  03385-SVK, 2018 WL 10455692 at *2 ("Nor is reconsideration to be used to ask the Court to

7  rethink what it has already thought") (citations omitted).   Nonetheless, just as it did in its summary

8  judgment opposition brief, Finjan argues that the *Baldwin* and *Unwired Planet* cases support its

9  position that multiple different computers can satisfy the various limitations of the asserted claims

10  (Dkt. 442, pp. 3-4), and it does so despite the Court's studied conclusion that such "caselaw favors

11  SonicWall" (Dkt. No. 420, p.  20). Finjan offers no basis for the Court to "rethink what it has already

12  thought" on this issue.  *See Lininger*, 17-cv-03385-SVK, 2018 WL 10455692 at *2.

13    And the Court was correct in its conclusion.  Finjan continues to misconstrue both the

14  *Baldwin* and *Unwired Planet* cases.  With respect to *Baldwin*, the Court rightly determined that

15  when the Federal Circuit concluded that "a pre-soaked fabric roll" was not limited to a single pre-

16  soaked fabric roll, "the Federal Circuit did not suggest that each claimed pre-soaked roll was not

17  required to be saturated to equilibrium with a cleaning solvent and have a sealed sleeve" (Dkt. No.

18  420, p. 21).  While Finjan now disputes this conclusion, its arguments are directly contrary to

19  *Baldwin*'s holding.  In particular, Finjan now asserts that the *Baldwin* Court did *not* require each of

20  the three accused pre-soaked fabric rolls to satisfy the claim limitation that the pre-soaked fabric roll

21  have "a sealed sleeve" (Dkt. No. 442, p. 4) (arguing that *Baldwin* found that "every pre-soaked

22  fabric roll in the infringing system did not need to have its own plastic sleeve.").  Finjan is wrong.

23  The *Baldwin* Court did require each accused fabric roll to have a sealed sleeve in order to be a

24  claimed fabric roll; the Federal Circuit just disagreed about the character of the sealed sleeve that the

25  accused fabrics roll must each have (*i.e.*, whether each must have its own *individual* sealed sleeve):

26    Under the terms of this description, the plastic sleeve could be in intimate contact

27    with multiple fabric rolls, like the plastic wrapping on a package of several hot dogs

28    is in intimate contact with each of the hot dogs, despite the fact that the hot dogs

2

themselves contact each other as well as the packaging. Appellant's Br. at 13. ***This description contains no requirement, implicit or explicit, that the plastic sleeve must be in intimate contact with the entire fabric roll***.

*Baldwin Graphic Systems v. Siebert, Inc.*, 512 F.3d 1338, 1343 (Fed. Cir. 2008) (emphasis added). In other words, each accused fabric roll had a "sealed sleeve," as the claim required, notwithstanding that the sealed sleeve covered three rolls together and thus did not touch the entirety of any single fabric roll, something the claims did not require.  Finjan has misconstrued the opinion to hold that each accused need not have a "sealed sleeve" at all.

Finjan then repeats the same failed arguments regarding the *Unwired Planet* case that this Court already considered and rejected.  *See Lininger*, 17-cv-03385-SVK, 2018 WL 10455692 at *3 (denying reconsideration where "arguments that [plaintiff] does present are merely an attempt to reargue issues already considered by the Court.").  In particular, Finjan argues that the recited "computer" in the Asserted Claims is analogous to the "server node" in the claims at issue in *Unwired Planet*, in that both are a "collection of computers working in concert" (Dkt. No. 442, p. 4 citing *Unwired Planet L.L.C. v. Google, Inc.*, 660 F. App'x 974 (Fed. Cir. 2016)).   Yet, this Court has already (correctly) rejected the notion that the claimed "computer" of the '305 and '408 patents is analogous to the claimed "server node" addressed in *Unwired Planet*:

> Here, neither Patent '305 or '408 recites a device analogous to the 'server node' discussed in *Unwired Planet.*  Patent '305 recites a computer that includes various components while Patent '408 recites a method in which a computer, much like the server node at issue in *Unwired Planet*, performs various functions.

(Dkt. No. 420, p. 23).  This is a classic example of improperly using a reconsideration motion to take "a second bite at the apple." *See Gray*, No. C 08-00722, 2013 WL 12386896 at *1.

**B. The Court Did Not Resolve Factual Disputes**

Finjan also asserts that reconsideration is appropriate because of "a genuine dispute of material fact" over whether SonicWall offers Capture ATP in combination with either the gateways or ESA's "as a unified computer system" (Dkt. No. 442, p. 1).  According to Finjan, SonicWall

1    never disputed that such computers "work together to function as a unified system" (*id.*, p. 2).

2    Finjan's assertion is misguided.

3          As an initial matter, in opposing SonicWall's summary judgment motion, Finjan never

4    asserted that the combination of Capture ATP and the gateways or ESAs operates "as a unified

5    computer system." *Lininger*, 17-cv-03385-SVK, 2018 WL 10455692 at *2 ("motions for

6    reconsideration . . . are not the place for parties to make new arguments not raised in their original

7    briefs").  Indeed, the words "unified computer system" appear nowhere in Finjan's opposition brief.

