# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC.,<br><br>Defendant. | Case No. 17-cv-04467-BLF<br><br>**ORDER GRANTING MOTION FOR JUDGMENT OF INVALIDITY BASED ON COLLATERAL ESTOPPEL**<br><br>[Re: ECF 479] |

Before the Court is the motion of Defendant SonicWall, Inc. ("SonicWall") for a judgment of invalidity of U.S. Patents 6,154,844 (the "'844 Patent"), 6,804,780 (the "'780 Patent"), and 8,677,494 (the "'494 Patent") based on collateral estoppel. Mot., ECF 479, Exh. A; *see also* Reply, ECF 479, Exh. C. Plaintiff Finjan LLC ("Finjan") opposes. Opp., ECF 479, Exh. B.

**I.   BACKGROUND**

On August 4, 2017, Finjan filed suit against SonicWall for the infringement of ten patents. Since then, the parties have engaged in extensive litigation, *see* Order on Motion for Summary Judgment, ECF 381; Order on Motion to Strike, ECF 413; Order on Motions *in Limine*, ECF 470, with trial set for early 2022, *see* ECF 463. On March 23, 2021, Judge Bencivengo issued a summary judgment order invalidating the '844 and '780 Patents, along with U.S. Patents 8,079,086 (the "'086 Patent"), 9,189,621 (the "'621 Patent"), and 9,219,755 (the "'755 Patent") (collectively, the "Invalidated Patents"), as indefinite based on the term "Downloadable." *Finjan, Inc. v. ESET, LLC*, Case No. 3:17-cv-0183-CAB-BGS, ECF 869 ("ESET Order") at 8.

The ESET Court based its decision on its construction of "Downloadable" as "a small executable or interpretable application program which is downloaded from a source computer and run on a destination computer," which is the express definition set forth in U.S. Patents 6,167,520

("'520 Patent") and 6,480,962 ("'962 Patent") that the Invalidated Patents incorporate by reference. ESET Order at 2-5. The court then considered "whether a skilled artisan in 1997 would have understood with reasonable certainty based on the specification and prosecution history what the inventor meant by a 'small' application program and therefore understood what comes within the scope of the claims." *Id*. at 6. The court answered this query in the negative, explaining that Finjan's proffered explanation—that "'small' depends not on size but on the function" and that a small executable does not require installation—was without "support from the specification, the prosecution history, or from any extrinsic sources in the relevant time period." ESET Order at 7-8. It concluded

> Finjan never offered evidence of a reasonable range for the size of a small executable or interpretable application program as understood by a skilled artisan in 1997 based on examples provided in the patent specification. Instead, Finjan elected at trial to offer a new understanding without reference to the size of the application as the objective boundary of a "small" application. Finjan's new definition is not supported by the specification or prosecution history. It may be convenient to support Finjan's infringement contentions against ESET's accused devices, but Finjan's new explanation does provide clear notice of what constitutes a "small executable or interpretable application program."

ESET Order at 8. The court denied Finjan's motion for reconsideration on May 19, 2021. *Finjan, Inc. v. ESET, LLC*, Case No. 3:17-cv-0183-CAB-BGS, ECF 874 ("Reconsideration Order"). The court entered Judgment on the Invalidated Patents on May 20, 2021. *Id*., ECF 875.

SonicWall now "seeks judgment that the '844 and '780 Patents are invalid based on the ESET Order and that the '494 Patent is invalid based on the same "issue" resolved against Finjan in the ESET Order." Mot. at 1.

II.   **LEGAL STANDARD**

The doctrine of collateral estoppel, also known as issue preclusion, conserves judicial resources by precluding relitigation of issues that have already been decided in a prior proceeding. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980), *Molinaro v. Fannon/Courier Corp.,* 745 F.2d 651 (Fed.Cir.1984), *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700 (Fed.Cir.1983). When applying

2

collateral estoppel law in a patent infringement case, the law of the circuit in which the district court sits controls. *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013). "However, for any aspects that may have special or unique application to patent cases, Federal Circuit precedent is applicable." *Id.* (citations omitted). Defensive collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue of claim construction where: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).[1]

### III. DISCUSSION

#### A. The '844 and '780 Patents

SonicWall's argument is straightforward: "The ESET Order satisfies [all] elements for collateral estoppel for the '844 and '780 Patents and already qualifies as a 'final judgment' for purposes of collateral estoppel. This Court therefore should enter judgment of invalidity." Mot. at 2 (internal citations omitted). Finjan objects, arguing that the ESET Order is not sufficiently firm. Opp. at 3-4. In other words, the parties quibble only as to whether the first proceeding ended with a final judgment on the merits. *See* Reply at 1.

