1   Juanita R. Brooks (CA SBN 75934)
    brooks@fr.com
2   Roger A. Denning (CA SBN 228998)
    denning@fr.com
3   Jason W. Wolff (CA SBN 215819)
    wolff@fr.com
4   John-Paul Fryckman (CA 317591)
    fryckman@fr.com
5   K. Nicole Williams (CA 291900)
    nwilliams@fr.com
6   FISH & RICHARDSON P.C.
    12860 El Camino Real, Ste. 400
7   San Diego, CA 92130
    Telephone: (858) 678-5070
8   Facsimile:  (858) 678-5099

9   Proshanto Mukherji (Admitted *Pro Hac Vice*)
    mukherji@fr.com
10  FISH & RICHARDSON P.C.
    One Marina Park Drive
11  Boston, MA 02210
    Telephone: (617) 542-5070
12  Facsimile:  (617) 542-5906

13  Robert Courtney (CA SNB 248392)
    courtney@fr.com
14  FISH & RICHARDSON P.C.
    3200 RBC Plaza
15  60 South Sixth Street
    Minneapolis, MN 55402
16  Telephone: (612) 335-5070
    Facsimile:  (612) 288-9696
17
    Attorneys for Plaintiff
18  FINJAN LLC

Nicole E. Grigg (CA SBN 233107)
negrigg@duanemorris.com
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847 4150
Facsimile:  (650) 847 4151

Matthew C. Gaudet (Admitted *Pro Hac Vice*)
mcgaudet@duanemorris.com
John R. Gibson (Admitted *Pro Hac Vice*)
jrgibson@duanemorris.com
Robin L. McGrath (Admitted *Pro Hac Vice*)
rlmcgrath@duanemorris.com
David C. Dotson (Admitted *Pro Hac Vice*)
dcdotson@duanemorris.com
Jennifer H. Forte (Admitted *Pro Hac Vice*)
jhforte@duanemorris.com
DUANE MORRIS LLP
1075 Peachtree Street, Ste. 1700
Atlanta, GA 30309
Telephone: (404) 253 6900
Facsimile:  (404) 253 6901

Joseph A. Powers (Admitted *Pro Hac Vice*)
japowers@duanemorris.com
Jarrad M. Gunther (Admitted *Pro Hac Vice*)
jmgunther@duanemorris.com
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103

Telephone: (215) 979 1000
Facsimile:  (215) 979 1020

Attorneys for Defendant
SONICWALL INC.

19

20

21                   UNITED STATES DISTRICT COURT

22                  NORTHERN DISTRICT OF CALIFORNIA

23                        (SAN JOSE DIVISION)

24  FINJAN LLC., a Delaware Limited Liability     Case No. 5:17-cv-04467-BLF-VKD
    Company,
25                                                **STIPULATION AND [PROPOSED]**
                 Plaintiff,                       **ORDER**
26
         v.
27
    SONICWALL, INC., a Delaware Corporation,
28
                 Defendant.

1    Pursuant to Civil Local Rule 7-12 and Federal Rule of Civil Procedure 54, and in view of
2    the Court's orders addressing summary judgment and claim construction in this case, the parties
3    have met and conferred and hereby offer the following stipulation.

4    1.    The Court has entered dispositive orders as to all claims brought by Finjan in this
5    case, except for: (a) Finjan's claims of infringement under the '926 Patent relating to the
6    combination of a SonicWall Gateway with SonicWall's Capture ATP product; and (b) Finjan's
7    claims of infringement under the '408 Patent relating to SonicWall's Capture ATP product
8    standing alone (i.e., not combined with any SonicWall Gateway).

9    2.    **As to Finjan's remaining infringement claims under the '926 Patent:** The Court
10   has previously determined in the context of the '494, '844, and '780 Patents that "SonicWall
11   Gateways do not receive 'Downloadables'" under the construction of the term Downloadable.
12   (Summ. J. Order of Mar. 5, 2021).  The parties stipulate and agree that, solely as to the issue of
13   interpreting the claim limitation "a receiver for receiving an incoming Downloadable" in the
14   asserted claims, the Court's determination that "SonicWall Gateways do not receive
15   'Downloadables'" applies to the asserted claims of the '926 Patent.  Finjan further stipulates that
16   under the determination made in the Court's Summary Judgement Order of March 5, 2021, Finjan
17   is unable to present evidence sufficient to prove infringement of the '926 Patent by SonicWall.  In
18   view of the foregoing, and with a shared understanding that Finjan's stipulated inability to prove
19   infringement of the '926 Patent by the combination of a SonicWall Gateway with SonicWall's
20   Capture ATP product is based solely on the interpretation of the "receiving" limitation as set forth
21   above and the Court's other orders, the parties stipulate and agree that judgment for SonicWall is
22   warranted as to Finjan's claims for infringement of the '926 Patent, and so move for the same.