8    In fact, neither Finjan's infringement contentions nor its expert's report on infringement contained

9    any theory that Capture ATP combined with a gateway or an ESA satisfies the claim limitations at

10   issue because they constitute a "unified computer system."  The sole basis for opposing SonicWall's

11   summary judgment was Finjan's assertion, correctly rejected by the Court, that because "a" means

12   "one or more," the asserted "claims of the '408 and '305 patents are not limited to being 'performed

13   by or located within the same computer' as SonicWall alleges," and thus, "one or more computers

14   located at separate locations could satisfy" the claim limitations (Dkt. 326, pp. 9, 11).  It is improper

15   for Finjan to move for reconsideration on a new theory it did not raise in its summary judgment

16   opposition brief. *Lininger*, 17-cv-03385-SVK, 2018 WL 10455692 *2 ("motion

17   for reconsideration does not allow a litigant to present new arguments unless a material difference in

18   fact or law exists from that which was presented to the [c]ourt, or new facts have emerged or a

19   change of law has occurred after the order was issued") (citations omitted).

20         Moreover, even if Finjan had raised this "unified computer system" theory, SonicWall would

21   still be entitled to summary judgment.  This new, evidence-free theory appears to posit that

22   computers that communicate with each other can be considered a "unified computer system."  Even

23   if true, however, this would not change the Court's analysis.  The asserted claims of the '305 patent

24   recite specific physical components housed within "a computer"; they do not (as Finjan's new theory

25   presupposes) recite: "a network interface, housed within ***a computer system***, for receiving incoming

26   content from the Internet on its destination to an Internet application running on ***the computer***

27   ***system***," and "a database of parser and analyzer rules corresponding to computer exploits, stored

28   within ***the computer system***."  Nor do the claims of the '408 patent recite "receiving, ***by a computer***

4

1    *system*, an incoming stream of program code," "determining, ***by the computer system***, any specific

2    one of a plurality of programming languages," etc.  If they had, Finjan's arguments might have

3    merit, as a claimed "computer system" would be much more analogous to the claimed "server node"

4    addressed in *Unwired Planet*.  Instead, the asserted claims all recite that the limitations at issue

5    appear in or are performed by "a computer."  Thus, even if the Court were to assume that Capture

6    ATP together with a gateway or ESA forms a "unified computer system," the ***claims*** still require that

7    "a computer" within that unified computer system satisfy the claim limitations.  Thus, to establish

8    that the accused "unified computer system" satisfies the claims of the '305 patent, Finjan would have

9    to show exactly what it has failed to show – that within the unified computer system, there is a

10   computer that houses the network interface, has an internet application running on it, and stores a

11   database of parser and analyzer rules.  Similarly, for the accused "unified computer system" to

12   satisfy the claims of the '408 patent, Finjan would have to show that within the unified computer

13   system, the computer that performs the receiving step likewise performs the determining,

14   instantiating, identifying, dynamically building, dynamically detecting, and indicating steps.

15   However, Finjan has not made and cannot make that showing for the accused combinations, which is

16   why the Court correctly granted summary judgment for those combinations.

17           **C.  The Court Should Reject Finjan's New Argument For Claim 22 of the '408 Patent.**

18           Finjan asks the Court to reconsider its summary judgment ruling with respect to claim 22 of

19   the '408 patent, asserting that claim 22 has distinct claim language that differentiates it from claim 1.

20   Once again, this is a new argument that Finjan did not raise in its summary judgment opposition

21   brief, in which Finjan did nothing to differentiate claim 22 from claim 1.  *Lininger*, 17-cv-03385-

22   SVK, 2018 WL 10455692 at *2 ("motions for reconsideration . . . are not the place for parties to

23   make new arguments not raised in their original briefs").  Having failed to raise it during summary

24   judgment briefing, Finjan has waived the right to raise this new argument in a reconsideration

25   motion.  Moreover, Finjan is wrong on the merits.  The plain language of claim 22, like claim 1,

26   requires each recited limitation to be performed by "a computer." *See* '408 patent, claim 22

27   ("program code for causing ***a computer*** to perform the steps of . . . .") (emphasis added).

28

Dated:  March 26, 2021

Respectfully Submitted,

*/s/ Nicole E. Grigg*
Nicole E. Grigg (formerly Johnson)
Email: NEGrigg@duanemorris.com
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194

Matthew C. Gaudet (*Pro Hac Vice*)
Email: mcgaudet@duanemorris.com
Robin L. McGrath (*Pro Hac Vice*)
Email: rlmcgrath@duanemorris.com
John R. Gibson (*Pro Hac Vice*)
jrgibson@duanemorris.com
David C. Dotson (*Pro Hac Vice*)
Email: dcdotson@duanemorris.com
Jennifer H. Forte (*Pro Hac Vice*)
Email: jhforte@duanemorris.com
1075 Peachtree Street, Ste. 2000
Atlanta, GA  30309

Joseph A. Powers (*Pro Hac Vice*)
Email: japowers@duanemorris.com
Jarrad M. Gunther (*Pro Hac Vice*)
Email: jmgunther@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103

*Attorneys for Defendant*
SONICWALL INC.

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of **SONICWALL, INC.'S OPPOSITION TO FINJAN'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 5, 2021 ORDER** was served by ECF on all counsel of record on March 26, 2021.

*/s/ Nicole E. Grigg*
Nicole E. Grigg

7