It is well settled that "[t]o be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291." *Luben Industries, Inc. v. United States*, 707

---

[1] SonicWall applies the four-element collateral estoppel standard detailed in *Oyeniran v. Holder*. 672 F.3d 800, 806 (9th Cir. 2012) *as amended* (May 3, 2012). Under this standard, to foreclose relitigation of an issue under collateral estoppel, four conditions must be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). For claim construction, however, district courts in this circuit have consistently applied the standard articulated more recently in *Hydranautics. See, e.g., e.Digital Corp. v. Futurewei Techs., Inc.*, 772 F.3d 723, 726 (Fed. Cir. 2014) (affirming a California district court decision that applied the *Hydranautics* standard); *Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 5781915, at *2 (N.D. Cal. Oct. 15, 2019) (applying *Hydranautics* standard); *UCP Int'l Co. Ltd. v. Balsam Brands, Inc.*, No. 16-cv-07255-WHO, 2017 WL 5068568, at *3 (N.D. Cal. Nov. 3, 2017) (same); *West v. Quality Gold, Inc.*, No. 5:10-cv-03124-JF (HRL), 2011 WL 6055424, at *2 (N.D. Cal. Sept. 16, 2011) (same); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2010 WL 4510909, at *3 (N.D. Cal. Nov. 1, 2010) (same); *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C04-02123MJJ, 2007 WL 1239220, at *11 (N.D. Cal. Apr. 27, 2007) (same).

F.2d 1037, 1040 (9th Cir. 1983). Rather, "[a] 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." *Id*. (citations omitted); *see also In re Lockard*, 884 F.2d 1171, 1175 (9th Cir.1995). The Ninth Circuit has set forth several factors that should be considered when determining whether an order is sufficiently firm: "(1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal. *Luben Industries,* 707 F.2d at 1040. "Finality will be lacking if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination, or if the court has decided that the plaintiff should have relief against the defendant of the claim but the amount of the damages, or the form or scope of other relief, remains to be determined." Restatement (Second) of Judgments § 13 (1982).

After considering the authorities and facts cited by the parties, the Court concludes that these factors counsel in favor of conferring preclusive effect to the ESET Order. There can be no dispute that the ESET Order was a well-reasoned opinion. *See generally* ESET Order. Nor can there be dispute that it was not avowedly tentative. *Id*. The ESET Order is also subject to appeal and, indeed, is currently on appeal to the Federal Circuit. *Finjan, Inc. v. ESET, LLC*, Case No. 3:17-cv-0183-CAB-BGS, ECF 878 ("Notice of Appeal"); *see In re Lockard*, 884 F.2d at 1175 ("that the decision was subject to appeal or was in fact reviewed on appeal [is a] factor[] supporting the conclusion that the decision should be given preclusive effect."). These factors clearly tilt in favor of applying collateral estoppel.

The remaining factor to consider is whether the parties were sufficiently heard. More concretely, the question before the Court is whether Finjan was sufficiently heard when the ESET Court determined Patents '844 and '780 were indefinite. The Court finds that it was. In its indefiniteness ruling, the ESET Court considered both ESET's motion for summary judgment and Finjan's motion for reconsideration. ESET Order; Reconsideration Order. While Finjan suggests that the ESET Order is "based on an incomplete presentation of the evidence," a review of both orders and the supporting papers suggests otherwise. Indeed, the ESET Court explicitly rejected Finjan's argument that the "finding of indefiniteness is based on an incomplete presentation of the

4

evidence because the Court evaluated only the testimony of Dr. Eric Cole, Finjan's expert on infringement on one of the five Asserted Patents (the '844 Patent)." *Finjan, Inc. v. ESET, LLC*, Case No. 3:17-cv-0183-CAB-BGS, ECF 872 at 4 ("Motion for Reconsideration"). The court explained:

> The Court did not shift the burden of proving validity to Finjan, but rather concluded that ESET demonstrated by clear and convincing evidence that Finjan's inconsistent interpretations of a claim term employed in its infringement analyses established that the term was indefinite. Finjan's proffer that it could offer still further testimony to explain the lack of consensus among its own experts in construing the term only serves to underscore the lack of certainty among those of skill in the art, making the term indefinite and the Court's entry of summary judgment correct.

Reconsideration Order at 3. In other words, the ESET Court was motivated by inconsistent interpretations of a claim term. Additional expert testimony, the court explained, would not rectify this flaw. *See id*.

The Court thus enters a judgment of invalidity as to the '844 and '780 Patents.