23   3.    **As to Finjan's remaining infringement claims under the '408 Patent:** Finjan
24   withdraws its contention that SonicWall's Capture ATP product, standing alone, practices each
25   and every limitation of the asserted '408 Patent claims.  The parties stipulate and agree that such
26   withdrawal is without any concession as to any individual limitation, or any subset of limitations,
27   for any asserted claim, and further that each party shall bear its own costs and fees for the
28   withdrawn contentions.  In view of said withdrawal, the Court's previous orders fully dispose of

2    STIPULATION AND [PROPOSED] ORDER
     Case No. 5:17-cv-04467-BLF-VKD

1   Finjan's claims for infringement of the '408 Patent.  The parties therefore stipulate and agree that

2   judgment for SonicWall is warranted as to Finjan's claims for infringement of the '408 Patent, and

3   so move for the same.

4      4.      **Stipulated motion for entry of final judgment.** The parties jointly agree that the

5   Court's orders to date, combined with the stipulations above, leave Finjan unable to establish

6   SonicWall's liability for any of Finjan's remaining claims in the present case.  Finjan notes that it

7   has not yet had an opportunity to submit any of the Court's orders for appellate review, and

8   reserves its ability to prove SonicWall's liability should a court of appeals modify the Court's

9   orders.  On that basis, and so as to enable appellate review, the parties jointly agree that should the

10  Court approve said stipulations, final judgment for SonicWall on all claims would be

11  warranted, with each party bearing its own attorney fees and case expenses in connection with the

12  claims of the '926 and '408 Patents subject to this stipulation, except such costs that are

13  recoverable by SonicWall as the prevailing party, and so move for the same.

14      IT IS THEREFORE HEREBY STIPULATED pursuant to Civil Local Rule 7-12 and

15  Federal Rule of Civil Procedure 54 by and among the parties, and the parties do jointly hereby

16  request that the Court enter an order that:

17      1.      The Court's determination that "SonicWall Gateways do not receive

18          'Downloadables'" in connection with the '494, '844, and '780 Patents should, and

19          hereby does, control the interpretation of the limitation "a receiver for receiving an

20          incoming Downloadable" in the asserted claims in the asserted claims of the '926

21          Patent.  Finjan having stipulated that it is unable to prove infringement under such

22          an interpretation, and in view of the Court's previous orders addressing the '926

23          Patent, the Court finds that SonicWall does not infringe the asserted claims of the

24          '926 Patent.

25      2.      Finjan having withdrawn its contention that SonicWall's Capture ATP product,

26          standing alone, practices each and every limitation of the asserted '408 Patent

27          claims (without concession as to any individual limitation or subset of limitations),

28

3     STIPULATION AND [PROPOSED] ORDER
Case No. 5:17-cv-04467-BLF-VKD

1    and in view of the Court's previous orders addressing the '408 Patent, the Court

2    finds that SonicWall does not infringe the asserted claims of the '408 Patent.

3       3.     The determinations above, combined with the Court's previous orders, resolve all

4    of Finjan's claims against SonicWall in the present case.  The Court will enter final

5    judgment for SonicWall on all claims, with each party bearing its own attorney fees

6    and case expenses except such costs that are recoverable by SonicWall as the

7    prevailing party.

8

9    Dated:  September 3, 2021          FISH & RICHARDSON P.C.

10

11             By:  */s/ Juanita R. Brooks*

12                   Juanita R. Brooks
                brooks@fr.com

13             Attorney for Plaintiff
          FINJAN LLC

14

15   Dated:  September 3, 2021          DUANE MORRIS LLP

16

17             By:  */s/ Matthew C. Gaudet*

18                   Matthew C. Gaudet
                mcgaudet@duanemorris.com

19             Attorney for Defendant
          SONICWALL INC.

20

21        Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of perjury

22   that concurrence in the filing of this document has been obtained from counsel for Sonicwall.

23   Dated:  September 3, 2021          FISH & RICHARDSON P.C.

24

25             By:  */s/ Juanita R. Brooks*

26                   Juanita R. Brooks
                brooks@fr.com

27             Attorney for Plaintiff
          FINJAN LLC

28

1

**[PROPOSED] ORDER**

2

3   PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

4

5   DATED this _____ day of _____, 2021.

6

7
    _____
    The Honorable Beth Labson Freeman
8   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28