**B. The '494 Patent**

The remaining question before the Court is whether the ESET Order's preclusive reach extends to the '494 Patent. SonicWall argues that the ESET Order satisfies the collateral estoppel elements for the '494 Patent. Mot. at 3. To this end, it highlights that "the '494 Patent has the same intrinsic record on which the ESET Order relied" and that its stipulation as to a different construction of the term 'Downloadable' is irrelevant. *Id*. at 3-5. Finjan responds that "[t]he Court has discretion to decline to apply collateral estoppel, even if it finds the Ninth Circuit factors are satisfied. Here, considerations of fairness and uniformity counsel against applying the collateral estoppel bar to the '494 Patent." Opp. at 4. Finjan further argues that "this Court has construed the term 'Downloadable' in the claims of the '494 Patent the same way seven of the eight courts have construed that term, i.e., one that does not include the term 'small.'" *Id*. It also argues that SonicWall "has consistently advocated for the construction of 'Downloadable' that this Court adopted, even after the ESET Court entered its outlier construction." *Id*. at 5.

As an initial matter, the Court finds that the Ninth Circuit elements are satisfied as to the

5

1  '494 Patent. The ESET Order, as explained above, is sufficiently firm to be considered a final
2  judgment on the merits. *Hydranautics*, 204 F.3d at 885. (requiring that "the first proceeding ended
3  with a final judgment on the merits"). And Finjan, the party against whom collateral estoppel is
4  asserted, was a party in the ESET case. *Id*. (requiring that "the party against whom collateral estoppel
5  is asserted was a party or in privity with a party at the first proceeding"). The Court also finds that
6  "the issue necessarily decided at the previous proceeding is identical to the one which is sought to
7  be relitigated" *Id*. A ruling on an issue in a prior judgment can have preclusive effect even if the
8  issue is raised in a later case involving different patents and different claims. *See Ohio Willow Wood
9  Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). The patent claims need not be identical,
10 but "substantially related" so that the issues of validity are materially the same. *Id*. "If the differences
11 between the unadjudicated patent claims and adjudicated patent claims do not materially alter the
12 question of invalidity, collateral estoppel applies." *Id*. The ESET Court invalidated Patents '844,
13 '780, '086, '621, and '755 because the claim language of those patents incorporated the '520 Patent
14 definition of "Downloadable," which was limited in scope to "small executable or interpretable
15 application programs." ESET Order at 4. The ESET Court emphasized that Patents '844, '780, '086,
16 '621, and '755 were invalid because "[i]nconsistent language used later cannot support a broad claim
17 construction"—i.e., one that did not limit an executable by size—"when the explicit definition is
18 incorporated from earlier patents in the family tree." *Id*. There is no dispute that the '494 Patent is
19 part of this same family tree of patents incorporating the '520 Patent definition of "Downloadable."
20 *See generally* Opp. This Court finds that the ESET Court spoke directly to the question before the
21 Court now: whether the '494 Patent is invalid arising from the indefiniteness of the term
22 "Downloadable." *See Ohio Willow*, 735 F.3d at 1342 ("Our precedent does not limit collateral
23 estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated
24 that determines whether collateral estoppel should apply."); *see also* Mot. at 3 ("To bring this issue
25 into clear focus, if Finjan had asserted the '494 Patent in the ESET case, the ESET Order already
26 would have held the '494 Patent invalid.").
27       This conclusion is unchanged by Finjan's invitation to the Court to decline to apply collateral
28 estoppel. Finjan contends that "considerations of fairness and uniformity counsel against applying

6

the collateral estoppel bar to the '494 Patent." Opp. at 4. The Court recognizes that the parties here stipulated to a claims construction that did not implicate the '520 Patent definition of "Downloadable," but the Federal Circuit has made clear that "the defense of collateral estoppel based on a final judgment of patent invalidity in another suit can 'be timely made at any stage of the affected proceedings.'" *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1579-80 (Fed. Cir. 1994), *as corrected on reh'g* (Sept. 14, 1994) (internal citations omitted). And Finjan does not cite any case where a district court declined to apply collateral estoppel to the invalidation of a patent even where the prior ruling satisfied all elements of collateral estoppel. *See, e.g.,* Opp. at 5 (providing examples of where courts *chose to apply* collateral estoppel). The Court thus enters a judgment of invalidity as to the '494 Patent.

## IV. ORDER

For the foregoing reasons, the Court finds that the ESET Order has a preclusive effect as to the indefiniteness of the term "Downloadable" in the '844, '780, and '494 Patents. The Court GRANTS SonicWall's motion for judgment of invalidity and enters judgment that the '844, '780, and '494 Patents are invalid.

Dated: July 22, 2021

BETH LABSON FREEMAN
United States District Judge